# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------:
SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,                 11 Civ. 4723 (JFB)(GRB)

    -against-

                                             ECF CASE

THE NIR GROUP, LLC; COREY RIBOTSKY; and
DARYL DWORKIN,

                Defendants,
-----------------------------------------------------------------:

## DECLARATION OF JESSE R. GOTTLIEB

I, Jesse R. Gottlieb, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am 72 years old, and am employed as a life insurance broker at Your Consultant Services, LLC, a family-owned insurance brokerage firm headquartered in New York, New York. I make this declaration in connection with the matter captioned above involving the NIR Group, LLC ("NIR") and the various investment funds it managed. I currently reside at 910 Fifth Avenue, Apt 4A, New York, New York 10021.

2. I invested in AJW Qualified Partners, LLC fund, through four accounts: (1) the Jesse Gottlieb IRA; (2) Gloria and Jesse Gottlieb IRA; (3) a personal account for Gloria Gottlieb and; (4) Gloria and Jesse Gottlieb Family Foundation. Each investment was made by wiring funds from my US bank account to a domestic NIR US bank account.

3. Prior to making these investments, I had several communications with NIR personnel. I had several conversations with Corey Ribotsky in which I understood that Mr. Ribotsky was calling me from his Roslyn, New York office. I received from NIR's New York office numerous written materials describing the NIR funds and their investment strategy prior to investing.

4. I also attended a meeting at NIR once after my investments had been made, sometime in 2006.

5. At some point in early 2008 I began asking to redeem my investments. During this period, from March 2008 through September 2008, I had numerous telephone conversations and email communications with Corey Ribotsky, in which Mr. Ribotsky kept pressuring me not to redeem my investments, by advising me that the funds were doing well and were poised for substantial growth.

6. I was advised in 2007 that the funds were contemplating converting into a master feeder fund structure. At no time was I advised that one of the funds had insufficient cash on hand to meet outstanding redemption requests and that the other fund did; nor did I understand that after the conversion the available cash on hand for each of the funds would be commingled for this or any other purpose. Nothing I received from NIR communicated this fact to me.

7. This is a fact I would have wanted to know in determining whether or not to consent to having my investment transferred to the new structure. Had these facts been disclosed to me, I would not have agreed to the conversion of my investment and I would have sought to redeem all of my investments immediately.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16th, 2012
New York, New York

_____
Jesse Gottlieb

2