

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0041

June 27, 2012

**By ECF**
The Honorable Gary R. Brown – Magistrate Judge
United States District Court - Eastern District of New York
100 Federal Plaza, Central Islip, New York 11722

Re:   SEC v. The NIR Group, et al., 11-cv-4723 (JFB)(GRB)

Dear Magistrate Judge Brown:

Pursuant to Your Honor's Individual Rule II. B., we write to raise several serious discovery deficiencies by Defendants The NIR Group, LLC ("NIR") and Corey Ribotsky ("Ribotsky") (collectively "Defendants"). The parties' good-faith efforts to resolve these issues in accordance with Local Civil Rules 26.4 and 37.3(a) and FRCP 37(a)(1) have proven futile.[1]

**A.   Defendants have Refused to Produce Relevant Income Tax Returns**

A central issue is whether Ribotsky misappropriated over $1 million from a hedge fund he alone managed (*See* Comp. at ¶¶ 1-2, 39-43, 91-96). Documents relevant to this claim include complete copies of filed federal and state income tax returns for both Defendants and the income tax returns for the related NIR hedge funds and fund managers.[2]

It is well-settled that tax returns are not *per se* privileged. *SEC v. Cymaticolor Corp.,* 106 F.R.D 545, 547 (S.D.N.Y. 1985). Tax returns must be produced if "the returns are relevant to the subject matter of the action; and . . . there is a compelling need for the returns because the information contained therein is not otherwise obtainable." *Id.* Moreover, disclosure of tax returns is warranted where, as here, "the returns provide the only efficient means of obtaining the information." *Id*. at 549; *see also U.S. v. Raj Rajaratnam*, 753 F. Supp. 2d 317, 322-25 (S.D.N.Y. 2011) (tax returns relevant to establish whether financial benefit was derived from alleged fraudulent conduct and whether fiduciary duty violated); *In Re Penthouse Executive Club Compensation*, 2012 U.S. Dist. LEXIS 61688 (S.D.N.Y. April 30, 2012).

These materials are relevant for several reasons. First, they are relevant as to how the funds taken by Ribotsky were treated on his tax returns (*i.e.*, whether as income, a loan, or

---

[1]   Copies of the parties' prior correspondence on these issues, dated February 9, March 23, April 6, May 4, and May 23, 2012 are attached as Exhibits 1-5.

[2]   Specifically, the SEC is seeking an order to compel production of the following tax returns for the years 2004 through the present: The NIR Group, LLC; Corey Ribotsky; Equilibrium Equity, LLC; AJW Partners, LLC I & II; AJW Qualified Partners, LLC I & II; New Millennium Capital Partners, LLC II & III; AJW Master Fund, Ltd. I & II; AJW Manager, LLC; SMS Group, LLC and First Street Manager, LLC (I-III). There are apparently no income tax returns concerning the AJW Offshore, Ltd. I & II funds.

otherwise). The tax returns for the various relevant funds and the fund manager will also help demonstrate how these funds were taken, how they were treated, and whether they were disclosed. Moreover, Defendants' auditors audited all of the entities at issue *and* prepared all of the related tax returns. Thus, if the receipt of these funds was legitimate, the books and records of the audit team should reconcile with corresponding income disclosures in the tax returns. Finally, these documents are relevant to the calculation of the monetary relief sought from Defendants (*See* Ex. 4 at 2). Yet despite their apparent relevance, Defendants have only agreed to produce (but have not actually done so) Equilibrium tax returns from 2004-2008 (*See* Ex. 5).

Second, the information in the returns is not otherwise readily obtainable by the SEC. While a large portion of the conduct alleged in the Complaint occurred in 2008, no audited financial statements have been issued since 2007; in any event, those statements lack the necessary details concerning the funds/fund managers at issue. Therefore, the SEC requests the Court Order the Defendants to produce all of the requested income tax returns, on or before July 26, 2012 (or two weeks after the scheduled July 12, 2012 hearing).

**B.     Defendants Refuse To Provide The SEC With A Privilege Log**

FRCP 26(b)(5) requires a party to provide a privilege log when discoverable information is withheld on the basis of privilege. Yet Defendants continue to refuse to produce one, almost six months after being asked to do so. *See Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (privilege log necessary so parties can properly assess the validity of privilege claims to documents warranting non-disclosure); *AIA Holdings, S.A., et al. v. Lehman Brothers, Inc. et al.,* 2002 U.S. Dist. LEXIS 20107 at *15 (S.D.N.Y. October 18, 2002) (privilege logs prevents parties and the Court to guess the nature of what documents are being withheld).

Defendants' prior counsel conceded that several thousands of pages of documents and emails were withheld during the investigation without asserting any grounds for privilege, and Defendants were advised of this on April 6, 2012 (assuming they were not already aware of this fact) (*See* Ex. 1).[3] Despite repeated requests, Defendants still have not provided a privilege log or even explained how many otherwise responsive documents and emails were withheld (*See* Exs. 2 & 3).[4] Therefore, the SEC requests that the Court Order Defendants to provide a privilege log on or before July 26, 2012.

**C.     Defendants Refuse to Make Documents Available for Inspection and Copying**

The SEC's initial document requests were served on February 13, 2012. Despite repeated written and oral requests by the SEC, Defendants have violated FRCP 34 by not making documents available for inspection and copying (*See* Ex. 2; Ex. 3 at p.2-3). Specifically, while

---

3   Defendant's prior counsel only provided a privilege log concerning 2008 emails and 2008-2009 emails concerning one individual relevant to the investigation and this action.
4   However, "[f]ailure to timely provide a privilege log may operate as a waiver" of the privilege. *Strauss v. Credit Lyonnais S.A.*, 242 F.R.D. 199, 235-36 (E.D.N.Y. 2007); *In Re Chevron Corp.*, 749 F. Supp.2d 170, 182-85 (S.D.N.Y. 2010) (failure to provide privilege log when prompted by opposing party with no demonstration of undue burden or request for extension resulted in waiver of privilege).

Defendants agreed to produce several categories of documents (including stock conversion requests, due diligence materials, electronic QuickBooks files and tax returns concerning one NIR entity), none of these have yet been made available.

Furthermore, not only should Defendants be compelled to make these documents available *post haste*, Defendants should be compelled to first provide the SEC with an index organizing the documents.  Defendants have advised the SEC that most of their responsive documents are in paper format and will likely exceed 200 boxes but have refused to provide the SEC with an index for these documents (notwithstanding that the SEC provided Defendants with a 20 page document production index setting out what documents were available in extensive detail).

A party cannot simply dump all the documents it possesses in a room and tell the other side to hunt among them for relevant responses.  Rule 34 requires parties to produce documents "organized by subject matter or category.  The provision prohibits 'simply dumping large quantities of unrequested materials onto the discovery party along with the items actually sought.'" *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009) (internal citations omitted).  It forbids what Defendants seek to do here:  organize a massive document dump with absolutely no guide as to which documents refer to which Requests, or without any basis for determining which documents are relevant to the issues in the litigation.  *See also Residential Constructors, LLC v. ACE Property  Cas. Ins. Co.*, 2006 WL 1582122, *2 (D. Nev. June 5, 2006) (parties cannot comply with Rule 34 with a massive production but must provide "some form of table of contents or index of the materials produced"); *In Re Adelphia Comm. Corp.,* 338 B.R. 546, 551 (S.D.N.Y. Bankr. 2005)(same) ("Court does not endorse a method of document production that merely gives the requesting part access to a 'document dump.'").  The SEC has produced an extensive, 20 page index of all its documents; simple fairness should require Defendants to do the same.

Given the September 28, 2012 close of fact discovery, failing to provide a document production index at this late date will only serve to frustrate and delay the SEC's ability to complete discovery.  What's more, this will only serve to compound Defendants' FRCP Rule 34 violation described above.

              Respectfully Yours,

              /s/ Kenneth Byrne


cc:  counsel for defendants (Via ECF)