IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 13 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X:
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

- against -

THE NIR GROUP, LLC; COREY RIBOTSKY;
and DARYL DWORKIN,

        Defendants.
-------------------------------------------------------------X:

11 Civ. 4723 (JFB)(GRB)

## FINAL JUDGMENT AS TO DEFENDANT COREY RIBOTSKY

The Securities and Exchange Commission ("Commission") having filed an amended complaint ("Complaint") and Defendant Corey Ribotsky ("Defendant") through his attached consent ("Consent") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1), (2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

   (1)   to employ any device, scheme or artifice to defraud any client or prospective client;

   (2)   to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 75.206(4)8], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly,

   (1)   to employ any device, scheme or artifice to defraud any client or prospective

client;

(2) to engage in any transaction, practice or courses of business which operates as a fraud or deceit upon any client or prospective client; or

(3) to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $12,500,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,000,000, and a civil penalty in the amount of $1,000,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 78u(d)(3)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209 of the Advisers Act [15 U.S.C. § 80b-9].

The Commission shall have Judgment against Defendant in the amount of $14,500,000. The Commission may enforce judgment immediately upon entry of the Judgment and may take any and all actions allowed by law to enforce and collect the Judgment. Defendant shall be liable for post judgment interest pursuant to 28 U.S.C. § 1961. The Commission shall hold any funds collected pursuant to this Judgment, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff

4

determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant agrees to relinquish all rights, claims, interests and title of any kind or nature, to (i) any capital accounts in the AJW Funds; (ii) any assets of the AJW Funds, including, but not limited to bank accounts, investments or loans; (iii) any outstanding or unpaid Management,

5

Incentive, or Performance Fees to which the Defendant or any of his affiliates were entitled to receive; and (iv) any tax refunds Defendant or any of his affiliates could be entitled to receive in connection with any capital accounts he held in the AJW Funds. For purposes hereof, "AJW Funds" means: AJW Master Fund, Ltd.; AJW Master Fund II, Ltd.; AJW Partners, LLC; AJW Partners II, LLC; New Millennium Capital Partners II, LLC; New Millennium Capital Partners, III, LLC; AJW Qualified Partners, LLC; AJW Qualified Partners, II, LLC; AJW Offshore, Funds, Ltd.; AJW Offshore Funds II, Ltd.; AJW Manager, LLC; First Street Manager II, LLC; SMS Group, LLC; and any and all related subsidiaries, affiliates, attorneys, agents, heirs, employees and assigns. Defendant further acknowledges and agrees that he is not a creditor to any entity referenced in this paragraph, nor claimant to any funds or assets held by any such entity, nor does he claim any legal, equitable, or beneficial ownership interest in any such entity, or in the funds or assets held by any such entity, and that no such claims will be asserted in the future.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the attached Consent of Defendant Corey Ribotsky is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _November 13, 2013_

                                    **SO ORDERED:**

                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x:
SECURITIES AND EXCHANGE COMMISSION, :
: 11 Civ. 4723 (JFB)(GRB)
Plaintiff, :
:
- against - :
:
THE NIR GROUP, LLC; COREY RIBOTSKY; :
and DARYL DWORKIN, :
Defendants. :
:
-----------------------------------------------------------------x:

## CONSENT OF DEFENDANT COREY RIBOTSKY

1.     Defendant Corey Ribotsky ("Defendant") acknowledges having been served with the amended complaint ("Complaint") in this action, enter a general appearance, and consents to the Court's jurisdiction over him and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)    permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; Sections 17(a)(1), (2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§

8

80b-6(1), (2)]; and Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 75.206(4)8];

(b) directs entry of Judgment against Defendant in the amount of $12,500,000 for disgorgement, plus prejudgment interest thereon in the amount of $1,000,000;

(c) directs entry of Judgment against Defendant in the amount of $1,000,000 as a civil penalty under Section 20(d) of the Securities Act [15 U.S.C. § 78u(d)(3)] and Section 209 of the Advisers Act [15 U.S.C. § 80b-9]; and

3. Defendant agrees to relinquish all rights, claims, interests and title of any kind or nature, to (i) any capital accounts in the AJW Funds; (ii) any assets of the AJW Funds, including, but not limited to bank accounts, investments or loans; (iii) any outstanding or unpaid Management, Incentive, or Performance Fees to which the Defendant or any of his affiliates were entitled to receive; and (iv) any tax refunds Defendant or any of his affiliates could be entitled to receive in connection with any capital accounts he held in the AJW Funds. For purposes hereof, "AJW Funds" means: AJW Master Fund, Ltd.; AJW Master Fund II, Ltd.; AJW Partners, LLC; AJW Partners II, LLC; New Millennium Capital Partners II, LLC; New Millennium Capital Partners, III, LLC; AJW Qualified Partners, LLC; AJW Qualified Partners, II, LLC; AJW Offshore, Funds, Ltd.; AJW Offshore Funds II, Ltd.; AJW Manager, LLC; First Street Manager II, LLC; SMS Group, LLC; and any and all related subsidiaries, affiliates, attorneys, agents, heirs, employees and assigns. Defendant further acknowledges and agrees that he is not a creditor to any entity referenced in this paragraph, nor claimant to any funds or assets held by any such entity, nor does he claim any legal, equitable, or beneficial ownership interest in any such

9

entity, or in the funds or assets held by any such entity, and that no such claims will be asserted in the future.

4. Defendant acknowledges that the civil penalty may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

5. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

10

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

6.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.  Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.  Defendant agrees that this Consent shall be incorporated into the attached Final Judgment with the same force and effect as if fully set forth therein.

10. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that they have received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

13. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

12

be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that he is not the prevailing parties in this action since the parties have reached a good faith settlement.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: August 21, 2013

*(signature)*
Corey Ribotsky

On August 21st, 2013, Corey Ribotsky, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

*(signature)*
Notary Public
Commission expires: June 14, 2016

PATRICIA GREEN
Notary Public - State of New York
No. 01GR6111636
Qualified in Kings County
My Commission Expires June 14, 20__16__

14