UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff - Judgment Creditor,

- against -

THE NIR GROUP, LLC; COREY RIBOTSKY; and DARYL DWORKIN,

                    Defendants,

COREY RIBOTSKY,

                    Judgment Debtor.

STACEY RIBOTSKY,

                    Garnishee.

11 CV 4723(JFB)(GRB)

### RESTRAINING NOTICE TO GARNISHEE STACEY RIBOTSKY RE: JUDGMENT DEBTOR COREY RIBOTSKY (RULE 69(a) FED. R. CIV. P. AND NY CPLR 5222)

TO:   STACEY RIBOTSKY
       c/o Wilens & Baker
       450 Seventh Avenue
       New York, NY 10123

**WHEREAS**, in an action in the United States District Court for the Eastern District of New York, Docket No. 11 CV 4723 (JFB)(GRB), between the Securities and Exchange Commission, as plaintiff, and The NIR Group, LLC, Corey Ribotsky, and Daryl Dworkin, defendants, who are all the parties name in the action, a judgment was entered on November 14, 2013 in favor of the Securities and Exchange Commission, judgment creditor, and against Corey Ribotsky, judgment debtor, for disgorgement of $12,500,000.00 and prejudgment interest of $1,000,000.00, for a total of $13,500,000.00, which together with interest pursuant to 28 U.S.C.

§ 1961 at the rate of 0.11% a year remains due and unpaid (a civil money penalty of $1,000,000 set by such judgment is not subject to this restraining notice) ; and

**WHEREAS**, it appears that you owe a debt to the judgment debtor Corey Ribotsky or are in possession of or have custody of property in which the judgment debtor Corey Ribotsky has an interest,

**TAKE NOTICE** that pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which the judgment debtor Corey Ribotsky has an interest, except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor Corey Ribotsky has an interest hereafter coming into your possession or custody, and all debts hereinafter coming due from you to the judgment debtor Corey Ribotsky.

**NEW YORK CIVIL PRACTICE LAW AND RULES**

Section 5222(b) Effect of restraint; prohibition of transfer; duration.  A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except

as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as a contempt of court.**

### NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement; and

13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: New York, New York
April 2, 2014

JOHN J. GRAUBARD (graubardj@sec.gov)
Attorney for Petitioner – Judgment Creditor
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.:    212-336-0084
Fax:    212-336-1353
E-mail:    graubardj@sec.gov