

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

April 15, 2021

**By ECF**
Hon. Joan M. Azrack
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Securities and Exchange Commission v. The NIR Group, LLC, et al.*,
             11-cv-4723

Dear Judge Joan M. Azrack:

      I write to comply with the Court's April 14 Order that the Securities and Exchange Commission ("Commission") respond to Defendant Corey Ribotsky's ("Ribotsky") motion for a hearing. DE 108. The Commission respectfully asks that the Court require Mr. Ribotsky to state his basis for a hearing. If Mr. Ribotsky provides no substantive reason for a hearing, the Commission respectfully asks the Court to deny the hearing request and issue the writ of garnishment.

      As background, the Court entered a Final Judgment of $14,500,000 against Mr. Ribotsky. (DE 90). To collect the $1,000,000 penalty and accruing interest, the Commission applied for a writ of garnishment on December 16, 2020 (DE 104).[1] The Commission seeks to execute on lawsuit proceeds Mr. Ribotsky may receive from a case pending in New York State court, *Ribotsky, et al. v. KBG Commercial, Inc. et al.*, Index No. 600186/2020.[2]

      The Clerk's Notice of Post-Judgment Continuing Writ of Garnishment Against Defendant Corey Ribotsky Pursuant to 28 U.S.C. §3202(b), included with the application, provides information about potentially applicable exemptions to garnishment and states that Mr. Ribotsky may request a hearing to "explain to the judge why [he believes] the property

---

[1] The application, which the Commission made pursuant to the Federal Debt Collection Procedures Act ("FDCPA") 28 U.S.C. §3205, does not seek the disgorgement Mr. Ribotsky owes.

[2] The FDCPA, 28 U.S.C. § 3002(a)(7), permits the Commission to garnish an obligation "to become due." 28 U.S.C. § 3002(a)(7) defines a garnishee as a "person (other than the debtor) who has, or is reasonably thought to have, possession, custody, or control of any property in which the debtor has a substantial nonexempt interest, *including any obligation* due the debtor *or to become due the debtor,* and against whom a garnishment under section 3104 or 3205 is issued by a court." (Emphasis added.)

the Commission (Government) has taken is exempt." In a filing docketed on January 5, 2021, (DE 108), Mr. Ribotsky requested a hearing.

The Second Circuit has defined the scope of such hearings. "Issues to be raised at the hearing are limited to: (1) 'the probable validity of any claim of exemption by the judgment debtor,' [and] (2) the garnishor's compliance with any statutory requirement for the issuance of the writ."[3] *United States v. Deen*, 590 Fed. Appx. 90, 91 (2d Cir. 2015) (summary order; citations omitted).

Mr. Ribotsky has neither identified an applicable exemption nor challenged the Commission's compliance with statutory requirements for issuance of the writ. Thus, before scheduling a hearing, the Commission respectfully requests that the Court require Mr. Ribotsky to identify a valid, substantive reason for the hearing. If he fails to do so, the Commission asks that the Court deny the hearing request and issue the writ of garnishment.

Very truly yours,

s/*Maureen Peyton King*

Maureen Peyton King
Senior Trial Counsel

---

[3] Mr. Ribotsky's consent to the Judgment precludes him from raising a third set of potential issues: "if the judgment is by default ... (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." *Id.*