

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

September 2, 2021

**By ECF**
The Honorable Joan M. Azrack
United States District Court, Eastern District of New York
Long Island Courthouse, 100 Federal Plaza
Central Islip, NY 11722

      Re:     *SEC v. The NIR Group, LLC, et al.*, 11-cv-4723 (E.D.N.Y.)

Dear Judge Azrack:

      I write on behalf of the United States Securities and Exchange Commission ("Commission") to reply to Defendant Corey Ribotsky's ("Ribotsky") August 30, 2021 objection to the Commission's garnishment applications and renewed requests to enjoin the Commission's collection efforts[1] and for relief from the Judgment. DE 118.

      As background, on November 13, 2013, the Court entered the Consent Judgment ("Judgment"), under which Ribotsky agreed to pay disgorgement of $12,500,000, prejudgment interest of $1,000,000, and a $1,000,000 penalty. DE 90. The Judgment "waived any right to appeal from this Final Judgment." *Id*. The Judgment further states that: "The Commission shall have Judgment against Defendant in the amount of $14,500,000. The Commission may enforce the judgment immediately upon entry of the Judgment and may take any and all actions allowed by law to enforce and collect the Judgment." *Id*. The Judgment also ordered the Commission to hold funds collected pursuant to the Judgment and permits a distribution plan. DE 90, Part V.

      Ribotsky has paid nothing toward the judgment. On December 16, 2020, to collect the penalty, the SEC applied to the Court for a writ of garnishment on any monetary recovery Ribotsky might receive in his pending state court action, *Ribotsky v. KBG Commercial, Inc.*, Index No. 600186/2020 (N.Y.). DE 104. In response, Ribotsky sought to enjoin the Commission's collection efforts and for relief from the Judgment under Federal Rule of Civil Procedure 60(b). DE 114. The Commission replied to Ribotsky's meritless opposition. DE 116. The Commission respectfully refers the Court to its earlier filing, DE 116, as the arguments remain the same.

---

[1] Ribotsky's June 7 opposition, DE 114, sought a preliminary injunction, which he now characterizes as a "TRO." The Commission assumes he seeks the same substantive relief – to stop the Commission from enforcing a valid consent Judgment. As explained in the Commission's June 11 reply, DE 116, the public's interest, not Ribotsky's, would be disserved if he continues to delay collections efforts. Thus, no injunction should issue.

On August 20, the Commission applied for a writ of garnishment against an entity, Five for Five, Inc.[2] DE 117. Ribotsky's latest opposition to the garnishment applications recycles his meritless June 7 opposition. DE 114. What's more, Ribotsky's arguments ignore the plain language of the Judgment. The Consent Judgment waived any right to appeal. The Commission seeks to collect a valid Judgment to which the Ribotsky consented. There is nothing premature about collecting the eight year old Judgment. Nor does Ribotsky offer any legitimate reason to prevent the Commission from collecting the Judgment amount ordered. Finally, the Judgment requires the Commission to hold funds collected. Thus, the only risk to any funds available for collection is that Ribotsky will have more time to potentially dissipate or conceal them if Ribotsky continues to thwart the Commission's collection efforts.

Thus, the Commission respectfully requests that the Court grant the Commission's applications for writs of garnishment and deny Ribotsky's requests to enjoin the Commission's collection efforts and for relief from the Judgment.

Very truly yours,

s/*Maureen Peyton King*

Maureen Peyton King
Senior Trial Counsel

---

[2] Commission counsel notes that Five for Five has failed to respond to the Commission's document subpoena or provide dates on which a Fed. R. Civ. P. 30(b)(6) witness will appear for a deposition.