FILED
CLERK
10:03 am, Mar 28, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

   -against-

THE NIR GROUP, LLC, COREY RIBOTSKY,
AND DARYL DWORKIN,

           Defendants.
-------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
11-CV-4723 (JMA) (AYS)

**APPEARANCES:**

Jack Kaufman
Maureen Peyton King
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281
    *Attorneys for the Securities and Exchange Commission*

Kevin P Krupnick
The Krupnick Firm, P.C.
23 Village Square
Glen Cove, NY 11542
    *Attorney for Defendant Corey Ribotsky*

**AZRACK, United States District Judge:**

      Defendant Corey Ribotsky ("Defendant" or "Ribotsky") filed a pre-motion conference letter to bring a motion to vacate his more than eight-year-old consent judgment ("Consent Judgment", ECF No. 90) pursuant to Federal Rule of Civil Procedure 60(b)(6), declare the judgment satisfied pursuant to Federal Rule of Civil Procedure 60(b)(5), and enjoin the SEC's collection efforts. (ECF No. 114, "Def. Letter Motion".) Plaintiff, the Securities and Exchange Commission (the "SEC"), filed an opposition to Defendant's request. (ECF No. 116, "SEC

Opp.".) The SEC also asks the Court to construe Defendant's request as a letter motion because the Court does not require a pre-motion conference for a Rule 60(b) motion. (Id. at 1.) Defendant did not file any response to this request. On February 18, 2022, the Court entered an electronic order: waiving its pre-motion conference requirement; stating that it would construe Defendant's letter as a Rule 60(b) motion and the SEC's response as an opposition to the motion; and informing the parties that if they wished to supplement their positions, they could do so by March 4, 2022. (February 18, 2022, Electronic Order.) Neither party filed any supplemental briefing. For the reasons stated below, Defendant's motion is **DENIED**.

## I. BACKGROUND

The Court recites only the facts necessary to determine the instant motion. On November 13, 2013, the Honorable Joseph F. Bianco entered the Consent Judgment, under which Defendant agreed to pay disgorgement of $12,500,000, prejudgment interest of $1,000,000, and a $1,000,000 penalty. (ECF No. 90.) Defendant has yet to pay anything toward the judgment. (SEC Opp. at 1.) On December 16, 2020, the SEC applied to the Court for a writ of garnishment on any monetary recovery Ribotsky might receive in his pending state court action, Ribotsky, et al. v. KBG Commercial, Inc. et al., Index No. 600186/2020. (ECF No. 104.) This writ of garnishment covered penalty and post-judgment interest thereon (not disgorgement and related interest). (Id.) Defendant requested a hearing regarding the application, (ECF No. 108), which the Court denied because Defendant did not state any grounds for a hearing pursuant to 28 U.S.C. § 3202(d). (September 16, 2021, Electronic Order.) The SEC applied for another writ of garnishment on August 20, 2021 which also covered penalty and post-judgment interest (not disgorgement and related interest). (ECF No. 117.)

Defendant filed the instant motion to vacate the Consent Judgment, declare the Consent

2

Judgment satisfied, and enjoin the SEC's collection efforts. (Def. Letter Motion.) The SEC opposes this motion as "both untimely and otherwise contrary to established law regarding the finality of monetary consent judgments." (SEC Opp.) The Court agrees and denies Defendant's motion.

## II. DISCUSSION

### A. Standard of Review

Rule 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed R. Civ. P. 60(b); House v. Sec'y of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b)(5) provides that relief may be granted if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," and Rule 60(b)(6) provides that relief may be granted for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994). Where a defendant "wishes to disturb a consent judgment," this standard is "even harder to reach." SEC v. Alexander, No. 06–CV–3844, 2013 WL 5774152, at *2 (E.D.N.Y. Oct. 24, 2013); see also Sampson v. Radio Corp. of America, 434 F.2d 315, 317 (2d Cir. 1970) ("[A] motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to settle the litigation."). "When a party invokes Rule 60(b)(5) to seek alteration of a judgment that has been entered upon consent, that party must establish that 'a significant change in circumstances warrants the modification.'" SEC v. Longfin

3

Corp., No. 18-CV-2977, 2020 WL 4194484, at *2 (S.D.N.Y. July 21, 2020), aff'd sub nom. SEC v. Altahawi, 849 F. App'x 323 (2d Cir. 2021), cert. denied, 142 S. Ct. 594 (2021) (quoting Barcia v. Sitkin, 367 F.3d 87, 99 (2d Cir. 2004)). "This burden may be met by showing that there has been a significant change either in factual conditions or in law." Barcia, 367 F.3d at 99. Under Rule 60(b)(6), a defendant's mere "failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief." Bank of New York, 14 F.3d at 760. "To hold otherwise would undermine the finality of judgments in the litigation process." Id. at 759.

A Rule 60(b)(5) or 60(b)(6) motion must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "To determine whether a Rule 60(b)(5) or Rule 60(b)(6) motion is brought within a reasonable time, a court must 'look at the particular circumstances of each case and balance the interest in finality with the reasons for delay.'" Branch v. Superintendent, Five Points Corr. Facility, No. 11-CV-00227, 2014 WL 6737000, at *1 (E.D.N.Y. Dec. 1, 2014) (quoting Grace v. Leumi Trust Co., 443 F.3d 180, 190 n.8 (2d Cir. 2006)).

### B. Rule 60(b) Motion

As a preliminary matter, the Court finds that Defendant's motion, brought more than eight years after the Consent Judgment was entered, is untimely. See Grace, 443 F.3d at 191 ("In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts."); Taylor v. Superintendent, No. 06-CV-2720, 2014 WL 1330905, at *1 (E.D.N.Y. Mar. 31, 2014) (finding that "because in this case Petitioner waited over seven years from judgment to bring his Rule 60(b) motion, it must be denied as untimely"); SEC v. Allaire, 03-cv-4087, 2019 WL 6114484, *2-3 (S.D.N.Y. Nov. 18, 2019) (denying as untimely Rule 60(b) motion filed sixteen years after consent judgment and noting that defendant "has enjoyed the

4

benefits of his settlement with the SEC for the entirety of the sixteen years between the Judgment and [the] motion" and "[e]ven now, [] does not seek a trial").

Even if Defendant's motion was timely, it does not satisfy the high standard for relief under Rule 60(b)(5) or 60(b)(6). Defendant makes four arguments as to why he has met the requirement to show exceptional circumstances. For the reasons below, each of the arguments is meritless.

   1. Due Process and Equal Protection Claims

First, Defendant claims that his procedural due process rights were violated. (Def. Letter Motion at 1.) Defendant also argues that his "fundamental right of equal protection under the law [were] violated by the clandestine acts of the Commission." (Id. at 2.) Defendant argues that because his co-defendant, Daryl Dworkin, entered into a consent judgment with the SEC in May 2011 and the complaint in this action was not filed until September 28, 2011, that the SEC somehow acted improperly and violated his rights. (Id.) Defendant states that "the Commission willfully and knowingly relied on felon Dworkin to make a case for them against Ribotsky and when felon Dworkin lied yet again, the Commission pressed on in an attempt to further harm Ribotsky." (Id.)

Defendant's due process claim fails. Defendant does not allege that he was deprived of notice of the SEC action or the opportunity to be heard. Defendant, while represented by counsel, freely entered into the Consent Judgment and waived his right to trial. See Allaire, 2019 WL 6114484, at *3 (finding no due process violation where a defendant, while represented by counsel, entered into a consent agreement with the SEC).

Defendant also seems to argue that his equal protection rights were violated because his co-defendant entered into a consent judgment first and no fine was levied against him. (Def. Letter

5

Motion at 2.) This is plainly insufficient to state a claim for equal protection. Accordingly, Defendant's arguments based on due process and equal protection are meritless.

2. New York State Court Litigation

Second, Defendant claims exceptional circumstances based on litigation in New York State Court, Conway v. Marcum & Kleigman LLP, Index No. 652236/2014 (N.Y.), involving the auditor of the "AJW Funds" that were at issue in this case. Defendant argues that this litigation shows that the calculation of his fine in the Consent Judgment was incorrect.

Any potential outcome of the litigation involving the auditor is not an exceptional circumstance under Rule 60(b). See Bank of New York, 14 F.3d at 759-760 (under Rule 60(b)(6), a defendant's mere "failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief" and denying Rule 60(b) motion to vacate civil forfeiture settlement notwithstanding later reversal of underlying criminal conviction). Moreover, the state court litigation was "discontinued with prejudice" on consent on November 19, 2020. (See SEC Ex. A.) And, Defendant cites to no evidence from this litigation showing that the calculations in the Consent Judgment were incorrect. Rather, Defendant just states in conclusory fashion that the audit firm's figures were incorrect. This is plainly insufficient for a Rule 60(b) motion.

3. Supreme Court Cases

Third, Defendant claims that two recent Supreme Court cases, Liu v. SEC, 140 S.Ct. 1936 (2020) and Kokesh v. SEC, 137 S.Ct. 1635 (2017), changed the law regarding the calculation of the Consent Judgment's disgorgement order.

However, in the Second Circuit, "a change in the law occurring after a settlement for a sum of money is not a basis for vacating the settlement pursuant to Rule 60(b)." Bank of New York,

14 F.3d at 759; see also Agostini v. Felton, 521 U.S. 203, 239 (1997) ("[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."). Other courts have refused to set aside SEC consent judgments under Rule 60(b) because of the Liu decision. See Sec. & Exch. Comm'n v. Penn, No. 14-CV-581, 2021 WL 1226978, at *9 (S.D.N.Y. Mar. 31, 2021) ("the Court finds that its disgorgement orders are not 'beyond any question' inconsistent with the Supreme Court's decision in Liu, Defendants' Rule 60(b)(6) motions would be denied on the merits, if they were timely and otherwise appropriate"); SEC v. Ahmed, No. 15-cv-13042, 2021 WL 916266 (D. Mass. Mar. 10, 2021) (stating that the court was not convinced the judgment was inconsistent with Liu and "even if the [j]udgment were inconsistent with Liu, relief under Rule 60(b)(6) would still not be warranted because [i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)") (internal quotation marks omitted). The Court agrees that the Liu and Kokesh decisions do not warrant relief under Rule 60(b)(6).

Moreover, Plaintiff has not explained how the disgorgement order in this case is inconsistent with the holdings in Kokesh and Liu. In Kokesh, the Supreme Court held that "[d]isgorgement in the securities-enforcement context is a 'penalty' within the meaning of § 2462, and so disgorgement actions must be commenced within five years of the date the claim accrues." Kokesh, 137 S. Ct. at 1639. In Liu, the Supreme Court affirmed a court's power to award disgorgement in an SEC enforcement action pursuant to Title 15, United States Code, Section 78u(d)(5) but held that any disgorgement must "fall[ ] into those categories of relief that were typically available in equity" and that any disgorgement awarded may not exceed a "defendant's net profits from wrongdoing." Liu 140 S.Ct. at 1942, 1946; see also Sec. & Exch. Comm'n v. Cope, No. 14-CV-7575, 2021 WL 653088, at *1-2 (S.D.N.Y. Feb. 19, 2021), aff'd sub

nom. Sec. & Exch. Comm'n v. de Maison, No. 18-2564, 2021 WL 5936385 (2d Cir. Dec. 16, 2021). In Liu, the Supreme Court also stated that the "for the benefit of investors" clause of § 78u(d)(5) "generally requires the SEC to return a defendant's gains to wronged investors for their benefit." Liu, 140 S.Ct. at 1947-49.

Defendant does not explain how the Consent Judgment is inconsistent with these Supreme Court decisions. Defendant argues only that based on Kokesh and Liu "any monies as a part of the damages sought by [the SEC] prior to August 17, 2007 would be barred" and that "[t]o have disgorgement be an applicable remedy it must not exceed an individual's net profits from such conduct and is to be awarded to victims as equitable relief to be permissible under§ 78u(d)(5)." (Def. Letter Motion at 2-3.) The SEC, however, explains that the disgorgement "includes only Ribotsky's direct, personal illicit earnings from the AJW Funds, which he received within the five-year period preceding the filing of this case." (SEC Opp. at 3 n.4.) Defendant has not submitted any proof contradicting the SEC's representations. With respect to the issue of distribution of disgorgement funds to victims, the SEC has not yet even sought to collect on the disgorgement order. Rather, the current outstanding writs of garnishment are only to collect on the penalty (and related interest). Pursuant to the Consent Judgment, the Court "retain[s] jurisdiction over the administration of any distribution of the Fund." (Consent Judgment at 4.) Accordingly, any issues regarding the distribution of disgorgement funds to victims may be brought to the Court's attention if/when they arise. See Penn, 2021 WL 1226978, at *14 (finding the SEC's plan for distribution of funds was not inconsistent with Liu and that "the Court retains enforcement jurisdiction for exactly these types of issues.").

Therefore, the Court finds that relief pursuant to Rule 60(b) is not warranted based on the decisions in Kokesh and Liu.

4. Tax Consequences of Judgment

Fourth, Defendant argues that certain unfavorable tax consequences that he agreed to in the Consent Judgment are sufficient to meet the high standard for a Rule 60(b) motion. Specifically, Defendant argues that the Consent Judgment "forced Ribotsky to give up his own capital accounts in the AJW Funds . . . as well as give up any potential ability to deduct said loss on his taxes . . . and more importantly give up any chance of a refund or favorable tax treatment for monies Ribotsky left in his capital accounts whereby taxes had already been paid." (Def. Letter Motion at 2.) First, Defendant explicitly agreed to the tax consequences he now complains of in the Consent Judgment. (See Consent Judgment at 5-6, 9 ("Defendant agrees to relinquish all rights, claims, interests and title of any kind or nature, to . . . (iv) any tax refunds Defendant or any of his affiliates could be entitled to receive in connection with any capital accounts he held in the AJW Funds.")). Defendant was not "forced" to accept these tax consequences, but rather, willingly, while counseled, entered into a Consent Judgment with the SEC that included these tax consequences. Furthermore, courts have rejected Rule 60(b) arguments to vacate SEC consent judgments based on unfavorable tax consequences. See Longfin Corp., 2020 WL 4194484 at *1. Accordingly, the Court finds this is insufficient to warrant relief.

C. **Motion for Preliminary Injunction**

Because the Court denies Defendant's motion to vacate the Consent Judgment and declare the Consent Judgment satisfied, the Court also denies Defendant's motion to enjoin the SEC from its collection efforts.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Rule 60(b) motion to vacate Consent Judgment, declare the judgment satisfied, and enjoin the SEC's collection efforts.

**SO ORDERED.**

Dated: March 28, 2022
       Central Islip, New York

                                           /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE