

THE KRUPNICK FIRM
*Attorneys at Law*
56 Hammond Road
Glen Cove NY 11542
516-592-2820 Tel
516-759-0610 Fax
kpkrupnick@krupnickfirm.com
www.krupnickfirm.com

September 2, 2022

*Sent Via ECF*

Hon. Anne Y. Shields
United States District Court
Eastern District of New York
Alfonse M. D'Amato United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: <u>Securities and Exchange Commission v. The NIR Group, LLC, et al.,</u>
Docket No. 2011-cv-4723
- *Response to Counsel for Plaintiff's letter dated August 30, 2022*
- *Defendant's Request for Pre-Motion Conference*

Dear Judge Shields:

The undersigned represents defendant Corey S. Ribotsky. First, with regard to Counselor King's first allegation "despite the SEC's attempts to work with Kevin Krupnick…the SEC has been unable to schedule depositions of Mr. Ribotsky and two third party witnesses". Upon information and belief, the two third party witnesses counsel refers to is Tammi Stempel Ribotsky[1] Mr. Ribotsky's second wife and a corporation that she is the sole shareholder of, which presently has no assets or value at all whatsoever. Moreover, the court must consider that Mr. Ribotsky was not married to Tammi Stempel prior to and/or during the course of the referenced civil matters. Long after execution and "so ordered" entry of the parties' consent decree, Mr. Ribotsky married Tammi Stempel. Likewise, on behalf of Tammi Stempel, the undersigned asserts objection to the SEC deposition, because (a) Tammi Stempel was not a party to the referenced matters; and (b) she cannot be held liable for any judgment debt plaintiff may have against defendant entered prior to the Ribotsky's marriage. It seems that the SEC has no limits with regard to harassing Mr. Ribotsky, after participating in Mr. Ribotsky's Bankruptcy

---

[1] For some reason unknown to counsel for defendant, SEC Counsel's 8/30/2022 letter refers to Mrs. Ribotsky as "Ms. Stempel"

proceedings, obtaining extensive financial disclosure, and members of the agency literally traveling the world in an effort to find any money that Mr. Ribotsky may have, and finding absolutely not one cent outside of the money that Mr. Ribotsky had in his hedge funds, that pursuant to the terms of the parties stipulation required Mr. Ribotsky to waive all claims to his money, and not be able to claim any tax loss for same, despite his already having paid income taxes and capital gains taxes on all of that money and creating a tax nightmare for Mr. Ribotsky. Whatsmore, despite plaintiff's commencement of the referenced at best now very questionable civil enforcement regulatory agency legal action premised on the fact that Mr. Ribotsky allegedly made statements to investors misrepresenting the value of the funds, as his value differed from auditor Marcum, now it is known to plaintiff that Marcum's values were incorrect, and Marcum has paid many, many millions of dollars to the funds, as settlement for litigation that was commenced against them for their mistakes in calculating fund value as the independent auditor for the funds. This fact alone may make the consent decree in this matter *nudum pactum*, as the figures forming the basis of the premise of plaintiff's enforcement action against defendant were indeed in fact absolutely wrong. Has the SEC taken any action at all whatsoever to remedy the damage they have done? No, instead they continue to wreak havoc in all aspects of defendant's life, under the guise of "judgment enforcement."

Plaintiff clearly has no interest in collecting money from defendant, because plaintiff has gone to extensive lengths to interfere with defendant's employment and interests at a logistics company, a private corporation in the dry goods hauling business. In fact, in house enforcement counsel employed by plaintiff was recorded having a telephone conversation attempting to conspire[2] with criminals in an effort to assist the criminal in removing Mr. Ribotsky from his position at the logistics company and in essence cut off the sole opportunity Mr. Ribotsky has been able to develop in the past decade to possibly pay plaintiff. Plaintiff comes to this court with unclean hands asserting allegations of "judgment enforcement" and that "defendant has not paid plaintiff" when agents of plaintiff have engaged in actions that frustrate the possibility of defendant earning money to pay defendant.

Moreover, the defendant's first marriage was to Stacey Summers Ribotsky and she was married to defendant during the course of the referenced matters, and obviously she may be subject to plaintiff's judgment enforcement and plaintiff may have proper jurisdiction to request her deposition; however, now it seems that the SEC is hell bent on not only endlessly harassing Mr. Ribotsky in his employment endeavors, but now are insisting on subjecting his current wife to deposition under the guise that they are seeking to enforce their Judgment and "collect money" from defendant. It should seem very clear to this honorable court that the SEC will stop at nothing to attempt to what may now be a regulatory "MISTAKE-action" and if the court provides the defendant an opportunity to formally brief this issue, present exhibits, and

---

[2] Defendant Ribotsky has recorded telephone conversations of inhouse enforcement counsel conspiring with a criminal to interfere with Mr. Ribotsky's interests in a trucking company, also his source of income, which but for plaintiff's interference, could have been utilized to make payments to plaintiff, but now is the subject of a long drawn out special proceeding presently pending in New York State Supreme Court, Nassau County Commercial Division Part 8, before Hon. Sharron Gianelli, JSC, Ribotsky v. KBG, et al, Index 600186/2020. Moreover, plaintiff's counsel has already interposed themselves in that case via letter, which on US Government letterhead, opined as to issues pending before that court, in a letter to the previous Justice assigned and provided notice of judgment and garnishment.

affidavits, the court will probably grant to non-party Tammi Stempel a protective order and perhaps even extend same to defendant, based upon the gross abuse of authority plaintiff has engaged in.

With regard to Counselor King's assertions, she has not been able to reach me, fact is I always take her telephone calls and upon information and belief she has not called me. On occasions in the past, I have participated in her efforts to telephone conference with the court to resolve issues that we were unable to resolve. Regarding her allegations that I have stopped responding to her emails, I can only simply state that I cannot possibly respond to all of the emails that are sent to me, as I would need many more hours in each and every day. With regard to counsel's allegation that "it does not appear that the deponents will appear for depositions" – Mr. Ribotsky will appear for a deposition; however, for the reasons set forth herein above- Mrs. Ribotsky referred to in counsel for plaintiff's letter as "Tammi Stempel" and was not married to Mr. Ribotsky at either commencement or conclusion of the referenced matters herein and hereby requests that the Court grant to her: (1) a protective order prohibiting the plaintiff from further attempting to engage her in judgment enforcement proceedings for the referenced matters; or (2) In the alternative, provide to the plaintiff a limit with regard to the scope of questions at deposition and/or alternative manner in which plaintiff may obtain relevant information from her; and (3) Order plaintiff to cease and desist from engaging in conduct designed to harass non-party Tammi Ribotsky "Tammi Stempel" and/or "Ms. Stempel."

Finally, defendant Ribotsky's counsel herein joins counsel for plaintiff's request for the court to conduct a pre-motion telephone conference call for both plaintiff's and defendant's issues pertaining to the referenced matters in both counsel's respective correspondence.

                              Respectfully submitted,
                              s./Kevin P. Krupnick, Esq.
                              The Krupnick Firm
                              Attorneys for Defendant
                              COREY S. RIBOTSKY

cc:    United States Securities and Exchange Commission
       Maureen Payton King, Esq

       Corey S. Ribotsky
       Tammi Stempel Ribotsky