

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

September 6, 2022

**By ECF**
Hon. Anne Y. Shields
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Securities and Exchange Commission v. The NIR Group, LLC, et al.*,
              11-cv-4723

Dear Judge Shields:

      I write to respond to Mr. Krupnick's September 2, 2022 letter to the Court ("Response"). The SEC sought the Court's assistance in scheduling the depositions of three of Mr. Krupnick's clients for post-judgment depositions in the above referenced case: (i) Defendant-Debtor Ribotsky ("Ribotsky"); (ii) Tammi Stempel ("Stempel"); and (iii) Five-for Five, Inc. ("Five").[1] First, the SEC disputes the various baseless allegations lobbed by Defendant. And, Defendant's response further demonstrates the need for the Court's assistance, as Mr. Krupnick concedes that he does not reply to case related emails ("I cannot possibly respond to all of the emails that are sent to me."), and he does not provide deposition dates so that the SEC may discover Ribotsky's assets and collect on its valid Final Judgment which Ribotsky consented to and agreed not to challenge.[2] DE 90.

      Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to "obtain discovery of any person – including the judgment debtor – as provided in these rules…." *See e.g. Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138-39 (2014) ("The

---

[1] The Response questions why the SEC uses the name Tammi Stempel to refer to Ribotsky's wife. But Ms. Stempel herself used this name (with one "M") in a document Mr. Krupnick notarized for her in another case – so presumably he is well aware of his client's legal name. Ex. G.

[2] Ribotsky expressly agreed "not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis." DE 90, consent para. 13. Thus, the Court should reject the Response's efforts to create such an impression.

rules governing discovery in postjudgment execution proceedings are quite permissive….The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.' Fed. Rule Civ. Proc. 26(b)(1).") (Internal cites omitted). *See also Libaire v.* Kaplan, 760 F.Supp. 2d 288, 293 (E.D.N.Y. 2011) (collecting cases about the breadth of post-judgment discovery "Under Rule 69(a), a judgment creditor is entitled to a wide range of discovery concerning the assets and liabilities of a judgment debtor.") (Internal citations omitted). Indeed, "[t]he judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3014 (2d ed. 1997). "The scope of examination is very broad, as it must be if the procedure is to be of any value." *Id.* "The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets." *U.S. v. S. Capital Construction, Inc.*, 2018 U.S. Dist. Lexis 224575, at *3 (M.D. Fla. 2018) (citing *F.D.I.C. v. Legrand*, 43 F.3d 163, 172 (5th Cir. 1995)).

Ribotsky has not paid the approximately $14.5 million Final Judgment. Thus, the SEC is well within its rights to seek discovery of Ribotsky's ability to pay. The SEC seeks depositions from Ribotsky, his wife, and her entity, Five. Each likely has information relevant to Ribotsky's ability to pay what he owes the SEC. Both Ribotsky and Stempel should be able to provide relevant information about Ribotsky's ability to pay the Final Judgment including but not limited to information about assets, income, expenses and liabilities. Stempel's entity, Five, shares an address with Ribotsky and is a party to a lawsuit Ribotsky filed against his employer. Ex. H. A pleading in that case characterizes Five as a shareholder of the employer. *Id.* Thus, at a minimum, whether Five is holding assets that Ribotsky generated - and potentially transferred away without consideration - is entirely relevant to his ability to pay.

As the depositions the SEC seeks are entirely relevant to its collection efforts and the Federal Rules specify the depositions' scope, the relief the Response seeks, a protective order or a limit on the deposition's scope, is unwarranted. Fed. R. Civ. Pro. 26(b)(1), 69(a). Further, the Response's inappropriate request for a cease and desist order based on an unsupported and false allegation that the SEC is harassing Ms. Stempel should be denied. Moreover, both requests are procedurally defective. First, to the extent that either motion is dispositive, it is appropriately routed to the District Court Judge. Next, discovery disputes must be raised by conference call. As the SEC sought the Court's aid to compel counsel to engage in such a call, counsel should be well aware of this rule. Mr. Krupnick never asked the SEC to participate in a conference. So he should not now be permitted ignore procedure and move for the unwarranted relief he seeks.

The SEC respectfully requests that the Court hold a pre-motion conference call concerning the depositions the SEC seeks or to order Ribotsky, Stempel and Five to appear promptly for post-judgment depositions before the SEC.[3]

                                        Respectfully,

                                        s/*Maureen Peyton King*

                                        Maureen Peyton King
                                        Senior Trial Counsel

---

[3] If either Ribotsky or Ms. Stempel intends to appear for Five, the SEC will agree to combine these depositions.