# THE KRUPNICK FIRM

February 15, 2023

*Via ECF Filing*

Honorable Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Securities and Exchange Commission v.
The NIR Group, L.L.C. et al*
Docket No. 11-cv-4723

Dear Judge Shields,

The undersigned represents Corey Ribotsky and his wife Tammi Ribotsky (not a party) with regard to the above referenced matters.

I herein respond to plaintiff's allegations in order to provide the Court some clarification of the issues plaintiff has raised. First, let me just be very clear that neither of my clients or my firm are in any way whatsoever failing to comply with Plaintiff's urgent need to their depositions for the purpose of judgment enforcement in the referenced matters; however, due to my scheduling conflicts in conjunction with the Ribotsky now facing a real life physical health crisis that effects both of their physical and emotional well-beings, it is taking longer than expected to schedule time to meet and/or confer for the purpose of determining dates and time available for plaintiff to conduct a deposition of an already battered and basically destitute individual. The courts must consider the fact that Mr. Ribotsky has recently been diagnosed with cancer and is presently consulting with specialists to determine a course of treatment for same.

I hope to be able to provide some dates to Plaintiff within the next two weeks. If that does not occur for some reason, then I understand that Court intervention may be just and proper under the circumstances. At this time, I believe it would be best for us to pray that Mr. Ribotsky's condition does not worsen, so that he can eventually attempt to pay the multimillion-dollar debt that plaintiff seeks to obtain from him, despite plaintiff's full knowledge from the date that plaintiff negotiated its consent decree with him that he did not have the resources to pay same.

It is important for the Court to understand and consider that Mr. Ribotsky is not avoiding payment to plaintiff, but rather Mr. Ribotsky simply does not have the ability to pay as his resources are extremely limited since he entered into the aforementioned Consent Decree with plaintiff in or about 2013. The Court should also consider that his potential to earn the income he used to generate simply is impossible under the circumstances. Plaintiff is well aware of these facts, as Mr. Ribotsky tax returns have been furnished to Plaintiff.

Furthermore, Mr. Ribotsky did as part of his November 13, 2013 Consent Decree with plaintiff give up his capital accounts in the AJW Family of Funds to which at the time there were millions of dollars in value. Upon information and belief, there is well over $300,000.00 in value therein, all of which is available to plaintiff and plaintiff has not taken one single step to secure those monies and credit defendants debt owed. It is most extraordinary that plaintiff has not taken one single action to secure said funds, which is the sole asset of Defendant Ribotsky. The current approximate sum available based upon K1's Mr. Ribotsky has received and provided to me indicates Plaintiff herein has been provided a copy of the very same K1 forms produced by Price-Waterhouse-Coopers far exceeds any sum of money my client is presently able to earn and pay to plaintiff, and this money would most definitely provide Plaintiff significant renumeration.

I thank the court for its understanding and compassion.

Respectfully submitted,
s./ *Kevin P. Krupnick, Esq.*

56 Hammond Road · Glen Cove, New York 11542 · 516-592-2820 Tel · 516-759-0610 Fax · www.krupnickfirm.com