

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

March 4, 2024

**By ECF**
Hon. Anne Y. Shields
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Securities and Exchange Commission v. The NIR Group, LLC, et al.*,
              11-cv-4723

Dear Judge Shields:

      Counsel for the Securities and Exchange Commission ("SEC") writes to request that the Court schedule a pre-motion call so that the SEC may request that the Court compel the overdue production of documents from Jacob Ribotsky and to facilitate the scheduling of two third-party depositions in connection with its efforts to collect the penalty portion of its Final Judgment.[1] To no avail, the SEC has tried to resolve these issues in good faith as described below. Failing those efforts, the SEC sought times for a call to the Court from counsel for Corey and Jacob Ribotsky, Kevin Krupnick, but Mr. Krupnick has not been responsive to this request. Thus, the SEC writes to seek a call through this ECF filing.

      **Overdue Document Production.** As to Jacob Ribotsky, the SEC seeks to compel the production of documents sought by subpoena, returnable February 24, 2024. When February 24 passed without Jacob Ribotsky producing any documents to the SEC, SEC counsel requested that Mr. Krupnick confirm that the production would be received by Tuesday, February 27 or that Mr. Ribotsky provide times to call the Court Tuesday, March 5 or Wednesday, March 6. Mr. Krupnick did not respond to these requests.

      **Scheduling Third Party Depositions.** The SEC has sought unsuccessfully to schedule the depositions of Jacob Ribotsky and another third party for months. SEC counsel first reached out to Mr. Krupnick in his capacity as counsel to a party, Defendant Corey Ribotsky, to provide notice that the SEC intended to depose these individuals on November 28, 2023. On January 25, 2024, Mr. Krupnick stated that he had been retained by Jacob Ribotsky and the other witness and therefore SEC counsel reached out to Mr. Krupnick in connection with scheduling the two depositions. Receiving no response,

---

[1] When the SEC sought a deposition of Mr. Ribotsky, the SEC likewise had to write the Court to seek intervention.

SEC counsel followed up a second and third time, on February 9 and the 14th. On February 15th, Mr. Krupnick rejected the SEC's proposed dates and did not propose alternatives. Instead, after citing issues with his schedule and both Corey and Jacob Ribotsky's schedules, he asked the SEC to provide alternative dates – essentially inviting a guessing game instead of providing viable alternate dates. On February 16, SEC counsel sought available dates in March by Monday, February 19th. Receiving no response, SEC counsel followed up, again, on February 22. On February 23rd, SEC counsel requested that Mr. Krupnick either let SEC counsel know by Monday the 26th the dates his clients would be available for depositions in March or a time(s) on Monday, March 4 he would be available to call the Court so that the SEC could request that the depositions be compelled.

On February 24th, Mr. Krupnick sought to postpone third-party depositions until April or May citing a medical matter regarding Defendant Corey Ribotsky and unavailability for all of March.[2] The SEC requested the particular dates of unavailability and those needed for recuperation but received no response. While the SEC is willing to work around dates, Mr. Krupnick has known since the end of November 2023 that the SEC seeks these depositions. Thus, he should provide the particular dates of unavailability and provide the first available dates for which Corey Ribotsky could attend a third-party's deposition virtually. However, he has not done so.

**Request for Relief.** At this point, it does not appear that Mr. Krupnick will produce documents on behalf of Jacob Ribotsky or commit to deposition dates without the Court's intervention. Thus, the SEC respectfully requests that the Court schedule a call to discuss the SEC's request that the document production be ordered produced forthwith and the depositions be compelled as soon as practicable.

Respectfully,

s/*Maureen Peyton King*

Maureen Peyton King
Senior Trial Counsel

---

[2] SEC counsel does not want to disclose any sensitive medical information and therefore is not describing the issue in detail here.