

## THE KRUPNICK FIRM

*Attorneys at Law*
56 Hammond Road
Glen Cove NY 11542
844-741-7800 Tel
516-592-2820 Cel
516-759-0610 Fax
Email: kpkrupnick@gmail.com

http://www.krupnickfirm.com

March 7, 2024

**VIA ECF**

Hon. Ann Y. Shields
United States District Court
Eastern District of New York
Alphonse D'Amato Court Complex
100 Federal Plaza
Central Islip, NY 11722

                                         Re:  *United States Securities and Exchange Commission v. The NIR Group, LLC et al.*
                                         Docket #: 2011- CV - 4723

Dear Magistrate Judge Shields:

       I herein and hereby respond to Maureen Peyton King, Esq's correspondence dated March 4, 2024 sent by ECF to the court requesting: "the court schedule a pre-motion call so that the SEC may request that the court compel the overdue production of documents from Jacob Ribotsky and to facilitate the scheduling of two third-party depositions in connection with its efforts to collect the penalty portion of its Final Judgment" As you may recall from my prior correspondence dated this very same date, but only one year ago, and referencing the exact same referenced matter, the undersigned: (i) was then, and still is presently the attorney of record for Corey S. Ribotsky, *defendant* in the referenced matters; and (ii) is currently representing Jacob Alexander Ribotsky, who is defendant's twenty-two (22) year-old son, is not a party to these matters, has just graduated from Emory University, and at the time the referenced matters were commenced, Jacob attended Elementary School at the prime age of nine (9)—thus, at the time Consent Judgment in the referenced matters was "So Ordered" he was then the less ripe but more prime at age twelve, he had graduated elementary school and was then attending middle school, but still was not of age to open any type of bank or brokerage account.  You may recall that last year plaintiff's counsel was seeking non-party deposition of Tammy Stempel Ribotsky[1], defendant Corey S. Ribotsky's wife.  Yes, your honor, there can be no doubt, plaintiff's counsel has been "busy-busy-busy" expending much of her client's unlimited time and resources to now hunt down $2,000,000.00 of her $14,500,000.00 judgment entered in favor of plaintiff against defendant, in a civil case wherein prior to entering into an agreement with defendant, plaintiff demanded full financial disclosure from defendant, received same, knew or should have known the exact location of every single cent that defendant Ribotsky had ever earned, knew at the time the parties settled Ribotsky did not have the requisite assets to fulfil the judgment and then filed with the US Bankruptcy Court EDNY his first Chapter 7 petition in 2014, before then USBC Judge Alan Trust (Eastern District New York Docket No: 8-14-75575) wherein plaintiff herein was a judgment creditor and fully participated in every single conference held in those proceedings; however, plaintiff never filed an adversary proceeding in that case to preserve any part of its judgement. Nevertheless the trustee in defendant's first chapter 7 proceedings discharged defendant debtor early on in those proceedings; however, Judge Trust held the case file open until 2018, for the trustee to marshal assets and pay creditors such as the plaintiff's "older sister" agency, who had a priority claim over plaintiff, and when plaintiff insisted on certain terms regarding treatment of revenue, gains and losses, etc., certain tax code provisions plaintiff has no business meddling in, plaintiff created an immediate priority liability for defendant, and as a result of same the IRS was paid from the moneys the trustee gathered during the four year period after discharge up and until Judge Trust closed that case file. The plaintiff did absolutely nothing for years, until seeking a writ of garnishment from this court for alleged proceeds of a special proceeding commenced in Nassau

---

[1] Tammy Stempel Ribotsky is a non-party, was not married to defendant at the time plaintiff commenced suit against him or at the time then EDNY District Court Judge Bianco "So Ordered" a Consent Judgment for the refenced civil matters in 2014.  Mrs. Ribotsky was the target of non-party subpoenas by same counsel for plaintiff in March of 2023.

County Supreme Court pertaining to a closely held NY formed Corporation[2] in the dry goods logistics business. Plaintiff herein sought a writ of garnishment from this court prior to discovery being concluded, interposed correspondence in that matter to the presiding New York State Supreme Court Justice opining to issues in that case, on United States agency letterhead, and this was for no true purpose as at that juncture in that case there was no money to be had, but nevertheless plaintiff began a campaign seeking depositions from defendant and his wife, only after agents of the plaintiff including Counselor Peyton-King was apparently "with" SEC Attorney/Investigator Byrne, when Byrne called a recorded business telephone line and identified himself and Peyton-King and proceeded to engage in conversation with defendants litigation adversaries and made representations to that adversary party in essence that they could be of help to him, when in reality, some law enforcement officers would consider that to be solicitation of conspiracy; however, the sec is charged with the duty of regulating securities, exchanges and things related to just those items; therefore, it does not provide its staff carte blanche to disregard penal laws prohibiting such conduct as its agent seem to on a regular basis engage in activities under the guise of enforcement of securities laws and or judgment enforcement for alleged violations of securities law, when under the circumstances they were never able to identify a single specific violation of securities law that defendant Ribotsky actually did, and yet they keep searching for this fictional money that they knew full well he never had for them to collect.

The status of the above referenced case can be summarized as follows: Defendant Ribotsky has filed for Bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. That matter is presently pending before Hon. Alan S. Trust, US Bankruptcy Court Judge, Eastern District of New York, Docket No.: 8-23-70583, and Allan B. Mendelsohn, Esq., assigned Bankruptcy Trustee. In that matter, Mr. Ribotsky is represented by Ronald D. Weiss, Esq., of the Law office of Ronald D. Weiss, 734 Walt Whitman Rd, Suite 203, Melville, New York, 11747. In that matter, plaintiff in these matters was listed as one of defendant Ribotsky's creditors, just as the United States Internal Revenue Service, and New York State Department of Taxation, amongst others.

Just so that the court is clear, these specific matters are pending before Chief Judge Alan Trust in a 2023 Chapter 7 Filing by defendant for which plaintiff is an adverse party in an adversary proceeding commenced by plaintiff SEC, and plaintiff UNITED STATES SECURITIES AND EXCHANGE COMMISSION now seeks this court's order to compel defendant judgment debtor to comply with plaintiff/judgment creditor's additional enforcement activity discovery in the District Court, all while this plaintiff failed to advise this District Court of the Chapter 7 proceedings currently pending before Chief Judge Alan Trust where these actual issues are scheduled for trial. What is wrong with this scenario? Clearly Plaintiff SEC believes it does not need to yield or comply to the Federal Courts, but that is incorrect, as the courts act as check and balance to reign in abuse of executive power, the exact type of behavior plaintiff continues to engage in here. The bankruptcy court reigned in plaintiff already and has delivered a decision to them they had not expected. Said decision, caused attorney Peyton-King to dispatch the undersigned correspondence on December 21, 2023, stating in sum to "not respond to the demands for documents" and this was because, plaintiff sustained a loss in the USBC EDNY on 12/21/23 for failing to reach their burden of proof. Clearly the issue here should be obvious to any reasonable person of ordinary intelligence, US SEC agents and attorneys quite simply have no regard for the laws of the USA when it comes to whatever they deem is their mission on any given day. They have completely disregarded the US Bankruptcy Code or the order of the US Bankruptcy Court, and they are in essence asking this court to assist them and provide them a court order to authorize their unlawful conduct and contempt of that court's orders and the Bankruptcy Code. Is the plaintiff asking this court to bless the contempt or excuse it? Either way, that simply is sanctionable conduct. There is nothing worse than a regulator who acts like a tyrant and breaks the law under the guise of law enforcement agent.

The SEC continues to pursue aggressive post-judgment discovery and enforcement here in the referenced matters against the Debtor and the Debtor's relatives for now an entire year that the Chapter 7 case is pending. Also, the SEC continues to pursue draconian collection efforts now by using the District Court judgment enforcement devices for what it seems serves no true legal purpose, but rather they are indeed flouting the bankruptcy code and harassing the Debtor's relatives and relations with a myriad of subpoenas designed to break the Debtor's will, or prove that this SEC attorney knows more than two trustees and the chief judge of USBC, and she will find money they overlooked; however, this simply has never been the result of SEC efforts here. The definition of insanity is repeating the same behavior over an over again expecting a different result—it is March 7, 2024, it seems that the SEC is indeed doing the exact same thing over again that it did on March 7, 2023. Is this court actually going to permit this insanity to continue or perhaps reign it in a little. The Bankruptcy Stay and Rules exist to protect Debtors from heavy handed enforcement efforts such as the tactics being used here in this court by the SEC. When the SEC threatens sanctions and contempt against Debtors like this defendant and their families in this District Court, while these particular matters are already set to be resolved by trial which has already been scheduled and ordered in the Bankruptcy Court, the SEC's conduct demonstrates that it is thumbing its nose at the entire United States Bankruptcy process as if Rules in the Bankruptcy Code somehow do not apply to the SEC, a US executive agency. The entire $14,500,000 judgment is at issue, because the SEC failed to meet its burden and prove that they had any evidence of a violation of securities law with regard to defendant/debtor Corey Ribotsky, and if you do not have a violation, how do you justify the fine and penalty as non-dischargeable debt?

---

[2] RIBOTSKY v. KBG COMMERCIAL, INC., et al; Nassau County Supreme Court; KBG Commercial, Inc is not a public company- no relation at all whatsoever to any Securities or Exchange, is regulated by US DOT not US SEC

DEFENDANT OBJECTS TO THESE PAPERS BEING TREATED AS A MOTION. If the court entertains plaintiff's instant application defendant herein and hereby, demands that the matter be fully briefed, a briefing schedule be provided, and formal written decision be published in the official recorder.

The failure of Plaintiff to disclose the active Chapter 7 proceeding to this court constitutes substandard attorney ethics and plaintiff's entire application is and should be sanctioned, as plaintiff's willful omission of the Chapter 7 proceeding is nothing less than an material misrepresentation of fact to this Court—being as these proceedings in this court are stayed by that court, and given the opportunity to formally brief this issue would result in our submission of numerous exhibits of documents generated by plaintiff violating the integrity of the current proceedings in the Chapter 7.

This court must now understand that when plaintiff alleges to this honorable court it now seeks yet again "third party depositions in connection with its efforts to collect the penalty portion of its final judgement"[3] the court should not just rubber stamp the United States executive agency request, because each post judgment application made has failed to yield any moneys at all, and as will now be quite clear, the plaintiff cannot be trusted, as her application is disingenuous, and she may be attempting now to use the District Court as an instrument to undermine the United States Bankruptcy Court EDNY and the US Bankruptcy Code. Counsel for the SEC has failed to first advise the court that these very issues are currently pending before Chief Judge Trust in a Chapter 7 proceeding, that plaintiff is the party that commenced same, that a trial is scheduled and pending in that court pertaining to these issues, and plaintiff has no legal authority as a judgment creditor party engaged in a Chapter 7 adversary proceeding to conduct any judgment enforcement activities at all whatsoever, let alone the ridiculous amount of activity this judgment creditor has interposed without being able to provide a legal basis for doing so. Such an egregious violation of the Bankruptcy proceedings, that it is the subject of motion practice interposed in that court on 3/6/24. Plaintiff's continued efforts to use the District Court as an instrument to engage in judgment enforcement should be sanctioned. When plaintiff was confronted with these realities by defendant's bankruptcy attorney, plaintiff's response was simply in sum, 'we are right you are wrong please submit precedent maybe we will consider it' See annexed email correspondence requesting plaintiff provide its authority to engage in this activity.

Respectfully Submitted,<br>
<i>s./</i>Kevin Phillip Krupnick, Esq.<br>
<i>Attorney for Defendant</i><br>
COREY S. RIBOTSKY

cc:       Maureen Peyton King, Esq.
*Attorney for Plaintiff*
US Securities and Exchange Commission
Via ECF

---

[3] 3/4/2024 SEC Attorney Peyton-King's correspondence at footnote "1" indicates "when sec sought a deposition of Mr. Ribotsky, the SEC likewise had to write the court to seek intervention" SO WHAT? What legal or factual purpose does this ridiculous comment demonstrate? NOTHING! Perhaps the fact that at some early point in her correspondence she may have wanted to let the court know that these matters are and still remain open and active, now pending trial in defendant's current Chapter 7, before EDNY Chief Judge Alan Trust, who has not extended any further stay of the automatic stay and has a trial scheduled for these very issues, as plaintiff herein has now commenced an adversary proceeding in the defendant's 2023 Chapter 7, and this was after plaintiff herein was provided a limited carve out to the auto stay exception for her to depose debtor therein and herein defendant Corey Ribotsky, and was only granted a carve out to conduct said deposition, not to come to the district court and commence judgment enforcement activity against defendant, and this has been brought to plaintiff's attention and is now the very subject of an order to show cause now before Judge Trust. If plaintiff wants to remind this court that it previously came to court to compel Mr. Ribotsky's deposition, she may want to start telling the whole story to the court and not fail to disclose material facts such as the pending open and active Chapter 7 and the fact that plaintiff has throughout same completely flouted the bankruptcy code that it is bound to abide to. FYI: Counselor King completed the deposition of Corey Ribotsky and his current wife Tammi Stempel Ribotsky in April 2023