

# THE KRUPNICK FIRM

*Attorneys at Law*
56 Hammond Road
Glen Cove NY 11542
844-741-7800 Tel
516-592-2820 Cel
516-759-0610 Fax
Email: kpkrupnick@gmail.com
http://www.krupnickfirm.com

March 14, 2024

<u>**VIA ECF**</u>

Hon. Ann Y. Shields
United States District Court
Eastern District of New York
Alphonse D'Amato Court Complex
100 Federal Plaza
Central Islip, NY 11722

Re: *United States Securities and Exchange Commission v. The NIR Group, LLC et al.*
Docket #: 2011- CV - 4723

Dear Magistrate Judge Shields:

I herein and hereby respond to Plaintiff US Securities and Exchange Commission's Senior Trial Counsel Maureen Peyton King, Esq.'s correspondence dated March 11, 2024, sent via ECF and written for the stated purpose "*to address the March 7, 2024 letter ("Response"), submitted by Defendant Corey Ribotsky ("Corey Ribotsky") in response to the SEC's March 4, letter ("Letter") requesting a pre-motion call to compel discovery.*"[1] I herein remind this honorable court that Plaintiff's March 4, 2024 application requested that: "*the court schedule a pre-motion call so that the SEC may request that the court compel the overdue production of documents from Jacob Ribotsky and to facilitate the scheduling of two third-party depositions in connection with its efforts to collect the penalty portion of its Final Judgment*" As you may recall plaintiff's counsel has been "busy-busy-busy" expending now even more of her client's unlimited time and resources to see if she can manipulate this court into asserting jurisdiction and taking action and bless plaintiff's unlawful judgment enforcement activity despite the obvious fact that this entire debt is now and remains actively pending before the Chief Justice of the US Bankruptcy Court, and is under all circumstances an issue that must be resolved in that court, prior to this court taking any actions against defendant herein, the debtor is in an active Chapter 7 before that court, especially considering that plaintiff in this case is a party to the particular adversary proceeding in that case, and now especially since plaintiff's entire judgment in this case is presently at issue before Chief Judge Trust. Plaintiff's March 11, 2024, application to this court of and concerning the issues now and properly pending in that court provide no legal authority to ignore those proceedings when making an application here. What is most disturbing here is that of all parties to litigation, this plaintiff is the ultimate party, because this plaintiff is an executive agency, formed by the United States, acting solely for the benefit and on behalf of the United States, and for all intended purposes in these matters is in fact the United States. I simply cannot recall where in the Constitution or in any

---

[1] **Defendant objects** to the five-page letter, its content, exhibits and purpose. Court rules limit both the number of pages to three and do not authorize parties to submit exhibits to correspondence. In addition, plaintiff's counsel provided some orders and components from the US Bankruptcy Court Chief Judge Trust, who has these very same issues pending before him now, and she in fact did disclose in her 3/12/2024 correspondence to this court that the debtor's emergency show cause application in that case is now being considered before that court on "April 22, 2024. BRDE 56" see page 3 of 5 of plaintiff's 3/12/24 correspondence. It is completely improper for plaintiff to attempt to have this issue adjudicated by this court when the very same issue is pending before that court, and generally the Bankruptcy Court over the issues plaintiff complains of here, and no exception applies. The plaintiff herein is nonother than the United States, and plaintiff is of all parties to any litigation in United States' Courts bound to follow the laws of the United States. Plaintiff's instant application now exceeds the boundaries of outrageous and must be sanctioned, as plaintiff's correspondence indicates that she believes that she has done nothing wrong. Under the circumstances, plaintiff refuses to take notice of the law and perhaps a direct order from the court of the law may prove to be beneficial for plaintiff an executive agency of the United States needs to be checked and balanced by either this court or the US Bankruptcy Court EDNY. Clearly, there is no other way this party to litigation will abide by the law and order of the United States that for some reason it refuses to yield too.

of its amendments that there is or ever was a carve out exception for this agency so as to justify its failure to follow the laws, rules, codes, precedents, etc., of the United States, nor can I recall any branch of the Federal Judiciary that would not have the authority to check and balance an agency acting in the manner that this plaintiff conducts itself; however, in consideration of plaintiff's conduct herein throughout the past five years I have observed plaintiff's agents conduct themselves, its no wonder a Federal Judge in Utah had reached his limits and sanctioned this very same plaintiff for blatantly presenting false and misleading facts to him for the purpose of obtaining court action. This seems to be stewed into the culture at this regulator agency, and this Court simply cannot rely on any representation of fact that the SEC presents to it in this or any other matter. With that said, defendant herein believes the sole factual basis for plaintiff's application for deposition is to attempt to garner evidence before the trial scheduled by Judge Trust in April. There simply cannot be any other reason a truth could be asserted for plaintiff interposing her application, despite defendant's Bankruptcy attorney providing her an opportunity to provide her yet additional notice to yield, when he asked via email for her to produce a legal basis for her activities in this case, her email response to him[2] was quite simply nothing more than a blatant disregard of the Bankruptcy Code, because the Bankruptcy Court Chief Judge is in the process of fully adjudicating these issues by trial. This issue. No other issue, but this very issue is now pending before it, in this plaintiff's adversarial proceeding. She cites no authority, because she has no legal, ethical or factual basis providing her authorization to engage in this activity or continue to engage in debt collection tactics expressly prohibited by all relevant United States law that protect judgment debtors such as defendant herein from draconian judgment creditors like plaintiff herein, and no exception applies especially this plaintiff, the United States. She has in essence dismissed the relevant law by ignoring it and responded to defendant's bankruptcy counsel by stating in sum "*present us with precedent and we will consider it.*" That is just extremely outrageous under the circumstances.

**DEFENDANT OBJECTS** TO THIS COURT RENDERING ANY DECISION REGARDING THE PLAINTIFF'S MARCH 7, 2024 APPLICATION WITHOUT PROVIDING A FORMAL BRIEFING SCHEDULE OF THE ISSUE SO AS TO AFFORD THE DEFENDANT THE OPPORTUNITY TO ARGUE THE ISSUES RAISED BY PLAINTIFF AND PROVIDE EXHIBITS FOR THE COURT TO CONSIDER AS ANY DECISION RENDERED WOULD IN ESSENCE RESULT IN DENYING DEFENDANT THE OPPORTUNITY TO BE HEARD – THUS A COMPLETE VIOALATION OF DEFENDANT'S FUNDAMENTAL RIGHT TO EQUAL PROTECTION AND DUE PROCESS OF LAW.

Simply put, the court's part rules do not provide for this type of correspondence to include exhibits and go beyond a three-page limit. For this court to properly adjudicate this issue, a formal briefing schedule is necessary and herein and hereby demanded by defendant. Without providing defendant with same, any decision rendered by this court based upon plaintiff counsel's correspondence, especially wherein defendant raises this type of objection would be reversible error on appeal. Plaintiff herein in essence wants this court to just ignore all relevant law and obvious facts and bless its efforts to engage in draconia.2n debt collection efforts in clear violation of the US Bankruptcy Code, Federal Rules of Civil Procedure, the United States Constitution, and decent moral principles. Once again, plaintiff's conduct is extreme and outrageous and should not be authorized by this or any other United States Court and must be checked and balanced. Plaintiff's request to deny defendant's request for sanctions on the basis that they are "meritless" demonstrates the clear and obvious need for this court to sanction this plaintiff.

> DEFENDANT HEREIN AND HEREBY ADAMANTLY OBJECTS TO THESE SERIES OF CORRESPONDENCE BEING TREATED BY THIS COURT AS A MOTION APPLICATION, AND DEFENDANT OBJECTS TO ANY ORDER BEING RENDERED BASED UPON THESE SUBMISSIONS OTHER THAN:
> (i) A DENIAL OF PLAINTIFF'S APPLICATION IN IT'S ENTIRETY; and/or
> (ii) SANCTIONS FOR THE PLAINTIFF'S OUTRAGOUS CONDUCT; or in the alternative
> (iii) THE COURT RENDER A FORMAL ORDER PROVIDING A MOTION BRIEFING SCHEDULE TO ADDRESS THE ISSUES RAISED BY PLAINTIFF A UNITED STATES EXECUTIVE AGENCY

---

[2] I would provide a copy of this email correspondence to the court for consideration, and herein request the court excuse my hearsay summarization of the referenced correspondence, but this court's part rules prohibit me from providing exhibits with this type of correspondence, despite the fact that plaintiff's 3/11/24 correspondence completely ignores and violates the rules of this court pertaining to this very type of correspondence, defendants attorney has obtained an exception from this court's local or part rules as they apply to advocating on behalf of my client; despite the fact that it is clearly obvious a any person of reasonable ordinary intelligence who can read words and count to the number of three, it is logical to conclude that plaintiff's counsel has absolutely no intent at all whatsoever to comply with this court's part rules and that plaintiff's counsel simply believes she is not bound to abide by this Court's part rules in the same exact manner plaintiff's counsel fails to yield to the laws of the United States and herein continues to press on in her efforts to undermine the jurisdiction of the US Bankruptcy Court by raising these issues in this court now.

**THE ISSUES PLAINTIFF SEEKS DISTRICT COURT INTERVENTION TO COMPEL DISCOVERY ARE PRESENTLY BANRUPTCY COURT ISSUES AND SHOULD NOT BE ADDRESSED HERE UNTIL FINAL DISPOSITION IN THAT MATTER IS ADJUDICATED**

Now that plaintiff has disclosed the procedural posture of plaintiff's adversarial proceeding in defendant's active Chapter 7 proceeding, to this court and the motion application seeks to employ judgment enforcement tools constitutes nothing less than a request from plaintiff to attempt to usurp the US Bankruptcy Court's absolute and definitive jurisdiction of the final disposition of the subject matter debt, and the obvious only urgent matter pending for plaintiff is now the adjudication of same in that court this coming April. It should be obvious to this honorable court that plaintiff herein is attempting to utilize this docket to garner discovery it is attempting to use in that Chapter 7 proceeding. It truly is unbelievable that in that court, plaintiff has not provided a single shred of discovery, has not disclosed a single document or offered any witness, just as they did in this case prior to garnering their settlement; however, now they come to this court in hopes of getting authorization to conduct yet another fishing expedition on the hope that it may produce some shred of evidence for plaintiff to offer in the Bankruptcy Court in the clearly now desperate efforts by plaintiff to salvage its judgment and save face for the fact that plaintiff has expended so much money, resources and time attempting to enforce the judgment it garnered from defendant in this action, whom plaintiff admits has filed bankruptcy three times since entry of plaintiff's $14,500,000.00 judgment in 2014, has been discharged by two trustees since entry of that judgment, has not ever had, earned or presently is able to earn the money necessary to pay plaintiff, as plaintiff is well aware from its own review of defendants financial disclosure prior to entering into the consent judgment. Again, I emphasize to this court the definition of insanity is to repeat the same behavior over and over again expecting a different result—and again, here plaintiff goes again and again. One would think that a plaintiff, such as the United States, should be able to conduct itself in a sane manner, but instead, here the almighty plaintiff demonstrates nothing more than pure unedited insanity, with no remorse and no ability to self-correct. Were it any other litigant in a civil action, this party would be sanctioned, and would have been stopped long ago.

This court must now understand that when plaintiff alleges to this honorable court it now seeks yet again "*third party depositions in connection with its efforts to collect the penalty portion of its final judgement*[3] *limited in scope*," the court should review the transcript of plaintiff's April 2023 depositions, and consider under the circumstances what could have possibly changed during defendant's pending Bankruptcy that now requires depositions, but yet here plaintiff seeks to depose plaintiff's son. It should be obvious to this court that the only urgent issue pending is the trial scheduled for April and that in order for plaintiff to establish its burden they must provide witness affidavits and exhibits to prove that there ever was any violation of securities law in this case and plaintiff never had any such witness or documentary evidence during this case and obviously will not have that in April; therefore, plaintiff is now in essence grasping at straws to try and garner some form of evidence to use in that trial, and this conduct cannot be blessed by this court. In fact, as this court may be well aware, plaintiff SEC has come under attack for its staff attorneys making material misrepresentations of fact to the Judiciary including written correspondence that Federal Judges have relied upon and now have later discovered were riddled with baseless allegations, false and/ or misleading statements. *See* US District Court of Utah, Central District, Securities and Exchange Commission v. Digital Licensing et al; Judge Robert J. Shelby and Magistrate Judge Dustin B. Pead Cause: 15:0077 Securities Fraud. [See

---

[3] 3/4/2024 and 3/12/2024 SEC Attorney Peyton-King's correspondence at footnote "1" indicates "when SEC sought a deposition of Mr. Ribotsky, the SEC likewise had to write the court to seek intervention" SO WHAT? What legal or factual purpose does this ridiculous comment demonstrate? NOTHING! Perhaps now that her 3/12/2024 correspondence indicates that was well aware at the time she made her 3/4/24 application to this court that these matters is, were, are, and still remain open, active, and still remain before Chief Judge Trust for resolution by a trial he has rendered a scheduling order for, providing for discovery and disclosure of documents, witness affidavits, etc., for the specific purpose of resolving this specific issue raised by this plaintiff in defendant's current Chapter 7 adversary proceeding that plaintiff herein commenced against defendant before EDNY Chief Judge Alan Trust. Last year, Chief Judge Trust provided plaintiff a carve out from of the automatic stay to conduct deposition of defendant herein (debtor therein) and has not created any additional carve outs for plaintiff in that matter; however, it is undisputed that Chief Judge Trust has scheduled a trial for hearing and determination of all issues concerning dischargeability of this debt; therefore this matter should not proceed further until the Bankruptcy court enters a final decision on this issue. In addition, Chief Judge Trust did not provide any additional carve out for plaintiff to continue its judgment enforcement activity in this case other than the initial carve out provided to plaintiff in early 2023; however, Judge Trust's scheduling order provides for discovery, if the plaintiff desires to participate in discovery. Plaintiff's carve out did not authorize its counsel to return to the district court and commence any judgment enforcement activity against defendant, and this has been brought to plaintiff's attention and is now undisputed that this issue is the core subject of an order to show cause now before Judge Trust, to be decided on the trial date set for April 2024- Next month. If plaintiff wants to remind this court that she made an application to the court last year to compel Mr. Ribotsky's deposition, yet she failed to advise the court that she did in fact complete defendant's deposition in April 2023. Now, what amount of the $14,500,000 does plaintiff expect to get from defendant now? In light of the fact that prior to plaintiff's deposition in 4/2023, defendant was undergoing treatment for Crohn's Disease and Prostate Cancer. On March 13, 2024 defendant underwent a surgical procedure to remove the prostate cancer from his body. Since plaintiff's March 2023 deposition, defendant has not been producing any additional income of any significance as a result of his health issues. Why now does plaintiff immediately need depositions from third parties, and what makes this insanity any more urgent than any of the other urgent needs plaintiff's counsel conjures up, but still has yet to yield one cent for her client chasing my client, who in her own words has now filed for bankruptcy three times. Bankrupt people are just that bankrupt! Yet Counsel King sees value in not only harassing the fifty-three year old defendant, but now desires to depose defendants son, and this should be where this court draws a line in the sand and reigns in the United States, almighty plaintiff herein.

also: A federal judge says SEC lawyers lied to freeze a crypto company's assets,] "Still, the SEC wants a double standard — it wants to be treated differently before federal courts than those that it regulates or attempts to regulate," the defense team wrote in Wednesday's filing. "When an individual or entity is suspected of making materially false and misleading statements in the securities market, the SEC brings charges under the anti-fraud provisions of the federal securities laws and seeks the heaviest monetary and non-monetary sanctions that it believes it can obtain in court." Accordingly, if plaintiff's discovery is so limited in scope, couldn't she simply provide interrogatories to the non-parties? Why would that not garner the same information for plaintiff? The court should know that defendant did not object to one single question plaintiff asked at the 4/2023 deposition; however, were the court to review that deposition transcript, when considering the plaintiff's instant application and understanding just exactly how outrageous plaintiff's questions of defendant and his current wife were in context with these proceedings and planet Earth, this court could not possibly conclude that plaintiff is capable of narrowly tailoring depositions for the purpose of garnering information leading to monies that can be utilized to satisfy the debt. For example, at one point in Mr. Ribotsky's 4/2023 deposition plaintiff asked defendant if he owned ADP[4] (Ticker Symbol "ADP") a large publicly traded company, listed on the NASDAQ Exchange, regulated by plaintiff, and required to file quarterly and annual statements with plaintiff, yet plaintiff asked defendant about whether or not he owned that company. ADP! I kid you not. What relevance is considered by plaintiff cannot be ascertained when it is obvious plaintiff has no clear concept of reality here on earth.

Again, this court must not again rubber stamp this United States executive agency's request, because each post judgment application made thus far by plaintiff has failed to yield any moneys at all, and as it should now be quite clear, the plaintiff is not only acting insane, but is acting with scienter with its efforts to now use this District Court as an instrument to undermine the United States Bankruptcy Court EDNY and the US Bankruptcy Code. Counsel for the SEC has now fully disclosed to this court that it is well aware that these very issues are currently pending before Chief Judge Trust in a Chapter 7 proceeding, that plaintiff is the party that commenced same, that a trial is scheduled and pending in that court pertaining to these issues, and plaintiff has no legal authority as a judgment creditor party engaged in a Chapter 7 adversary proceeding to conduct any judgment enforcement activities at all whatsoever, let alone the ridiculous amount of activity this judgment creditor has now and continues to interpose without being held accountable for its failure to provide a proper legal basis for doing so. Such an egregious violation of the Bankruptcy proceedings, that it is the subject of motion practice interposed in that court now both on 3/6/24 and further again on 3/11/2024.

## CONCLUSION

The District Court should yield to the Bankruptcy Court and allow that court too resolve all issues pending before it concerning the Judgment entered in the referenced District Court matter. There is no harm done to the plaintiff in its having to wait until April 2024 (next month) and allow Judge Trust to adjudicate these issues now pending before him.

I thank the court for its continued patience and consideration of these matters, and I remain very truly yours.

Respectfully Submitted,
*s./*Kevin Phillip Krupnick, Esq.
*Attorney for Defendant*
COREY S. RIBOTSKY

cc: Maureen Peyton King, Esq.
*Attorney for Plaintiff*
US Securities and Exchange Commission
Via ECF

---

[4] ADP Automatic Data Processing, Inc. (ADP) is an American provider of human resources management software and services, headquartered in Roseland, New Jersey ADP went public in 1961 with 300 clients, 125 employees, and revenues of approximately US$400,000. In 2020, ADP was ranked 227 on the Fortune 500 list of the largest United States corporations by revenue. ADP has also been included on Fortune Magazine's "World's Most Admired Companies" List for 14 consecutive years. ADP currently has about 63,000 employees worldwide and its fiscal year 2023 revenues were $18 billion.