# THE KRUPNICK FIRM

*Attorneys at Law*
56 Hammond Road
Glen Cove NY 11542
844-741-7800 Tel
516-592-2820 Cel
516-759-0610 Fax
Email: kpkrupnick@gmail.com
http://www.krupnickfirm.com

May 3, 2024

**VIA ECF**

Hon. Ann Y. Shields
United States District Court
Eastern District of New York
Alphonse D'Amato Court Complex
100 Federal Plaza
Central Islip, NY 11722

    Re:    *United States Securities and Exchange Commission v. The NIR Group, LLC et al.*
            Docket #: 2011- CV - 4723

Dear Magistrate Judge Shields:

The undersigned represents defendant Corey S. Ribotsky in the referenced matters, and I herein reply to attorney for plaintiff Maureen Peyton King, Esq's motion correspondence dated May 2, 2024, seeking to compel discovery from defendant for depositions of non-parties and document production, despite the fact that this court only ordered production of documents, and that was prior to the US Bankruptcy Court's rendering a subsequent decision and order, directing the plaintiff and defendant herein to resubmit summary judgment briefs for adjudication of the status of discharge of the entire 14.5 Million Dollar ($14,500,000.00) debt arising from the consent judgment in the referenced matters pursuant to Bankruptcy Code §529(a)(19) as per the order of EDNY Chief Judge Alan S./ Trust, dated, ordered and entered on April 22, 2024.  Defendant herein filed via ECF on April 30, 2024 Defendant's Objections to Plaintiff's Request for Non-Party Depositions and Production of Documents, and annexed thereto is the Bankruptcy Court's April 22, 2024 decision, thus providing this Court Notice of Entry of that Court's order and decision; therefore, for the reasons set forth below in detail, plaintiff herein asserts that the debt from the subject matter consent judgment in the referenced District Court matters is presently at issue before the US Bankruptcy Court, and pursuant to Second Circuit precedent, that court now has core jurisdiction over whether the consent judgment is dischargable or has already been discharged.   Until that issue is fully adjudicated in that venue any enforcement activity relating to that debt, which it should be noted may have already been discharged, is unlawful, and of all parties to litigation, plaintiff herein, the United States is bound by the laws of the United States and precedents of the Courts of the United States.  This conduct and omission of facts plaintiff herein presents to this honorable court amounts to nothing less than a material misrepresentation made upon this court and very similar to conduct SEC engaged in *SEC v. DebtBox*, wherein just weeks ago, United States District Court Judge Robert Shelby in his March 18, 2024 ruling, reprimanded the SEC for engaging in misconduct and failing to correct mistakes even after they were made and known to investigators and lawyers for the SEC.   Let me be very clear with this point, in this case from the date SEC commenced the referenced United States District Court Matters by filing plaintiff's Summons and Complaint with the Clerk of the Eastern District of New York District Court; up and until the time that plaintiff filed an amended complaint in 2013; up and until the parties executed the consent judgment that imposed upon defendant a penalty of $1 Million and prejudgment interest of $1 Million dollars[1] pursuant to Securities and Exchange Act  and even at the time Judge Bianco "so ordered" said judgment, up and through full

---

[1] Consent judgment states penalty is imposed for violations of: (1) 15 U.S.C. 78u(d)(3) [Exchange Act Sec. 21(d)(3)]; and (2) 15 U.S.C. 80a-9(d) [Investment Company Act Sec. 9(d)]

adjudication of defendant's first Chapter 7 filed in 2014, discharged order of then Judge Alan S. Trust, in 2016 -- PLAINTIFF HEREIN COMMENED NO ADVERSARY PROCEEDING IN THAT MATTER, BUT DID INDEED ATTEND ALL PROCEEDINGS AND ALL COURT CONFERENCES—the debt arising from this court's $14.5 million judgment, creditor plaintiff was listed by trustee Marc Pergament, Esq., for the $14.5 million judgment and in the referenced District Court consent judgement, at the time creditor SEC set forth a settlement proposal to defendant, and judgment consisting of penalty and forfeiture was docketed and entered against defendant/debtor, that amount of money is not the amount of money that plaintiff government agency imposes as a penalty upon a natural person such as defendant Ribotsky herein; but in fact the penalty here is TEN TIMES in excess of that government entities agency's indicated dollar amount fee schedule for either: (i) a violation of §21(d)(3) of the Securities and Exchange Act of 1934 [15 USC 78(u)(d)(3)]; and/or (ii) a violation of §9(d) of The Investment Advisors Act [15 U.S.C. 80a-9(d)]. *See* Plaintiff SEC's published schedule "*Inflation Adjustments to the Civil Monetary Penalties Administered by the Securities and Exchange Commission (as of January 15, 2024)*" [*see also*: https://www.sec.gov/files/rules/other/2024/33-11263.pdf] annexed hereto and made a part hereof, and same clearly demonstrates that the penalty imposed herein is, was and always has been a complete and total departure or failure of SEC to adhere to its own rules, policies and mandates for imposing fines pursuant to the very same identical federal statutes that the subject matter consent judgment indicates in clear unequivocal terms debtor Ribotsky's Penalty is based "pursuant to" and same having been indicated as a creditor by the trustee in 2016; and up and through the entire COVID-19 global pandemic; AND up and through the filing and discharge of defendant Ribotsky's second Chapter 7 proceedings, discharged in 2023 by order of now Chief Judge Alan S. Trust.

The current Bankruptcy court proceedings have now revealed that plaintiff SEC has never been able to produce any evidence that would establish Ribotsky's violation of any Securities Law. The SEC, cannot even so much as identify an approximate date of any alleged violation of securities law despite the fact that in order to impose a penalty the exact date of the alleged violation is the primary element to be identified to ascertain any penalty both securities laws at issue here. Likewise, absent a violation of Securities Laws, then void is the premise for imposing monetary penalties for violation of same. These are just some of the issues presently pending before Chief Judge Trust, who raised this issue calling to question as to why the debt arising from the referenced District Court matters was not discharged in defendant's first bankruptcy or dischargable in defendants 2023 Chapter 7 proceeding. Judge Trust had previously ordered trial of the issue of whether or not the SEC could produce evidence of Ribotsky's violation of any securities law, and in as much, the SEC failed to produce any evidence at all whatsoever of same. Plaintiff's sole offer of evidence of any violations of securities law are allegations of the named co-defendant in the referenced matters-- Daryl Dworkin, a convicted felon whom the US Department of Justice investigated and to wit resulted in Dworkin pleading guilty in this District Court to fraud, conspiracy to commit fraud, and conspiracy to use interstate facilities with the intent to promote unlawful activity. Dworkin negotiated a sentence of three year's probation with the DOJ that was conditioned upon his providing assistance to plaintiff in these matters against defendant Ribotsky. Basically, Dworkin's "get out of jail free" card was to provide plaintiff with incriminating evidence against herein co- defendant Ribotsky; however, to date Dworkin has never produced any such evidence. Nevertheless, staff attorneys for plaintiff SEC submitted to the sentencing judge attorney affirmations and/or declarations alleging that Dworkin had provided them assistance in their efforts to locate Ribotsky's assets; however, it seems low and behold that Dworkin made up any story he could conjure up regarding Ribotsky's assets; however, as the plaintiff has previously indicated to this court, to date plaintiff has not recovered one cent from defendant; therefore, the statements made to the criminal court of and concerning Dworkin's assistance in these matters is, was and will always be false and misleading representations made to a presiding District Court judge made by SEC staff counsel, which have never been corrected—exactly in the same manner as plaintiff conducted itself in the *SEC v. DebtBox* matters, and this Court should consider that fact when it determines the credibility of arguments offered by plaintiff in these matters that have been false and/or misrepresent material facts. Considering that plaintiff's entire case hinges on the credibility of a witness that the Department of Justice caught red handed engaging in acts of fraud, conspiracy to commit fraud, and hiding this fraud from defendant, who is one of the victims of the fraud he perpetrated, and these facts make that witness' credibility highly suspect, especially considering that a reasonable person could conclude that in order to save himself from being incarcerated in a Federal Penitentiary, Dworkin has not only the propensity to lie but also motivational incentive to lie here. There seems to be a pattern of behavior that plaintiff SEC engages in as a quasi law enforcement agency of the US Government; however, this is the very same pattern as the *DebtBox* matter, only its worse—its been going on for almost one and a half decades, and plaintiff has refused to correct any of its mistakes, worse plaintiff refuses to even admit it may have made a single mistake here and choses to employ hypothetical fact patterns in efforts to impose liability on Ribotsky, which is why plaintiff's staff is in a panic to cover up the fact that they have wasted an

extraordinary amount of time, resources, and money enforcing a judgment based upon a securities law violation to wit plaintiff cannot sustain any such violation of securities law and whatsmore may have been discharged in Ribotsky 2014 Chapter 7 proceeding. Once again, plaintiff has made a material misrepresentation to this court by not disclosing Chief Judge Trust's April 22, 2024 decision and order, which under the core proceeding doctrine, which currently provides exclusive jurisdiction to Judge Trust and in essence requires the District Court to yield until those issues are decided by that court whether this debt is dischargeable or has been discharged already. *See* Homaidan v. Sallie Mae, Inc., No. 20-1981 (2d Cir. 2021).

## DEFENDANT OBJECTS
## TO THIS CORRESPONDENCE BEING TREATED AS A MOTION

**Prior to ruling on this issue, defendant herein and hereby demands that court render a scheduling order for formal briefing and submission prior to rendering any decision and order on this issue.**

As the undersigned raised in my objection to the discovery taking place after the subsequent Decision and Order of Judge Trust, (ECF Document 134) The United States Securities and Exchange Commission ("SEC") is well aware that Chief Judge Trust has ordered that Mr. Ribotsky and the SEC can each move for summary judgment for a "second time" as to the dischargeability of the $14,500,000 Consent Judgment based upon the evidence already filed with the Court.

The April 22, 2024, Decision and Order of Chief Judge Trust placed all aspects of the Consent Judgment, including its dischargeability, or whether it had already been discharged, back into consideration. As the SEC is attempting to take discovery under the guise of "judgment enforcement", such discovery would now be improper based upon the recent decision of the bankruptcy court. The second motion for summary judgment will be utilized to determine whether or not the Consent Judgment is dischargable or has already been discharged in the Defendant's 2014 Chapter 7 case (14-75575-ast) or in this adversary proceeding current subject to determination by the bankruptcy court in his 2023 Chapter 7 case (23-70582-ast).

In addition to the April 22, 2024, decision, it is crucial to consider the scope of the April 3, 2024 decision and order of this Court. The April 3 order specifically addressed document discovery and did not authorize the depositions of any third parties. Therefore, any attempt by the SEC to expand the scope of discovery beyond the parameters set forth in the April 3 Decision and Order would be inconsistent with
the Court's directives and would exceed the bounds of permissible discovery. Once again it is plaintiff who is attempting to use this Court to gather information for proceedings in the bankruptcy court, where Chief Justice Trust has already ruled that only evidence that has been presented already may be used to determine whether or not the Consent Judgment is dischargeable or has already been discharged.

Plaintiff's Motion can most graciously be described as misinformation, material misrepresentation and an omission of facts. Plaintiff SEC overstates and misconstrues the procedural history as it stands now since the April 22, 2024, Decision and Order of Chief Justice Trust. Plaintiff's application dated April 30, 2024, which is eight days after the April 22, 2024 order, fails to consider and/or even disclose the fact that Chief Judge Trust rendered an order significantly effecting one hundred percent of the $14,500,000 judgment in this case and therefore, that omission is a material misrepresentation to this court. In addition, Plaintiff seeks discovery regarding enforcement of its judgment, yet capital accounts from Defendant's prior holdings in the former funds in liquidation hold close to $400,000.00. Defendant has made Plaintiff aware of the value of these accounts numerous times and yet, upon information and belief Plaintiff has not taken any steps to collect these assets toward the Consent Judgment. Plaintiff is well aware that the accounts in those funds represented the majority of Defendants net worth, as same was disclosed to Plaintiff in 2013 prior to the execution of the Consent Judgment.

Plaintiff also fails to mention that its relentless tactics are the subject of an *Emergency Motion to Impose the Automatic Stay as to all Collection Efforts of the United States Securities and Exchange Commission against the Debtors Property and all Property of this Bankruptcy Estate pursuant to 11 U.S.C. Sections 362 ( c) (3) (B) and 362 ( c) (3) ( c)* filed in March 6, 2024 in the current bankruptcy case before Chief Justice Trust which is currently pending decision.

As the Consent Judgment is now under reconsideration as to whether or not it is dischargible or has already been discharged, courts have outlined three categories of proceedings in which bankruptcy courts may exercise jurisdiction: proceedings arising under the Bankruptcy Code, proceedings arising in a case under the Bankruptcy Code, and those related to a case under the Bankruptcy Code. "Proceedings 'arising under title 11, or arising in a case under title 11,' are deemed 'core proceedings.'" Elliott v. Gen. Motors LLC (In re Motors Liquidation Co.), 829 F.3d 135, 153 (2d Cir. 2016), cert. denied sub nom. Gen. Motors LLC v. Elliott, 137 S. Ct. 1813 (2017) (quoting Stern v. Marshall, 564 U.S. 462, 476 (2011)). As the Second Circuit observed, "[p]roceedings that are 'core' are those that involve 'more pressing bankruptcy concerns.'" Anderson, 884 F.3d at 388 (quoting United States Lines, Inc. v. Am. Steamship Owners (In re United States Lines, Inc.), 197 F.3d 631, 640 (2d Cir. 1999)). "It is clear and undisputed that the dischargeability of debt is a matter that arises only under a federal statute [and] dischargeability of debt is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)." Trinity Christian Ctr. v. Koper (In re Koper), 516 B.R. 707, 719 (Bankr. E.D.N.Y. 2014). See Roberts v. Spencer (In re Spencer), 168 B.R. 142, 145 (Bankr. N.D. Tex. 1994) (observing that "[i]t is clear from [28 U.S.C. § 157(b)(2)(I)] that bankruptcy courts are to hear and determine the dischargeability of particular debts."); Haden v. Edwards (In re Edwards), 104 B.R. 890, 895 (Bankr. E.D. Tenn. 1989) (asserting that "[p]roceedings to determine the dischargeability of debts or in opposition to the debtor's discharge . . . are clearly core proceedings.").

Based on the foregoing, since the entire Consent Judgment is once again the core issue of the summary judgment pending before the United States Bankruptcy Court, any discovery related to judgment enforcement must wait for a determination by the bankruptcy court on whether or not said Consent Judgment is dischargeable or has already been discharged. As such, this Court cannot compel discovery related to enforcement of the Consent Judgment as the Consent Judgment may not actually exist at this time.

I respectfully request that the Court deny the SEC's motion to compel discovery until such time as it has been determined whether or not the Consent Judgment is dischargeable or has already bene discharged conclusively by the bankruptcy court, which as this Court is well aware is already in process.

Very truly yours,
*s./*Kevin Phillip Krupnick, Esq.
*Attorney for Defendant*
COREY S. RIBOTSKY

cc: Maureen Peyton King, Esq.
*Attorney for Plaintiff*
US Securities and Exchange Commission
Via ECF