

# THE KRUPNICK FIRM
*Attorneys at Law*
56 Hammond Road
Glen Cove NY 11542
844-741-7800 Tel
516-592-2820 Cel
516-759-0610 Fax
Email: kkrupnick@krupnickfirm.com

January 22, 2025

Hon. Joan Azrack, DCJ
United States District Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, NY 11722

Re:  United States Securities and Exchange Commission v. Corey S. Ribotsky
     Case No.: 11-cv-4723

Honorable Azrack,

The undersigned represents defendant Corey S. Ribotsky ("Ribotsky") in the referenced matters. In compliance with the Court's May 15, 2024, order requesting the parties file a status update after Chief Judge Trust renders a decision on the SEC's pending motion for summary judgment in Ribotsky's bankruptcy case, In re Corey S. Ribotsky, Case No. 8-23-70583-AST (DE 106) ("Bankruptcy Case"), defendant hereby respectfully submits status update to the court.

Mr. Ribotsky's filed his second Chapter 7 Bankruptcy in 2023, identifying his debt to the SEC from the judgment entered in this case as a creditor, and since adjudicating the bankruptcy, the SEC remains Ribotsky's sole creditor, and the SEC's judgment from this case was the sole issue pending before Judge Trust. On January 10, 2025, Chief Judge Trust granted the SEC's motion for summary judgment and denied Defendant Corey Ribotsky's ("Ribotsky") motion for summary judgment in the Bankruptcy Case. DE 106. The bankruptcy court's order states that: "the entire amount of Corey S. Ribotsky's debt to the SEC ordered in the Consent Judgment including a civil money penalty in the amount of $1,000,000 (one million dollars); disgorgement in the amount of $12,500,000 (twelve million five hundred thousand dollars); prejudgment interest in the amount of $1,000,000 (one million dollars); and any applicable post-judgment interest, is not dischargeable pursuant to Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19)." DE 106. Ribotsky filed a notice of appeal on January 20, 2025. The foregoing facts are undisputed by the parties; however, plaintiff SEC alleges "*Ribotsky neither sought a stay nor marked the appeal as related to this case*" is a material

misrepresentation, as the plaintiff is well aware that the judgment resulting from this case is the sole issue adjudicated by Judge Trust and likewise the sole issue of the appeal to the District Court of the Eastern District New York, and for which plaintiff's counsel has an urgent need to engage in judgment enforcement against an individual who in 2013, the year the parties entered the Consent Decree herein was entered, Ribotsky provided full financial disclosure and same indicated that he had no significant savings, investments, assets, and/or cash at that time. Additionally in 2013 Ribotsky filed sworn statements of net worth in his Nassau County Supreme Court Divorce action against his first wife, Stacey Ribotsky and again in 2014 in his first Chapter 7 bankruptcy—all indicating that Ribotsky was broke then, just as he still is now, but he has now married and lives with his second wife, Tammi Ribotsky and whom the SEC has deposed multiple times in these matters. Now, more than a decade after all of that and having filed his second Chapter 7 bankruptcy, the SEC never has been able to find one single cent being hidden by Ribotsky from them and the SEC having already had this court enter an order of garnishment[1] any assets hidden by Mr. Ribotsky. Further consider, that the consent decree provides for Mr. Ribotsky's forfeiture of his capital accounts in the AJW Funds, those accounts being his sole asset in 2013, which he agreed to forfeit as part of the Consent Decree entered into with plaintiff in 2013, and now having just this month completed the liquidation process and disbursed to investors their net proceeds, except Ribotsky, one of the largest investors in said funds having received not one single cent from same[2]-- Today, the plaintiff now has the urgent imperative need to depose: (i) Mr. Ribotsky's son, twenty-four year old son who was thirteen years-old in 2013; (2) Tyler Levitt, Second wife Tammi Ribotsky's nephew; and (3) an entire fishing expedition into Mrs. Ribotsky's business, which Mr. Ribotsky has no ownership interest therein.

Moreover, counsel for plaintiff now seeks an order from this court "*comply with the Court's May 8, 2024, Order by producing documents by February 2, 2025 and appearing for depositions on February 11, 2025 or another date agreeable to the SEC.*" That order entered before your honor rendered the aforementioned May 15, 2024, order granting defendants application to stay plaintiff. The order counsel refers to was entered, on May 8, 2024, rendered by Magistrate Judge Shields. It is undisputed Shields "*ordered (i) Ribotsky, Jacob Ribotsky, and Krupnick Ribotsky Ltd. to produce documents to the SEC; and (ii) Jacob Ribotsky and Tyler Levitt to appear for depositions on May 16, 2024*." However, what plaintiff's counsel failed to inform the court, is that Defendant never consented to the Magistrate judge hearing deciding any issue in this case, and defendant asserted objection to the Magistrate judge making any further rulings in these matters, because the magistrate quite simply was rubber stamping all of plaintiff's request without ever reviewing the defendant's submissions, and was rendering orders to compel discovery during the Bankruptcy for matters directly relating to those issues for the sole purpose of harassing defendant, because plaintiff is a United States Agency, and it knows full well that the relief it requested from Magistrate Shields was inappropriate, thus prompting defendant's application to your honor in May of 2024 and your Honor's

---

[1] Although SEC has an order from this court awarding garnishment of Ribotsky's wages, they have never utilized said garnishment to collect any money.
[2] For the past decade, plaintiff has shown little or no interest in securing that money to satisfy any element of plaintiff's judgment for disgorgement, fine, interest, etc.

promptly staying plaintiff's activity. In light of the fact that defendant never did consent to the Magistrate deciding issues in this case and filed objection with the clerk to same, the magistrates findings and/or orders should not be ordered by your honor and defendant herein respectfully requests that any issue plaintiff presented to the magistrate that plaintiff seeks to enforce, must be reviewed and presented to your honor for decision and order.

In as much, considering the extent of the fishing expedition plaintiff's counsel now seeks to utilize this court's discovery process to depose defendants children, wife's relatives and business, pursuant to your honor's part rules, defendant Ribotsky herein and hereby respectfully requests that the Court maintain the status quo of the current stay of discovery ordered in this matter on May 15, 2024, and that order remain in effect pending resolution of Mr. Ribotsky's appeal of Judge Trust's January 6, 2025, Opinion and Order, as your Honor can ascertain from the plaintiff's counsel's correspondence, the continued stay would not prejudice plaintiff in any significant manner and will continue to ensure fairness and judicial economy throughout this process.

Thank you for Your Honor's consideration.

Respectfully Submitted,
*s./*Kevin Phillip Krupnick, Esq.
*Attorney for Defendant*
COREY S. RIBOTSKY

cc: Maureen Peyton King, Esq.
*Attorney for Plaintiff*
US Securities and Exchange Commission
Via ECF