

# THE KRUPNICK FIRM
*Attorneys at Law*
56 Hammond Road
Glen Cove NY 11542
844-741-7800 Tel
516-592-2820 Cel
516-759-0610 Fax
Email: kpkrupnick@gmail.com
http://www.krupnickfirm.com

**VIA ECF**

Hon. Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
290 Federal Plaza
Central Islip, NY 11722

RE: **DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER**

Dear Judge Azrack,

Defendant Corey S. Ribotsky respectfully submits this objection to Magistrate Judge Shields' May 8, 2024, Order compelling discovery from non-parties Jacob Ribotsky, Tyler Levitt, and Krupnick Ribotsky Ltd. Pursuant to Federal Rule of Civil Procedure 72(a) and Your Honor's Individual Rule IV.F, Defendant requests that the Court set aside or modify the ruling for the following reasons.

The defendant has consistently objected to the utilization of the Magistrate Judge in this matter, asserting that all determinations regarding discovery should be made by the District Court. Defendant never consented to the Magistrate Judge deciding substantive discovery issues, and the delegation of these matters has resulted in rulings that fail to adequately consider Defendant's objections, the extensive history of SEC investigations, and the lack of any evidence supporting additional enforcement efforts. Accordingly, any discovery orders issued by the Magistrate Judge should be reviewed de novo by this Court.

Since the entry of the consent judgment and settlement, Defendant has been unable to generate significant income and has been out of the financial services industry since 2011. The SEC remains Defendant's sole creditor, and despite over a decade of investigations, the SEC has failed to uncover any hidden assets or undisclosed sources of income. Defendant has undergone two bankruptcy proceedings—one in 2014 (Case No. 8-14-08122-AST) and another in 2023 (Case No. 8-23-70583-AST) in which trustees Pergament and Mendelsohn, conducted extensive financial reviews and found no evidence of concealed funds. Defendant has also gone through extensive financial disclosure with the law firm representing the liquidator of the AJW Family of Funds, not to mention the United States Internal Revenue Service for back taxes owed. None of these financial reviews have found evidence of concealed funds. Attached hereto as Exhibit "9" is the history of defendant and his current spouse, Tammi Stempel's, discovery compliance.

**I. The 2014 Bankruptcy Discharged the SEC's Consent Judgment**

The SEC's continued enforcement efforts are improper because the 2014 bankruptcy proceeding (Case No. 8-14-08122-AST) discharged the SEC's consent judgment, and the SEC did not challenge its dischargeability at the time.

Furthermore, 523(a)(19) did not apply to the 2014 bankruptcy because the consent judgment was part of a consent decree in which Defendant neither admitted nor denied any violations of securities laws. Under 523(a)(19), non-dischargeability requires either an admission of wrongdoing or a judicial determination of a securities law violation, neither of which occurred in this case. Since the consent decree lacked any finding of wrongdoing, the SEC judgment was dischargeable at the time of the 2014 bankruptcy.

The SEC had a strict 60-day deadline under Federal Rule of Bankruptcy Procedure 4007(c) to challenge the dischargeability of its claim in the 2014 bankruptcy. It failed to do so, and as a result, waived its right to contest the discharge. Under 11 U.S.C. § 350(b), a bankruptcy

case may only be reopened for cause, but courts do not allow cases to be reopened to challenge a discharge that could have been contested earlier. (See *In re Stein*, 592 B.R. 14 (Bankr. E.D.N.Y. 2018).)

Additionally, the doctrine of laches bars the SEC from now attempting to relitigate the 2014 discharge issue. Laches applies where a party unreasonably delays asserting a right and that delay prejudices the opposing party. Here:

1. The SEC had a full and fair opportunity to challenge the dischargeability in 2014 but failed to act.
2. In the 2023 bankruptcy adversary proceeding, Defendant explicitly argued that the consent judgment was discharged in the 2014 bankruptcy final order of discharge, and Judge Trust did not rule against this argument.
3. If the SEC is now permitted to argue that the 2014 bankruptcy did not discharge the judgment, it would constitute an improper collateral attack on a final discharge order, violating principles of finality and due process in bankruptcy proceedings.

The SEC and the Court cannot now retroactively apply 523(a)(19) in 2025 to claim that the debt was always non-dischargeable. Bankruptcy law applies as it existed at the time of the filing, and because there was no applicable securities violation finding in 2014, the debt was legally discharged.

Additionally, under the Supreme Court's 2024 decision in Loper Bright Enterprises v. Raimondo, the SEC is not the judge and jury over its own enforcement actions. The Loper decision limited agency power by eliminating Chevron deference, meaning courts do not have to accept the SEC's self-serving interpretation of its own enforcement authority. The SEC cannot rewrite history or reinterpret facts to retroactively declare non-dischargeability where none existed at the time of bankruptcy.

While the 2023 bankruptcy ruling under § 523(a)(19) found that the SEC's judgment was not discharged in that proceeding, which is currently on appeal, it does not override the fact that the judgment was already discharged in 2014. The SEC waived its right to challenge dischargeability at the time and cannot now assert an argument that contradicts the finality of the 2014 bankruptcy.

**II. SEC's Abuse of Process:** The SEC is using post-judgment discovery as a punitive measure, not as a legitimate means of collection. The SEC has refused to take reasonable enforcement steps, such as garnishing Defendant's income, proving that this is more about harassment than collection. The SEC's approach violates Rule 26(b)(2)(C), which requires courts to limit discovery that is cumulative, duplicative, or can be obtained through less intrusive means.

Additionally, the doctrine of laches bars the SEC from attempting to relitigate the 2014 discharge issue. Laches applies where a party unreasonably delays asserting a right, and that delay results in prejudice to the opposing party (*Costello v. United States*, 365 U.S. 265, 282 (1961)). Here:

1. The SEC had full knowledge of the 2014 bankruptcy discharge and had an opportunity to challenge dischargeability at that time but failed to act.
2. For over a decade, the SEC remained silent, allowing Defendant to proceed under the assumption that the consent judgment was discharged.
3. Allowing the SEC to now claim that the debt was non-dischargeable would severely prejudice Defendant, who has already undergone two bankruptcies and has endured excessive discovery efforts, subpoenas, and garnishments.

Further, in the 2023 bankruptcy adversary proceeding, Defendant explicitly argued that the consent judgment was discharged in the 2014 bankruptcy final order of discharge, and Judge Trust did not rule against this argument. Since the 2025 decision does not state that the SEC's judgment was not discharged in 2014, the legal presumption must be that it was discharged. The SEC is now attempting to reverse that finality without any legal basis, constituting an impermissible collateral attack on a final discharge order, violating principles of finality, due process, and fairness.

**III. Obligations Beyond the Federal Rules:** Defendant objects to the subpoena to the extent that it seeks to impose obligations beyond those imposed by Rules 34 and 69 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 3015. Additionally, under Federal Rule of Civil Procedure 45(d)(1), the SEC must avoid undue burden or expense on a party, which it has disregarded by continuing speculative and excessive discovery requests.

**IV. Protection Against Fishing Expeditions and Harassment:** The SEC's subpoenas constitute an improper fishing expedition that violates 28 U.S.C. § 1782, which limits discovery to information directly related to legal proceedings and prohibits unduly burdensome requests. Furthermore, FRCP 26(c) entitles Defendant to protection from harassment and unreasonable discovery burdens. The SEC has

had over a decade to conduct discovery and has found no evidence of undisclosed assets, making its continued enforcement efforts abusive.

**V. Violation of Proportionality Standards (FRCP 26):** Discovery must be proportional to the needs of the case, and the SEC's demands exceed what is reasonable. The Consent Decree resolved the SEC's enforcement rights, yet the SEC continues to act as if it has open-ended investigative authority. Defendant has no income, assets, or financial control over the subpoenaed third parties, making the SEC's requests irrelevant and oppressive.

**VI. No Justification for Third-Party Discovery:** The SEC has provided no evidence that the subpoenaed third parties are holding assets for Defendant. Courts have routinely ruled that speculative fishing expeditions into third parties are improper and should be quashed.

**VII. Plaintiff was well aware of Defendant's finances in 2013**: The Sadis & Goldberg letter (ECF No. 97) confirms that the SEC was well aware that Defendant forfeited his capital accounts in the AJW Family of Funds, which represented the bulk of his net worth, and that he did not have the requisite assets to satisfy the consent judgment. Despite knowing this, the SEC proceeded with the judgment while continuing to suggest, without evidence, that Defendant had other undisclosed assets. The SEC later mischaracterized Defendant's non-payment in 2014, despite prior acknowledgment of his financial status. Additionally, the SEC falsely contends that

Defendant filed for bankruptcy solely to avoid depositions, yet both Defendant and his second wife, Tammi Stempel, have sat for depositions multiple times—including before the 2014 bankruptcy, during the 2014 bankruptcy, and again in 2023. The SEC, over a decade later, continues its discovery efforts without any factual basis, relying on mere conjecture rather than proof of any hidden assets.

**VIII. Disgorgement Violations under Liu v. SEC:** Under *Liu v. SEC*, 140 S. Ct. 1936 (2020), any disgorgement must be directly related to ill-gotten gains and returned to those from whom it was taken. Defendant has forfeited all of his capital accounts in the AJW Family of Funds, and for years received K-1s from PricewaterhouseCoopers (PWC) reflecting substantial balances of $300,000 to $400,000. Upon information and belief, PWC has made distributions to AJW Family of Funds investors, including distributions in late 2024 (see Exhibit "10" for K-1s). Despite these distributions, any amounts forfeited by the defendant and distributed to these investors have not been disclosed or credited by the SEC toward the disgorgement total, in violation of Liu v. SEC.

**Relief Requested**

For all of the following reasons, Defendant respectfully objects to the Magistrate Judge's May 8, 2024, Order compelling discovery:

1. The SEC's consent judgment was discharged in the 2014 bankruptcy (Case No. 8-14-08122-AST), rendering it unenforceable.
2. The SEC is engaging in an abuse of process by using discovery as a punitive measure rather than a legitimate judgment enforcement tool.
3. The SEC's discovery demands violate proportionality standards under Rule 26(b)(2)(C).
4. The SEC has provided no justification for its third-party discovery, as there is no evidence that the subpoenaed third parties hold assets for Defendant.
5. The SEC knowingly used misleading information to interfere with Defendant's business and financial future.
6. No amount of discovery will create assets that do not exist, and the SEC has been aware of this fact since 2013 after years of civil discovery and financial reviews.

For all these reasons, the discovery order should not be enforced. The SEC has no legal basis to continue its enforcement efforts or issue discovery requests related to a debt that no longer exists.

Thank you for Your Honor's consideration

Respectfully Submitted,
*s./*Kevin Phillip Krupnick, Esq.
*Attorney for Defendant*
COREY S. RIBOTSKY
