

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

February 5, 2025

**By ECF**
Hon. Joan M. Azrack
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *SEC v. The NIR Group, LLC, et al.*, 11-cv-4723

Dear Judge Azrack:

      Plaintiff Securities and Exchange Commission ("SEC") writes to respond to Defendant Corey Ribotsky's ("Ribotsky") February 3 letter, seeking relief from post-judgment discovery. The SEC respectfully requests that the Court deny Ribtosky's requests, which misstate facts and law. Likewise, the SEC requests that the Court reject the objections filed by Jacob Ribotsky, Krupnick Ribotsky Ltd., and Tyler Levitt both because they are procedurally untimely and substantively invalid.

      Ribotsky's objection to the Magistrate Judge's discovery order is moot because on January 29, 2025, this Court ordered: "Defendant to comply with Magistrate Judge Shields' May 8, 2024 order compelling (i) Ribotsky, Jacob Ribotsky, and Krupnick Ribotsky Ltd. to produce documents to the SEC; and (ii) Jacob Ribotsky and Tyler Levitt to appear for depositions. The requested documents shall be produced by February 10, 2025, and Jacob Ribotsky and Tyler Levitt shall appear for depositions on February 11, 2025 or another date agreeable to the SEC." ("Jan. 29 Order"). Text only, no DE #. As it seems clear that Ribotsky will continue to balk at providing the Court-ordered discovery, the SEC respectfully requests that the Court order appropriate sanctions should Ribotsky, Jacob Ribostky, Tyler Levitt, or Krupnick Ribotsky Ltd. fail to comply fully with the Court's Jan. 29 Order.[1]

      As to Ribotsky's remaining allegations, they generally misstate the law and facts. The SEC will address them in summary fashion.

---

[1] On May 8, 2024, Magistrate Judge Shields cautioned "Jacob Ribotsky, Corey Ribotsky, Tyler Levitt, and Krupnick Ribotsky Ltd., as well as counsel for the individuals, Mr. Kevin Krupnick, Esq…that continued failure to comply with this Court's orders will result in the imposition of sanctions."

Ribotsky essentially claims that the SEC's post-judgment discovery is improper and that there is no basis for third-party discovery even though both the federal rules and case law are clear that a creditor is entitled to discovery, including from third-parties. Federal Rule of Civil Procedure 69(a)(1)(2) provides: "(2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from *any person*—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Emphasis added. Likewise, courts recognize that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts. Post-judgment discovery is governed by Federal Rule of Civil Procedure 69…The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment….New York state's post-judgment discovery procedures, made applicable to proceedings in aid of execution by Federal Rule 69(a)(1), have a similarly broad sweep….Of course…the district court has broad discretion to limit discovery in a prudential and proportionate way." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207–08 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014). Further, "[i]t is not uncommon to seek asset discovery from third parties…that possess information pertaining to the judgment debtor's assets. *See* Fed.R.Civ.P. 69(a)(2) (permitting discovery "from any person")…." *Id.* at 207.

The SEC's discovery requests to Ribotsky, family members who may have knowledge or custody of Ribotsky's assets, and potential income sources, are squarely within the scope of the post-judgment discovery contemplated by the applicable rules and caselaw. The SEC has previously described, in its March 3, 2024 letter, DE 134, that the SEC seeks to determine whether Corey Ribotsky has traveled to Dubai, Paris, Las Vegas, Saint Martin, and other destinations in the past two years – while essentially claiming he has no assets. Accordingly, the SEC has asked for documents such as a copy of Corey Ribotsky's passport. The SEC also seeks to determine whether he in fact resides in a luxury apartment on the Upper East Side in Manhattan, which appears to rent for over $14,000 per month. The Court has already ruled that these persons must comply with the SEC's requests. Thus, the Court should dismiss as meritless Ribotsky's claims of a fishing expedition, harassment, or an abuse of power.

As to Ribotsky's contention that the amounts the SEC seeks to collect were discharged in 2014, the Court should reject this argument as entirely incorrect. On January 10, 2025, the bankruptcy court entered an Order and Judgment, adjudging Ribotsky's debt, including post-judgment interest, to be nondischargeable (the "Order Denying Discharge"), which Ribotsky is appealing. The same Judge who issued the Order Denying Discharge, Judge Trust, also presided over the 2014 bankruptcy that Ribotsky now claims was discharged.

In connection with Ribotsky's Federal Rule of Civil Procedure 60(b) motion, the Court already rejected *Liu* arguments Ribotsky advanced. DE 120. Thus, Ribotsky should not be able to again raise *Liu* arguments.

Without specifics, Ribotsky complains that the discovery requests impose obligations beyond the Federal Rules and 28 U.S.C. §3015. DE 143. Separately, each of the third parties from whom the SEC seeks discovery, Krupnick Ribotsky Ltd. (KRL"), Jacob Ribotsky, and Tyler Levitt ("Levitt") (collectively, "Third Parties") objects to the discovery the SEC seeks.  DE 144-46.  However, these objections are untimely and, therefore, impermissible. Federal Rule of Civil Procedure 45(d)(2)(B) requires objections to be written and "Judge Trust, who just held his debt to be excepted from discharge, presided over the bankruptcy case in which he says he was discharged.
served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  As shown in the table below, the time to object to these subpoenas passed several months ago.

| Subpoena Recipient | Service Date | Objection Deadline | Exhibit Reference |
|---|---|---|---|
| KRL | January 25, 2024 | February 8, 2024 | Ex. 1 |
| Jacob Ribotsky | January 29, 2024 | February12, 2024 | Ex. 2 |
| Tyler Levitt | May 15, 2024 | May 29, 2024 | Ex. 3 |

Even if the Third Parties could object, the Court should reject their bald, general objections as well as their specific objections.  Each objection recites substantially similar arguments (though Levitt's relates only to the deposition as the SEC did not seek document discovery).  Each cookie-cutter objection makes unsupported claims about facts developed by the SEC, misstates postjudgment discovery rules and law, undercuts the objections by making unsupported statements about his financial dealings with Ribotsky, and regurgitates arguments Ribotsky makes concerning the underlying action. Even if they were timely, the Court should not entertain these objections.

For all these reasons, the Court should reject Ribotsky's request that the Court not enforce the discovery the SEC seeks and impose sanctions if Ribotsky, Jacob Ribotsky, Tyler Levitt, Krupnick Ribotsky Ltd., or their attorney, Kevin Krupnick, fails to comply with the Court-ordered discovery.

Respectfully submitted,
s/*Maureen Peyton King*
Maureen Peyton King
Senior Trial Counsel