
UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

February 5, 2025

**By ECF**
Hon. Joan M. Azrack
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *SEC v. The NIR Group, LLC, et al.*, 11-cv-4723/
             Request for Transfer of Related Bankruptcy Appeal in Ribotsky v. SEC,
             <u>25-cv-349, to this Court</u>

Dear Judge Azrack:

      The Securities and Exchange Commission ("SEC") writes pursuant to Rule 3 of the Rules for the Division of Business for the Eastern District of New York to request that the Court transfer the bankruptcy appeal of defendant Corey S. Ribotsky ("Ribotsky"), 25-cv-349 (E.D.N.Y.) (the "Bankruptcy Appeal") to this Court. The Bankruptcy Appeal arises from the same transactions and events pending before the Court. Thus, the transfer will result in judicial efficiency and economy and ensure that Ribotsky cannot continue to seek relief in different courts. As required, SEC counsel conferred with Ribotsky, through counsel, as to whether he would agree to the transfer. Ribotsky declined, stating a transfer "may prejudice" his client over the need for "judicial economy."[1] This response serves to underscore the need to transfer the case.

      The Bankruptcy Appeal and this case are related because they arise from the same transactions or events namely, the entry of a Final Judgment against Ribotsky and the SEC's attempts to collect on that judgment. On November 13, 2013, the Court entered a Final Judgment against Ribotsky that ordered him to pay $14,500,000 in disgorgement, prejudgment interest and civil penalty ("Final Judgment"). DE 90. In connection with the SEC's collection efforts, the SEC has sought relief from the Court in connection with post-judgment discovery. *See e.g.,* DE 117 Motion for Writ of Garnishment; DE 121 Motion for Discovery; DE 127 Second Motion for Discovery; and DE 138 Second

---

[1] I certify that the SEC staff conferred in good faith with Ribotsky, through counsel, in an effort to reach an agreement on whether or not the cases are related. On January 30, 2025, SEC staff sent an email to Ron Weiss, Ribotsky's counsel, asking for Ribotsky's consent to transfer the Bankruptcy Appeal to this Court as a related case. On January 31, 2025, Ribotsky's counsel replied by email, that Ribotsky would not agree to the transfer for the reasons stated in the email. *See* Exhibit 1.

Motion to Compel Discovery. The Court also denied Ribotsky's Motion to Vacate the Final Order, rejecting Ribotsky's arguments that the Final Order violated his rights to due process and equal protection, among other arguments.  DE 120.

When Ribotsky sought discharge of these amounts in his latest bankruptcy case, the SEC moved for a summary judgment determination that the amounts were nondischargeable, which the bankruptcy court granted on January 5, 2025.  Judge Trust's memorandum opinion held that Ribotsky's debt to the SEC memorialized in the Final Judgment was excepted from discharge pursuant to Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19), which excepts from discharge debts arising from a debtor's violation of the federal securities laws, among other debts. In so holding, the bankruptcy court concluded that "the SEC [had] met its burden for summary judgment by providing evidence of multiple securities law violations." *In re Corey S. Ribotsky*, No. 23-70583 (Bankr. E.D.N.Y.) (DE 106 at 11)   On January 10, 2025, Judge Trust entered an Order and Judgment, adjudging Ribotsky's debt, including post-judgment interest, to be nondischargeable (the "Order Denying Discharge"). On January 20, 2025, Ribotsky responded by filing a notice of appeal from the Order Denying Discharge but did not "relate" the appeal to the case pending in this Court.  The Bankruptcy Appeal was assigned to District Judge Block.  The SEC then sought, and the Court granted, relief from the collections discovery stay the Court had ordered until the bankruptcy court issued its decision on dischargeability.

The post-judgment collections matter before this Court and Ribotsky's appeal as to the dischargeability of the amounts the SEC seeks are clearly related because whether the SEC may ultimately collect on the Final Judgment is dependent upon the outcome of Ribotsky's appeal.  Thus, to avoid inconsistencies, and to promote judicial efficiency and uniformity, the SEC respectfully requests that the Court transfer the Bankruptcy Appeal to this Court.
.

        Respectfully submitted,
        s/*Maureen Peyton King*
        Maureen Peyton King
        Senior Trial Counsel

cc:  Honorable Frederic Block (by ECF), Ron Weiss (by email)