FILED
CLERK

2/10/2025 3:18 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

      -against-

THE NIR GROUP, LLC et al.,

                        Defendants.
_____

**MEMORANDUM & ORDER**
11-cv-04723 (JMA) (AYS)

**AZRACK, United States District Judge:**

      On May 8, 2024, Magistrate Judge Shields issued a discovery order compelling (i) Defendant Ribotsky, Jacob Ribotsky, and Krupnick Ribotsky Ltd. to produce documents to the SEC; and (ii) Jacob Ribotsky and Tyler Levitt to appear for depositions. (Elec. Order dated May 8, 2024.) On May 15, 2024, the Court stayed this case pending Chief Judge Alan S. Trust's resolution of the Securities and Exchange Commission's motion for summary judgment in In re Corey S. Ribotsky, Case No. 8-23-70583-AST. (See Elec. Order dated May 15, 2024.) On January 10, 2025, Chief Judge Trust granted the SEC's motion for summary judgment and denied Defendant Corey Ribotsky's motion for summary judgment in the bankruptcy case. (See ECF No. 141 .) On January 29, 2025, the Court lifted the stay in this case and ordered Defendant to comply with Magistrate Judge Shields' May 8, 2024 order. (Elec. Order dated Jan. 29, 2025.) On February 3, 2025, Defendant filed an objection to Magistrate Judge Shields' May 8, 2024 discovery order, and non-parties Jacob Ribotsky, Tyler Levitt, and Krupnick Ribotsky Ltd. filed objections to the subpoena issued by the SEC in this matter. (ECF Nos. 143, 144, 145, and 146.) For the reasons set forth herein, Defendant's objections to Judge Shields' discovery order are OVERRULED, the non-party objections to the subpoena are OVERRULED, and Defendants and non-parties are ordered to comply with Judge Shields' May 8, 2024 discovery order.

I.  **Discussion**

A magistrate judge is authorized "to make findings as to non-dispositive [] matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'" United States v. Town of Oyster Bay, No. 14-CV-2317, 2022 WL 4485154, at *2 (E.D.N.Y. Sept. 27, 2022) (quoting Storms v. United States, No. 13-CV-811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014)); see also Sampedro v. Silver Point Cap., L.P., 958 F.3d 140, 142 & n.1 (2d Cir. 2020) (affirming district court's application of "clear error" review to magistrate judge's discovery order). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." Ark. Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc., 77 F.4th 74, 90 (2d Cir. 2023) (quoting Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc., 945 F.3d 53, 63 (2d Cir. 2019)); United States v. Dumitru, 991 F.3d 427, 436 (2d Cir. 2021) (same) (quoting Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985)). An order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Galloway v. County of Nassau, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022) (citation and internal quotation marks omitted) (quoting Weiner v. McKeefery, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014)). Under this highly deferential standard, "magistrate judges are afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." Almakalani v. McAleenan, 527 F. Supp. 3d 205, 219 (E.D.N.Y. 2021) (citing Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009)). Therefore, "a party seeking to overturn or modify a discovery order [by a magistrate judge] bears a heavy burden." Macchia v. ADP, Inc., 711 F.Supp.3d 162, 166, (E.D.N.Y. Jan. 9, 2024); In re Alpene, Ltd., No. 21-MC-2547, 2023 WL 5237336, at *4 (E.D.N.Y. Aug. 15, 2023) (quoting Wager v. G4S Secure Integration, LLC, No. 19-CV-3547, 2021 WL 293076, at *2 (S.D.N.Y. Jan. 28, 2021)).

Where a party serves and files objections to a magistrate judge's decision on "a [discovery] matter not dispositive of a party's claim or defense" within fourteen days of that decision, "[t]he district judge in the case must consider [those] timely objections" to the magistrate judge's decision, "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also United States v. Pilcher, 950 F.3d 39, 44 (2d Cir. 2020) (noting that Fed. R. Civ. P. 72(a) "requires a district court to consider a party's timely objections to a magistrate judge's order deciding a 'pretrial matter not dispositive of a party's claim or defense' and to 'modify or set aside any part of the order that is clearly erroneous or is contrary to law'" (quoting Williams v. Beemiller, Inc., 527 F.3d 259, 264 (2d Cir. 2008))).

After evaluating the record and both parties' motions with regards to Defendant's objections, the Court has carefully reviewed Judge Shields' discovery order for clear error and, finding none, hereby OVERRULES Defendant's objections to Judge Shields' discovery order. Additionally, the Court OVERRULES the objections to filed by non-parties Jacob Ribotsky, Tyler Levitt, and Krupnick Ribotsky, which are both untimely and lacking in merit, and orders them to comply with Judge Shields' May 8, 2024 discovery order. All further discovery-related requests or motions shall be directed to Magistrate Judge Shields in accordance with Judge Shields' individual rules. (See Judge Azrack's Individual Rule IV. A.) Finally, the Court notes that failure to comply with Judge Shields' discovery orders and the orders of this Court may result in the imposition of sanctions by Judge Shields or by this Court.

**SO ORDERED.**

Dated: February 10, 2025
       Central Islip, New York

                                                /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE