

# THE KRUPNICK FIRM
*Attorneys at Law*
56 Hammond Road
Glen Cove NY 11542
844-741-7800 Tel
516-592-2820 Cel
516-759-0610 Fax
Email: kpkrupnick@gmail.com
http://www.krupnickfirm.com

February 28, 2025

Hon. Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
290 Federal Plaza
Central Islip, NY 11722

RE: Re: SEC v. NIR Group, LLC et al, Case No. 11-cv-04723 - VIA ECF
Letter Motion for Protective Order and Quash Subpoenas

Dear Judge Azrack,

The undersigned represents non-parties Jacob Ribotsky, Tyler Levitt, and Krupnick-Ribotsky Ltd. (collectively, the "Non-Parties") and respectfully submits this motion pursuant to Federal Rule of Civil Procedure 26(c), seeking a protective order to prevent unnecessary, irrelevant, and unduly burdensome discovery directed toward these Non-Parties. Additionally, pursuant to Federal Rule of Civil Procedure 45(d)(3), we request that this Court quash the SEC's subpoenas issued to these Non-Parties. This Court has previously quashed a subpoena issued to SEC counsel Kenneth Byrne, establishing the law of the case. Under procedural due process and principles of equity, all parties—and particularly non-parties who have provided sworn affidavits demonstrating their lack of relevant discovery information—must be treated equally. The SEC recently sought reassignment of this case to Your Honor citing judicial economy. Consistent with that goal, the SEC should not pursue burdensome discovery from Non-Parties who have sworn under affidavit to having no relevant assets or information. Such discovery would waste judicial resources, especially given the pending appeal before Your Honor, and the SEC's own 2013 acknowledgment—after extensive financial review—that Defendant Ribotsky lacked the ability to satisfy this judgment.

This motion for a protective order and to quash the subpoenas represents the first formal request by these Non-Parties for equitable relief under Federal Rules of Civil Procedure 26(c) and 45(d)(3). The Non-Parties previously filed objections promptly after the Court lifted its discovery stay, but those objections were overruled by the Court on February 10, 2025, as untimely and without merit. Importantly, however, a formal protective order and motion to quash seeking equitable relief have not previously been filed or adjudicated. Given the significant undue burden, oppressive discovery, and changed circumstances—particularly in light of recent SEC filings and representations, this formal request for equitable relief is timely and procedurally appropriate for this Court's consideration.

As court records indicate, the SEC obtained a consent judgment against Corey Ribotsky in 2013 for approximately $14.5 million-- $12,500,000,00 as disgorgement, $1,000,000.00 for civil penalties, and $1,000,000.00 for prejudgment interest. Prior to entering into this agreement with the SEC and the court's entry of this consent judgment, the SEC demanded Mr. Ribotsky furnish extensive financial disclosure from Mr. Ribotsky, and same clearly demonstrated his inability to satisfy the judgment beyond the assets already disclosed in his AJW Funds capital accounts. Based upon these disclosures, the SEC approved and granted Mr. Ribotsky a waiver of immediate payment obligations. Now, after multiple bankruptcy proceedings (Chapter 7 in 2014 and 2023) and extensive investigations, the SEC has to date never uncovered any hidden or undisclosed assets.

Notably, in its recent request to reassign this case, the SEC incorrectly represented to this honorable Court that it had filed an adversary proceeding regarding the dischargeability of Mr. Ribotsky's debt; however, the SEC **never** filed an adversary proceeding (emphasis added) in either the 2014 or the 2023 bankruptcy proceedings. Rather, Judge Trust, in the 2023 Chapter 7 proceeding (In re Corey S. Ribotsky, Case No. 8-23-70583-ast, ECF Doc. No. 27), specifically ordered a briefing schedule and subsequently directed the parties to submit cross-motions for summary judgment, treating the matter as though the SEC had interposed an adversary proceeding. This mischaracterization by the SEC demonstrates a pattern of misrepresentations the SEC has made to this Court to justify further judgment enforcement discovery efforts that will yield no relevant information, but now seeks to burden third parties for no other reason than they are in physical proximity to Mr. Ribotsky, or they work for or are related to his second wife, who has worked her entire life and was not married to him when he operated the AJW funds or at the time the SEC entered into the consent agreement with him.

The enforceability of the SEC's judgment remains unresolved due to the pending appeal of the Bankruptcy Court decision concerning the dischargeability of Mr. Ribotsky's SEC debt. Moreover, the SEC has acknowledged in prior filings (ECF Document 148) that the "judgments collectability depends entirely upon the outcome of this pending appeal." Clearly, it is reasonable to conclude that proceeding with further discovery at this juncture is inappropriate under these circumstances, especially before the appeal is resolved by this Court, and also is unjustified, because in essence it places the cart before the horse.

The SEC's recent discovery demands—particularly subpoenas directed at Mr. Ribotsky's son, his wife's nephew, and his wife's unrelated business entity (KRL)—are irrelevant, disproportionate, and unduly burdensome on these non-parties. These Non-Parties have no financial information about Ribotsky's assets and/or any connection to the judgment enforcement matter at all whatsoever.

Additionally, when defendant previously subpoenaed Kenneth Byrne, Esq., an SEC employee involved in the underlying investigation, this Court quashed that subpoena, thereby establishing the law of this case regarding discovery limitations. We herein ask that the same standard applied for plaintiff be applied to all parties so as to comply with procedural due process and equal protection under the law, which is most applicable under the circumstances as the plaintiff herein is the United States.

Further, the SEC's refusal to credit recently redistributed capital from the AJW Funds towards the disgorgement judgment directly conflicts with binding Supreme Court precedents, notably Kokesh v. SEC and Liu v. SEC. These decisions clearly mandate that

disgorgement must benefit investors rather than serve as an additional government-imposed penalty. The SEC's current posture in this case violates these controlling authorities, as the agreement require Ribotsky to forfeit his capital accounts in AJW Funds, and those capital accounts were paid out to investors by the liquidator of the fund this past December and no adjustment has been made reflecting that event.

The SEC's current discovery approach, including the subpoenas directed at Mr. Ribotsky's wife, appears grounded in the unfounded assumption that Mrs. Ribotsky cannot independently support herself and her family financially. Such assumptions are outdated, inappropriate, and unsupported by evidence. They are particularly troubling given that both the District Court Judge and Magistrate Judge, along with the SEC's own lead counsel, are accomplished professional women who clearly recognize the capability and autonomy of women to independently support themselves without reliance upon male counterparts. This makes the SEC's position not only legally baseless but also contrary to common sense and modern standards of fairness and equality.

Additionally, the expansive nature of the SEC's current discovery exceeds the permissible bounds established by the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001-3308. The FDCPA specifically restricts government collection efforts to authorized methods, none of which authorize burdensome depositions of third parties with no relevant connection to judgment enforcement.

On February 28, 2025, the SEC objected to discovery sought from it by Corey Ribotsky, arguing to me that post-judgment discovery under Federal Rule of Civil Procedure 69(a)(2) must be strictly limited to identifying assets directly related to judgment enforcement. Specifically, the SEC insisted that discovery requests must be narrowly tailored, relevant, proportional, and limited solely to discovering assets of the judgment debtor. Yet, the SEC now seeks expansive, burdensome, and intrusive discovery from non-party individuals—Jacob Ribotsky, Tyler Levitt, and Krupnick-Ribotsky Ltd. ("KRL")—who have provided affidavits explicitly affirming they possess no relevant financial information, assets, or involvement relating to the judgment debtor. By the SEC's own articulated standards, its current subpoenas against these third parties are clearly impermissible. The SEC's position in opposing discovery directed toward itself highlights a fundamental double standard—insisting upon strictly limited discovery when directed at them while simultaneously issuing overly broad subpoenas to non-parties without any connection to the judgment enforcement process.

For the foregoing reasons, the Non-Parties respectfully request that this Court issue a protective order pursuant to Rule 26(c) preventing further unnecessary, burdensome, and irrelevant discovery directed at these Non-Parties. Additionally, the Non-Parties request this Court to quash the SEC's subpoenas pursuant to Rule 45(d)(3), as the subpoenas impose an undue burden, exceed the proper scope of post-judgment discovery, and represent unnecessary and oppressive discovery and should be quashed. Should the Court find it helpful or necessary, the Non-Parties respectfully request permission to submit a full briefing on the matters raised herein.

Respectfully Submitted,<br>
*s./*Kevin Phillip Krupnick, Esq.<br>
*Attorney for Non-Parties*