US District Court – EDNY: Civil Action File No. 11-CV-4723
*United States Securities and Exchange Commission v. The NIR Group, LLC et al*

## **DEFENDANT COREY S. RIBOTSKY'S OPPOSITION TO PLAINTIFF'S APRIL 2, 2025 MOTION TO COMPEL**

Magistrate Judge Shields:

The undersigned represents defendant Corey S. Ribotsky in the referenced matters, now pending post-judgment enforcement activities of the final and "*so ordered*" consent decree signed August 21, 2013, final judgment conformed, rendered and entered on November 14, 2013. Defendant herein submits opposition to plaintiff SEC's instant motion application seeking to compel defendant Corey S. Ribotsky to further respond to SEC's Subpoena Deuces Tecum dated November 28, 2023, ten years fourteen days after Hon. Joseph F. Bianco rendered the November 14, 2013, Final Judgment by Consent entered against defendant Corey Ribotsky.

On March 4, 2025, this honorable Court ordered defendant to:

(i) Comply with plaintiff's two subpoenas for non-party witness testimony and produce the two subpoenaed non-party witnesses for deposition at plaintiff's office on March 24, 2025, specifically (a) Jacob Alexander Ribotsky, defendant's twenty-three year old son; and (b) Defendant's wife's twenty-one year old nephew Tyler Levitt, who at all times he had worked for KRL on a part time basis, less than ten hours per week, remotely from his home in Rockland County; This court scheduled both non-party depositions to be conducted at The SEC offices in lower Manhattan, March 24, 2025; *and*

(ii) Defendant Ribotsky and non-party KRL were ordered to respond to plaintiff's subpoena deuces tecum on or before March 19, 2025, prior to plaintiff's conducting depositions of the non-party witnesses.

First, in harmony with the Court's 4/25/25 decision and order, both Jacob Alexander Ribotsky and Tyler Levitt were indeed produced for deposition at the SEC NY Metro Office located on the 20th Floor at 100 Pearl Street, in lower Manhattan on March 24, 2025 and on that date plaintiff United States did indeed conduct depositions of defendant's twenty-three year old son and his wife's twenty-one year old nephew on March 24, 2025.
*and*
Second, both defendant Ribotsky and non-party KRL provided their respective responses to plaintiff's subpoena deuces tecum on March 19, 2025 as the court had ordered same to be provided to the plaintiff prior to conducting depositions of the witnesses, despite the fact that neither of the two witnesses being deposed could provide any relevant testimony pertaining to documents requested in either of the two subpoenas deuces tecum issued to defendant Ribotsky or non-party KRL.

The SEC's April 2, 2025, motion to compel further production of documents and travel records misrepresents facts in a manner designed to support a narrative of asset concealment that simply is not supported by any evidence. Thus, the SEC's motion improperly expands plaintiff's demand for production of documents outside of the scope of plaintiff's subpoena deuces tecum dated November 28, 2023.

I. PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S RULES FOR SUBMITTING MOTIONS CONCERNING DISCOVERY DISPUTES.

INDIVIDUAL PRACTICE RULES OF MAGISTRATE JUSDGE ANN Y. SHIELDS

Section VII. Discovery (C). Discovery Disputes/Motions: Under this Court's rules (pp. 5–6), counsel must first make a good faith effort to resolve discovery disputes, including deposition objections, without court intervention. If those efforts fail, counsel must initiate a conference call with chambers at (631) 712-5710. Attorneys may not bring a discovery motion unless and until they have complied with this process. The Court

does not accept letter motions unless specifically authorized after a conference call. If the dispute is not resolved during the call, counsel will be advised how and when to proceed with a formal motion.

Here, Plaintiff's counsel failed to comply. No conference call was initiated with chambers, yet Plaintiff filed a discovery motion anyway. This is a direct violation of the Court's rules. Those rules do not contain any exception for Plaintiff or its counsel. Defense counsel would not—and did not—file any motion without first complying with these same procedural requirements. Plaintiff's disregard for the Court's rules should not be excused.

Accordingly, the Court should decline to consider Plaintiff's motion. Procedural due process requires that all parties—plaintiffs and defendants alike—be treated equally. That standard applies with even greater weight when the Plaintiff is the United States government.

The Court should consider that counsel for Plaintiff sent repeated correspondence alleging deficiencies but failed to allow Defendant's counsel a reasonable time to respond. Many of the so-called deficiencies did not involve missing documents, but rather improper demands for explanations or conduct—requests that fall outside the scope of a subpoena duces tecum. If Plaintiff sought narrative responses, it could have issued interrogatories. Instead, Plaintiff misuses a subpoena duces tecum to elicit statements resembling testimony, not documents. Moreover, the subpoena was limited in temporal scope.

II. MR. RIBOTSKY HAS COMPLIED WITH DISCOVERY AND IS NOT CONCEALING ASSETS

Since the SEC initiated its investigation in 2009, Mr. Ribotsky has fully cooperated—producing over five million pages of documents, sitting for multiple depositions and interviews, and providing updated financial disclosures, including during settlement discussions. This was never a criminal matter; Mr. Ribotsky has never been charged with any crime, his passport has never been seized, and his travel has never been restricted.

The SEC's suggestion that international travel or use of a passport supports concealment of assets is legally baseless. By that logic, any individual who travels internationally while owing money on a judgment or outstanding bill would be deemed to be concealing assets—a meritless and unsupportable claim. Likewise, Mr. Ribotsky's occasional use of a credit card—owned and controlled by his spouse and used primarily for assisting her business—does not constitute hidden income or assets. These modest expenditures have already been fully documented through third-party subpoenas, and upon information and belief, the SEC has obtained all relevant records.

The SEC had full access to Mr. Ribotsky's financial records from 2007 to 2014, including the AJW Funds' audited financials, capital accounts, and tax filings of NIR, related entities, and Mr. Ribotsky personally. At no time did the SEC establish that Mr. Ribotsky diverted funds from the AJW Funds for personal use. Since stepping down as fund manager, he has not earned enough to accumulate meaningful assets and has not amassed funds sufficient to satisfy the judgment.

At the time of the Consent Judgment, his capital accounts in the AJW Funds held approximately $30 million. Mr. Ribotsky consented to a $14.5 million judgment with the understanding that those funds would satisfy it, not a $29.5 million judgment. Those accounts were not disbursed by the liquidators until December 2024. When documentation of these facts was produced, SEC counsel questioned its relevance—demonstrating a continued failure to grasp where Mr. Ribotsky's assets actually were.

Rather than focus on the AJW capital accounts, the SEC has chosen to depose Mr. Ribotsky's 24-year-old son and 21-year-old nephew and scrutinize his passport, while ignoring the core financial reality of this case. Defendant has not concealed any assets; he simply does not have the means to pay.

Courts have repeatedly held that a judgment debtor's spouse's assets or income cannot be imputed absent evidence of ownership, control, commingling, or fraudulent transfer. See *United States v. Chesir*, 526 F. Supp. 2d 242, 247 (E.D.N.Y. 2007); *SEC v. Solow*, 682 F. Supp. 2d 1312, 1324–25 (S.D. Fla. 2010); *SEC v. Antar*, 120 F. Supp. 2d 431, 444–45 (D.N.J. 2000). The SEC has not provided any such proof. Mrs. Ribotsky's income and business operations are independent and were already disclosed through subpoena responses. Permitting Defendant to use a credit card does not make those funds his.

Despite this, the SEC has never provided a mechanism for payment or even a designated account for remittance. Mr. Ribotsky has stated that he would not oppose wage garnishment, and in 2024, his bankruptcy counsel made a written settlement offer, which the SEC ignored. After 16 years, they have not recovered a single dollar. Yet they continue to dedicate significant legal resources to pursue funds that do not exist—raising serious questions about whether the SEC seeks payment or simply punishment.

III. THE SEC IS MISCHARACTERIZING THE LONG ISLAND RESIDENCE

Mr. Ribotsky testified under oath that he did not pay rent for either of his former Long Island residences. The most recent, 5 Campo Circle, was surrendered to the landlord's counsel in late 2023. Prior to that, he stayed there only intermittently, often alone, while he and Mrs. Ribotsky worked on their marriage, a private matter that has no relevance to this proceeding and should not be subject to SEC scrutiny. The SEC's attempt to use this as evidence against him is a mischaracterization and entirely irrelevant to whether he has hidden assets or income.

IV. THE NYC APARTMENT IS A RENTAL PROPERTY PAID FOR BY MR. RIBOTSKY'S SPOUSE — IT IS NOT HIS ASSET

The SEC's claim that Defendant Ribotsky's relocation to a New York City rental apartment evidences hidden assets is baseless and unsupported. The apartment is not owned by Mr. Ribotsky, and he holds no leasehold interest, makes no financial contributions, and owns no property there aside from personal effects. The rent is paid exclusively by Mrs. Ribotsky, who independently operates her own business in which Defendant has no interest.

The SEC equates mere access to the apartment with ownership or income concealment—an inference unsupported by law or fact. If accepted, this logic would unfairly subject anyone staying with a relative to similar accusations. Moreover, the SEC has already subpoenaed and received financial records confirming how rent is paid. There is no evidence that Mr. Ribotsky pays rent or has the financial means to do so. Any benefit he receives from the housing arrangement stems solely from his wife's independent finances.

V. THE SEC IS IMPROPERLY EXPANDING THE SCOPE OF DISCOVERY

The SEC's original subpoena sought travel records for a specific period, and Mr. Ribotsky complied by producing passport pages and related materials from that timeframe. Now, through a so-called deficiency notice, the SEC seeks "all travel records," despite the fact that this Court only ordered compliance with the November 14, 2023, subpoena—which contains no such broad request.

Courts have consistently rejected this tactic. See *In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646 (S.D.N.Y. Nov. 19, 2013) ("A party cannot unilaterally expand the scope of discovery via deficiency letters"). Discovery must be proportional and relevant under Rule 26(b)(1), not speculative. See also *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990). After more than a decade of investigation, litigation, and two Chapter 7 bankruptcies, the SEC has produced no evidence of concealed assets. Its continued effort to reframe routine family expenses as nefarious is unsupported and improper. This speculative approach should not be permitted to persist.

CONCLUSION

For the reasons set forth above, we respectfully request that the Court dismiss in its entirety the SEC's motion to compel defendant Corey S. Ribotsky, as the plaintiff failed to comply with this Courts rules and plaintiff's motion should not even be considered pursuant to same. Upon information and belief, Defendant Corey Ribotsky will be undergoing emergency medical testing and biopsies due to the possible recurrence of a prior cancer diagnosis. We respectfully ask that this Honorable Court work with us should this situation result in any brief delays. Rest assured, Defendant Ribotsky remains fully committed to cooperating in good faith with Plaintiff's judgment enforcement efforts, to complying with all future decisions and orders of this Court, and to encouraging Plaintiff to engage in meaningful discussions regarding potential settlement or resolution.

Respectfully submitted,
s./Kevin P. Krupnick
*Attorney for Defendant*
**Corey S. Ribotsky**
*Attorney for Non-Party*
**Krupnick Ribotsky, Ltd.**
The Krupnick Firm
56 Hammond Road
Glen Cove, NY 11542 USA