

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Brookfield Place, 200 Vesey Street, Suite 400
New York, NY 10281-1022

NEW YORK
REGIONAL OFFICE

April 11, 2025

**By ECF**
Hon. Anne Y. Shields
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   *Securities and Exchange Commission v. The NIR Group, LLC, et al.,*
      11-cv-4723

Dear Judge Shields:

Plaintiff Securities and Exchange Commission ("SEC") writes to reply to Defendant Corey Ribotsky's ("Defendant" or "Ribotsky") April 7 filings opposing the SEC's renewed motions to compel the KRL and Ribotsky productions (collectively "Oppositions"). DE 159-160 (KRL) and DE 161 (Ribotsky).

**The SEC Sought and the Court Granted Permission to Submit a Letter Concerning Additional Issues at the March 4 Conference.**  Putting aside the irony of Ribotsky complaining that the SEC did not comply with the Court's rule regarding discovery disputes when the issue before the Court is Defendant's non-compliance with the Court's discovery orders, at the March 4 conference, SEC counsel understood the Court to grant the SEC permission to submit a letter on any continuing issues of non-compliance concerning the Court-ordered discovery.  Accordingly, the SEC submitted its letter after trying in vain to resolve the discovery issues with Ribotsky (through counsel).  Thus, the Court should reject as meritless any argument that the Court should not consider the SEC's motion to compel the remaining discovery.

**The Oppositions obfuscate wildly.**  The issue before the Court is noncompliance with the SEC's document requests.  Thus, the SEC will only address the Oppositions as they relate to the Motion to Compel.  Ribotsky's Opposition claims that "the SEC has produced no evidence of concealed assets" and "asset concealment…is not supported by any evidence." DE 161. Likewise, the KRL Oppositions claim that "[t]he SEC has failed to provide evidence to support any allegation of undisclosed financial coordination." DE 160.  The SEC's document discovery is designed to elicit such evidence. Thus, Ribotsky and KRL – not the SEC - bear the burden of production.

Ribotsky's Oppositions then double down, claiming that "Defendant has not concealed any assets; he simply does not have the means to pay" and the SEC

"continue[s] to…pursue funds that do not exist." DE 161. Yet, a recently produced document from American Community Bank suggests that Ribotsky has access to accounts including those held by his lawyer's firm: "Mr. Ribotsky is also associated with business accounts in the name of The Krupnick Firm." Ex. 6.

As to KRL, Ribotsky represents that "KRL['s]… finances are not and have never been assets and/or interests of Defendant Corey Ribotsky." DE 160. Ribotsky further asserts that "Defendant has no ownership interests or financial stake in KRL and KRL has not engaged in any action or activities to shield, divert, or conceal funds on behalf of defendant Ribotsky…." DE 160. Ribotsky adds that "[n]o KRL account has been used to facilitate payments on Defendant Ribotsky's behalf." DE 160. Documents the SEC obtained from American Community Bank, which generally relate to 2023 and prior, contradict these representations. First, a *Certification of Beneficial Owners with Verification*, indicates that Corey and Tammi Ribotsky are each 50% owners of KRL. Ex.1. The document compilation also contains a signature card naming Corey Ribotsky as an owner/signer of KRL account x7578. Ex. 1. Statements for two more KRL accounts, x8907 and x8725 bear Corey and Tammi Ribotsky's names for at least a period of time. A sample of these three accounts show that in one month, hundreds of thousands – to more than a million dollars - cycled through each account.

| Date | Account | Credits | Debits | Reference |
|------|---------|---------|--------|-----------|
| 12/31/22 – 1/31/23 | x7578 | $257,525.60 | $93,169.76 | Ex.2 |
| 7/1/22 – 7/29/22 | x8725 | $351,849.69 | $349,778.85 | Ex.3 |
| 3/1/22 – 3/31/22 | x8907 | $1,121,453.24 | $1,210,326.60 | Ex.4 |

Thus, it seems clear that Ribotsky's representations about his role in KRL and his access to its funds are false.

As to the Upper East Side rental, Ribotsky now admits he relocated there. DE 161. KRL produced rent checks totaling over $146,000 for rent in 2022 from account x8725. DE 158, Ex. 6 (rent payments). KRL did not produce at least one additional $13,330 payment from the same account for 2023. Ex. 5. Since Ribotsky's name is on the KRL account making this payment, the Opposition's representations that "[t]here is no evidence that [he] pays rent or has the financial means to do so" or that '[a]ny benefit he receives from the housing arrangement stems solely from his wife's independent finances" or that Mr. Ribotsky "makes no financial contributions" to the apartment appear, at best, misleading. *Id*.

**The SEC Seeks Relief.** The SEC has long sought the documents that are the subject of the motion to compel, and more to the point, payment of what Ribotsky owes the SEC. The Court ordered all discovery pursuant to the months old subpoenas to be produced by March 17. As of April 11, Defendant and KRL have failed to comply. It now seems clear that the documents that Defendant has delayed producing are very relevant to his ability to pay. The SEC's continuing efforts to gather evidence of Ribotsky's ability to pay from third parties supports its position that Ribotsky has willingly failed to provide the SEC with documents responsive to its requests. For example, documents recently obtained by the SEC from a third party show that he has –

at least - made false or misleading misrepresentations to the Court concerning his role in KRL, control over certain KRL accounts, and payment of rent for an Upper East Side apartment. Thus, the Court should reject any claim that Ribotsky or KRL is cooperating fully and in good faith. *See e.g.* DE 160-1. The American Community Bank statements suggest still more misrepresentations about what documents exist. Therefore, the SEC respectfully requests that the Court order Ribotsky and KRL to produce to the SEC promptly: all responsive documents and a privilege log that complies with Local Rule 26.2. Finally, the SEC requests that the Court impose any appropriate sanction.

Respectfully,

s/*Maureen Peyton King*
Maureen Peyton King
Senior Trial Counsel