UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

**SECURITIES AND EXCHANGE COMMISISON**,
                              *Plaintiff*,        11-cv-4723-JMA

    *-against-*

                                             *Assigned to:*
                                                  Magistrate Judge
                                                  Anne Y. Shields

**THE NIR GROUP, LLC; COREY RIBOTSKY;**
and **DARYL DWORKIN**
                                *Defendants*,

---------------------------------------------------------------

*Defendant*
**COREY S. RIBOTSKY'S**
<u>**NOTICE OF OBJECTION TO PLAINTIFF'S SUR-REPLY**</u>
<u>**DATED APRIL 11, 2025 (ECF No. 162)**</u>

To:    United States District Court Magistrate Judge
        Hon. Ann Y. Shields
        United States District Court Eastern District New York


Kevin Phillip Krupnick, Esq., attorney of record for defendant COREY S. RIBOTSKY ("Defendant" "non-movant" or "Ribotsky") herein and hereby respectfully provides formal notice of objection to content and exhibits submitted in plaintiff's Reply Affirmation that was not included in plaintiff's April 2, 2025 Motion to Compel opening brief.

Defendant Objects to the Court considering the Plaintiff United States Securities and Exchange Commission's ("Plaintiff" "SEC" or "Movant") Reply Brief (ECF No. 162) because it contains argument and exhibits that were not included in the plaintiff's Motion to Compel opening Brief.

Plaintiff's brief quotes defendant's opposition brief (ECF No. 161) and then asserts a new argument and offers documents in support of that argument at the last paragraph on page "1" continued to page "2" and states:

> Ribotsky's Oppositions then double down, claiming that "Defendant has not concealed any assets; he simply does not have the means to pay" and the SEC "continue[s] to…pursue funds that do not exist." DE 161. **Yet, a recently produced document from American Community Bank suggests that Ribotsky has access**

> to accounts including those held by his lawyer's firm: "Mr.
> Ribotsky is also associated with business accounts in the name
> of The Krupnick Firm." Ex. 6.

This argument was not included in plaintiff's opening brief, and cannot be considered by the court as this constitutes nothing less than plaintiff's "sandbagging" defendant in motion practice.

Next, on Page "2" Plaintiff "Reply" argument alleges more "suppositions" not ever asserted heretofore in the entire matter, but presents same as facts supporting her motion to compel and then even goes so far as to offer FOUR (4) documents as Exhibits, none of which were in her opening argument as follows:

> As to KRL, Ribotsky represents that "KRL['s]… finances are not
> and have never been assets and/or interests of Defendant Corey
> Ribotsky." DE 160. Ribotsky further asserts that "Defendant has
> no ownership interests or financial stake in KRL and KRL has
> not engaged in any action or activities to shield, divert, or
> conceal funds on behalf of defendant Ribotsky…." DE 160.
> Ribotsky adds that "[n]o KRL account has been used to facilitate
> payments on Defendant Ribotsky's behalf." DE 160. **Documents
> the SEC obtained from American Community Bank, which
> generally relate to 2023 and prior, contradict these
> representations. First, a Certification of Beneficial Owners
> with Verification, indicates that Corey and Tammi Ribotsky
> are each 50% owners of KRL. Ex.1. The document
> compilation also contains a signature card naming Corey
> Ribotsky as an owner/signer of KRL account x7578. Ex. 1.
> Statements for two more KRL accounts, x8907 and x8725
> bear Corey and Tammi Ribotsky's names for at least a
> period of time. A sample of these three accounts show that in
> one month, hundreds of thousands – to more than a million
> dollars - cycled through each account.**

| Date | Account | Credits | Debits | Reference |
| --- | --- | --- | --- | --- |
| 12/31/22-1/31/23 | X7578 | $257,525.60 | $93,169.76 | Ex.2 |
| 7/1/22-7/29/22 | X8725 | $351,849.69 | $3549,778.85 | Ex.3 |
| 3/1/22-3/31/22 | X8907 | $1,121,453.24 | $1,210,326.60 | Ex.4 |

> **Thus, it seems clear that Ribotsky's representations about his
> role in KRL and his access to its funds are false.**

Plaintiff's next new argument follows directly beneath the above, and on page "2" alleges:

> **As to the Upper East Side rental, Ribotsky now admits he
> relocated there. DE 161. KRL produced rent checks totaling
> over $146,000 for rent in 2022 from account x8725. DE 158,
> Ex. 6 (rent payments). KRL did not produce at least one**

> **additional $13,330 payment from the same account for 2023. Ex. 5. Since Ribotsky's name is on the KRL account making this payment, the Opposition's representations that** "[t]here is no evidence that [he] pays rent or has the financial means to do so" **or that** '[a]ny benefit he receives from the housing arrangement stems solely from his wife's independent finances" **or that Mr. Ribotsky** "makes no financial contributions" **to the apartment appear, at best, misleading. Id.**

Plaintiff herein is the United States—and as the reply brief evidences, plaintiff's Senior Trial Counsel has completely disregarded well established basic rules pertaining to motion practice in upon information and belief all fifty (50) State Courts, all of the United States District Courts, all eleven (11) United States' Circuit Court of Appeals, and as sure as the sun rising tomorrow, the Supreme Court of the United States would not ever overlook, condone, encourage, and/or permit this conduct, and most likely SCOTUS would issue a decision and order sanctioning the attorney submitting a "sandbag" like the one at issue here and would most likely state therein that the High Court refused to even consider that Reply in its entirety, because defendant's fundamental right to due process and equal protection are of paramount importance subject to strict scrutiny, and under no possible analysis could the High Court this or any other Court in these United States could ever conclude "consideration of this movant's sandbag reply outweigh this non-movant defendant and/or any and all other non-movant parties appearing before the Courts of The United States, similarly situated to non-movant in the shoes of defendant Ribotsky, all of whom it is recognized have fundamental rights to be provided notice and the opportunity to be heard, prior to any Court rendering any decision and order, most especially wherein plaintiff herein is The United States.

That it is indisputable that plaintiff in the captioned matter submitted a sandbag reply brief to this Court on Aprill 11, 2025 *id.* This honorable court must not allow and/or encourage this type of abuse of process to continue. No other reasonable attorney of ordinary intelligence representing any party would or should ever offer new arguments and submit four document exhibits in a reply brief to this honorable Court or any other and there is quite simply no valid reason, and/or exception to excuse this type of behavior especially Senior Trial Counsel at The United States Securities Exchange Commission. Sandbagging is and always will be considered abuse of process, because it tramples over core fundamental rights pertaining to equal protection and due process afforded by the United States Constitution; therefore, since our founders provided for the United States Court's to act as a check system to balance the power of Congress and the United States Executive Branches [and by extension Government Agencies the Executive branch oversees, such as plaintiff SEC], it is incumbent on this court not to "rubber stamp" this sandbagging and check this outrageous agency conduct reigning it into balance, especially during these times when we see other executive agencies being held in contempt for violating these very same fundamental rights, which is our rule of law. This is not the time to be excusing the conduct objected to herein and must not be overlooked by this honorable Court; therefore, appropriate sanctions should be imposed upon plaintiff.

That plaintiff herein is at all times acting as a United States Executive Branch Government Agency and as such, plaintiff is bound to conduct itself in harmony with defendant's

fundamental rights of equal protection and due process mandated by the United States Constitution, and no exception applies here. Defendant hereby advises that it will be filing a Motion for Leave to File a Sur-Reply to plaintiff's April 11, 2025 Reply Brief, *id,* on or before Friday, April 18, 2025, at or about 1:00 PM.

Defendant herein and hereby asserts its Formal Notice of Objection to the Reply Affirmation dated April 11, 2025, *id,* and requests that the Court sanctions plaintiff so as to discourage plaintiff from repeating this conduct in the future with defendant and any future adversary parties the SEC engages in Civil Litigation.

Respectfully Submitted,
**s./ Kevin Phillip Krupnick, Esq.**
The Krupnick Firm
*Attorneys for Defendant*
**COREY S. RIBOTSKY**
56 Hammond Road
Glen Cove NY 11542  USA
01 844-741-7800 Tel
01 516-592-2820 Cel

To:    Maureen Peyton King, Esq.
        Senior Trial Counsel
        *Attorney for Plaintiff*
        **UNITED STATES SECURITES & EXCHANGE COMMISSION**
        Brookfield Place
        200 Vessey Street – Suite 400
        New York, NY 10281-1022