

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

August 11, 2025

**By ECF**
Hon. Anne Y. Shields
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Securities and Exchange Commission v. The NIR Group, LLC, et al.*,
              11-cv-4723

Dear Judge Shields:

      The Securities and Exchange Commission ("SEC") writes pursuant to the Court's July 22, 2025 Order: (i) to advise the Court that Debtor-Defendant Corey Ribotsky ("Ribotsky") has failed to comply with the Court's order to produce documents and his passport for inspection by August 5, 2025; and (ii) to request specific sanctions against Ribotsky. The SEC respectfully requests that the Court issue an order incarcerating Ribotsky for his civil contempt of the Court's July 22 Order until he complies fully by producing all outstanding, non-privileged documents and his passport for inspection. The SEC also respectfully requests that the Court address Krupnick Ribotsky Ltd.'s ("KRL") non-compliance with the July 22 order as KRL has also failed to produce documents as ordered.

      As background, on April 2, 2025, the SEC moved for a *fifth* time to compel Ribotsky and KRL to produce documents. On July 22, 2025, the Court granted the SEC's motion to compel and directed Ribotsky and KRL to produce all outstanding non-privileged documents as well as Ribotsky's passport (for inspection only) by August 5, 2025. Further, the Court directed the SEC to advise the Court, via an ECF filed letter-motion, by August 12, 2025, if Ribotsky once again failed to produce the documents and to set forth in the letter-motion what sanctions the SEC seeks.

      Ribotsky has repeatedly ignored the Court's orders compelling document production. Further, Ribotsky owes the SEC millions of dollars that he has not paid, so imposing a monetary sanction would be ineffective. For these reasons, incarceration, to coerce compliance, is the only appropriate remedy on these facts.

      The Court has the authority to incarcerate Ribotsky:

> Congress specifically authorized indefinite, coercive civil confinement through the enactment of the provision now codified at 18 U.S.C. § 401. Section 401 provides: A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as…(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

*Armstrong v. Guccione*, 470 F.3d 89, 105 (2d Cir. 2006). Incarceration should coerce Ribotsky's compliance, which in turn shall free him. "[A] civil contemnor who is incarcerated to compel compliance with a court order holds the key to his prison cell: Where defiance leads to the contemnor's incarceration, compliance is his salvation." *Armstrong v. Guccione*, 470 F.3d 89, 92 (2d Cir. 2006).

For these reasons, the SEC asks that the Court enter an order incarcerating Ribotsky until he complies fully with the Court's July 22 Order.

Respectfully,

s/*Maureen Peyton King*

Maureen Peyton King
Senior Trial Counsel