EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,
                Plaintiff,                       Case No.: 11-cv-4723 (JMA-AYS)

              -against-

THE NIR GROUP, LLC; COREY S. RIBOTSKY;
and DARYL DWORKIN,
                Defendants.

------------------------------------------------------------------X

**NON-PARTY KRUPNICK RIBOTSKY LTD.'S OBJECTIONS TO SUBPOENA**

Non-Party Krupnick Ribotsky Ltd., by and through its counsel, submits these objections to the subpoena issued by the Securities and Exchange Commission (SEC) in connection with the above-captioned matter. Pursuant to Federal Rules of Civil Procedure 26, 34, 45, and 69, and 28 U.S.C. § 3015, Krupnick Ribotsky Ltd. objects to the subpoena as follows:

GENERAL OBJECTIONS

1. Obligations Beyond the Federal Rules: Krupnick Ribotsky Ltd. objects to the subpoena to the extent that it seeks to impose obligations beyond those imposed by Rules 34 and 69 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 3015. Additionally, Federal Rule of Civil Procedure 45(d)(1) requires the issuing party to avoid undue burden or expense on a non-party, which the SEC has ignored by repeatedly subpoenaing Krupnick Ribotsky Ltd. without justification.

2. Privilege and Work Product Protection: Krupnick Ribotsky Ltd. objects to the subpoena to the extent that it seeks documents protected by attorney-client privilege, work product doctrine, or any other applicable privileges under federal or state law.

3. Overbroad, Unduly Burdensome, and Irrelevant Requests: The subpoena is overly broad, unduly burdensome, and seeks documents irrelevant or not material to the enforcement of the SEC's judgment. Under FRCP 26(b)(1), discovery must be relevant, proportional to the needs of the case, and not cumulative. The SEC's repeated attempts to obtain non-party financial records violate this rule, as Defendant has no financial ties to Krupnick Ribotsky Ltd..

4. Lack of Possession, Custody, or Control: Krupnick Ribotsky Ltd. objects to the subpoena to the extent that it seeks documents or information not in its possession, custody, or control, or which are already in the possession of the SEC or its agents.

5. Undue Expense and Harassment: The subpoena imposes undue expense, embarrassment, and disadvantage, making compliance an unreasonable burden.

6. Speculative and Excessive Requests: The subpoena seeks information Krupnick Ribotsky Ltd. does not have and cannot possess, and it is premature until other discovery efforts have been exhausted.

7. Confidential and Business-Sensitive Information: The subpoena improperly seeks confidential, sensitive, or proprietary business information unrelated to the SEC's judgment enforcement.

8. Continuing Objections: These general objections are deemed continuing and are incorporated throughout this response, even if not specifically referenced in response to individual requests.

9. Abusive and Excessive Requests: The excessive number of requests within the subpoena is abusive, designed to cause undue expense, and lacks legitimate justification.

10. Protection Against Fishing Expeditions and Harassment: The SEC's subpoena is an improper fishing expedition that violates 28 U.S.C. § 1782, which limits discovery to information that is directly related to legal proceedings and does not impose an undue burden. Furthermore, under FRCP 26(c), non-parties are entitled to protection from harassment and undue expense. Krupnick Ribotsky Ltd. is not a party to this case, and the SEC has already obtained extensive financial discovery confirming that Defendant has no ownership, officer role, directorship, or financial authority over this entity.

SPECIFIC OBJECTIONS TO THE SUBPOENA

11. The SEC's Judgment Was Discharged in 2014: The SEC's judgment was discharged in Defendant's 2014 bankruptcy (Case No. 8-14-08122-AST). The SEC had a 60-day deadline under FRBP 4007(c) to challenge dischargeability but failed to do so, waiving its right to contest the discharge. The SEC's 2025 decision does not state that the SEC's judgment was not discharged in 2014, and under principles of finality and due process, it must be presumed that it was discharged.

12. The Doctrine of Laches Bars the SEC's Subpoena: The SEC's delay of over a decade in issuing these subpoenas is legally unjustifiable. Laches applies when a party unreasonably delays asserting a claim, resulting in prejudice to the opposing party (Costello v. United States, 365 U.S. 265, 282 (1961)). Here:

13. The SEC had full knowledge of the 2014 discharge and failed to act.

14. The SEC waited over 10 years, and Defendant has endured excessive discovery efforts, subpoenas, and garnishments.

15. The SEC's subpoena is an improper attempt to relitigate an already-finalized discharge, violating fundamental principles of finality.

16. No Financial Relationship with Defendant: Krupnick Ribotsky Ltd. is an independent business entity and does not serve as an alter ego for Defendant. The subpoena falsely assumes financial ties that do not exist.

17. No Transfers to or from Defendant: Krupnick Ribotsky Ltd. has never transferred any money to Defendant and has never received any transfers from Defendant. It is not holding any assets for Defendant and has no financial connection to him.

18. Not a Party to the Litigation: Krupnick Ribotsky Ltd. is a separate entity not involved in the underlying claims, making the SEC's subpoena improper and without basis.

19. Irrelevance to the SEC's Judgment Enforcement: The SEC has failed to provide any justification for why Krupnick Ribotsky Ltd. is relevant to its collection efforts, making the subpoena a speculative fishing expedition.

20. Prior SEC Investigations Found No Connection: The SEC has had over a decade to investigate Defendant's financial affairs and has never identified Krupnick Ribotsky Ltd. as being involved. There is no basis for continuing to pursue this entity.

21. SEC's Prior Subpoenas Confirm Defendant's Lack of Involvement: The SEC has already deposed Tammi Stempel, an owner and officer of Krupnick Ribotsky Ltd., who testified that Defendant is not an owner, officer, director, or signatory on any of the company's bank accounts. The SEC is fully aware that Defendant has no control over the entity and has no role in its financial operations.

22. Defendant's Role in Krupnick Ribotsky Ltd.: Defendant and his wife testified in their 2023 depositions that Defendant occasionally helps his wife in a supporting role, hoping that it could become a more permanent opportunity as the business grows. Defendant is unable to find other employment due to the SEC's ongoing interference and its practice of issuing subpoenas to any entity with which Defendant has professional contact.

23. No Legal Justification for Continued SEC Investigation Disguised as Discovery for Judgment Enforcement: The moment the SEC confirmed that Krupnick Ribotsky Ltd. is not controlled by Defendant, that he has no authorization to act on behalf of the entity, and that he is not an officer, director, or signatory, has no access to its bank accounts the discovery into this entity should have ceased. Under what legal authority does the SEC continue investigating a non-party to the captioned matter and the consent judgment? This is not legitimate judgment enforcement; it is an abuse of the discovery process.

24. No Legal Basis for Continued SEC Discovery: The SEC has already deposed Tammi Stempel, an owner and officer of Krupnick Ribotsky Ltd., who confirmed that Defendant is not an owner, officer, director, or signatory on any of the company's bank accounts. The SEC has also previously subpoenaed Krupnick Ribotsky Ltd. and confirmed there is no financial connection to Defendant. Despite this, the SEC continues to issue subpoenas, demonstrating that its actions are not legitimate judgment enforcement but an abuse of the discovery process.

CONCLUSION

For the foregoing reasons, Krupnick Ribotsky Ltd. objects to the SEC's subpoena in its entirety. These objections are not a waiver of any further relief that may be sought, including a motion to quash the subpoena.

Respectfully Submitted,
*s./*Kevin Phillip Krupnick, Esq.
*Attorney for Non-Party*
KRUPNICK – RIBOTSKY, LTD.