

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

September 15, 2025

**By ECF**
Hon. Anne Y. Shields
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Securities and Exchange Commission v. The NIR Group, LLC, et al.*,
              11-cv-4723

Dear Judge Shields:

      Pursuant to the Court's September 3, 2025 text Order, Plaintiff Securities and Exchange Commission ("SEC") respectfully advises the Court that Krupnick Ribotsky Ltd. ("KRL") failed to produce by September 11, 2025 all documents requested by the SEC. The SEC further addresses related issues raised by Debtor-Defendant Corey Ribotsky's September 8, 2025 status report and document request response (Docket Entries ("DE") 170-71.)[1] In short, Ribotsky's and KRL's responses to the SEC's document requests (the "Responses") remain inadequate, and it does not appear that they will adequately respond voluntarily. Accordingly, as further explained below, the SEC respectfully requests that the Court order KRL and Ribotsky to produce all requested documents and appear for depositions concerning their productions and Ribotsky's financial condition. In addition, the SEC proposes that, following such discovery, it submit a further status update, if needed, regarding any further relief required.

**I.    Background**

      To date, Ribotsky has not paid a cent toward the $14.5 million he owes the SEC. Moreover, as the SEC has discovered facts that tend to show his ability to make payments toward the Final Judgment, Ribotsky has only obfuscated. *See e.g.* DE 158 (detailing facts discovered about Ribotsky's lavish lifestyle). Consequently, the Court repeatedly has ordered Ribotsky and KRL to produce the documents the SEC seeks. *Id.* (summarizing prior orders compelling document production). Yet, as further explained below, neither Ribotsky nor KRL has fully complied with the Court's orders. In addition,

---

[1] This letter concerns only deficiencies in the Responses, the SEC does not address the many extraneous issues and innuendo peppering Ribotsky's Response.

they have now attempted to impose new, and likewise improper, objections to producing the requested documents.

## II. The Responses Improperly Narrow the Production Time Period.

The SEC's document request ("Ribotsky Request") and the KRL subpoena (collectively "Requests") require Ribotsky and KRL to produce all documents though the present. However, Ribotsky and KRL limit their productions to the date the SEC issued the Requests. Thus, contrary to Requests' express instruction, Ribotsky limited his production to the period January 2021 to November 2023, DE 170, and KRL has represented to the Court that the applicable period for its production is January 2022 through January 2024, DE 171 p.3.

Ribotsky's and KRL's unilateral narrowing of the applicable document production periods is unreasonable, particularly given that the SEC continues to pursue responses approximately 19 months since it issued the Requests. *See Lugosch v. Congel*, No. 1:00-CV-0784, 2006 WL 8451656, at *1 (N.D.N.Y. Sept. 14, 2006) (document request "through a date including the date of the response hereto" meant that "[o]nce defendants responded, their obligation under the July 21, 2000 request was fulfilled, unless they later found other documents which should have been included in the initial response.").

## III. KRL's Responses Improperly Raise New Objections.

In addition, the Responses from KRL raise myriad renewed and new general and specific objections, all of which are time barred. Fed. R. Civ. P. 45(d)(2)(B) requires that objections "be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45. However, the time for objections has long passed; indeed, as explained above, the Court has already ordered the documents produced, and it should not entertain any new objections. In any event, as the below illustrative examples show, KRL's and Ribotsky's new objections are otherwise meritless.[2]

KRL improperly makes blanket, unsupported privilege claims, without even providing a privilege log.[3] Any privilege claim must be supported by a privilege log that, among other things, "describe[s] the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(ii). Thus, for example, KRL cannot claim that merely because it is an arm of a law firm, all of its documents are thus subject to the attorney-client privilege. DE 171 p.3. *See*

---

[2] Regarding the Responses' "General Objections," the SEC respectfully refers the Court to the SEC's prior deficiency letter, DE 158-3.

[3] SEC counsel has not yet received the production mailed to the SEC. Thus, it is possible that a privilege log is included.

*MacKenzie-Childs LLC v. MacKenzie-Childs*, 262 F.R.D. 241, 247–48 (W.D.N.Y. 2009) (discussing the specific parameters of the attorney-client privilege).[4]

KRL's objection based on "law of the case" seeks improperly to superimpose a pretrial ruling on post-judgment discovery. But post-judgment discovery is governed by a different Federal Rule of Civil Procedure and standard. Indeed, "[b]road post-judgment discovery in aid of execution is the norm in federal and New York state courts. Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2)….It is not uncommon to seek asset discovery from third parties…that possess information pertaining to the judgment debtor's assets." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014). Thus, the objection is misplaced.

### IV. KRL's Production Is Inadequate.

In addition to the issues with documents KRL withheld, the documents it produced are inadequate. For example, in response to several requests, KRL wrongly claims that it produced "credit-card statements" on March 17, 2025.[5] In fact, KRL produced only what appears to be credit card data, in a spreadsheet format, along with checks. Moreover, the data omits information typically found on a credit card statement, including: home address, issuing financial institution, and amounts due and remitted on specific dates. Also, the data KRL provided on March 17 is not the entire period. Thus, contrary to KRL's contention, it has not produced the documents the SEC seeks.

The responses to several other requests–concerning KRL's employees or contractors, and payments to or for Ribotsky or Tammi Ribotsky--appear to SEC counsel to be at best incomplete or misleading, based on evidence developed in the case. *See e.g.* DE 158 (summarizing evidence).

The response to Request 7 requires production of all financial accounts in the name of KRL to which Ribotsky has access. KRL's Response admits that Ribotsky had access to KRL accounts but does not produce those documents.

### V. Relief Sought

For 19 months, Ribotsky and KRL have flouted the Court's several Orders to produce all documents responsive to the SEC's Requests, which are aimed at establishing Ribotsky's true financial condition. Given their prior and continued refusal to abide by

---

[4] In addition, the SEC respectfully refers the Court to the other deficiencies of KRL's privilege claims set forth in the SEC's prior response to KRL's first production, DE 158-3.

[5] Credit card data produced by Ribotsky likewise appears to be excerpted.

the Court's Orders, it does not appear that Ribotsky or KRL will produce documents voluntarily. Thus, the SEC respectfully requests that the Court order the following.

The SEC requests that the Court order Ribotsky to: (i) produce forthwith all documents responsive to the Ribotsky Request for the entire period from January 1, 2022 through the date Ribotsky completes the production; (ii) provide the SEC a privilege log for any withheld documents; and (iii) pursuant to Rule 30 (a)(2)(A)(ii), appear for a deposition regarding his financial condition and document production held at the Courthouse so that the Court immediately can address any failure by Ribotsky to appear or answer questions.[6]

The SEC requests that the Court order KRL to: (i) produce forthwith all documents responsive to the SEC's document request for the entire period from January 1, 2022 through the date KRL completes the production; (ii) provide a privilege log for all withheld documents; and (iii) likewise appear for a deposition at the Courthouse concerning KRL's responses to the SEC's document request.

The SEC further proposes that, if the Court permits the requested Ribotsky and KRL depositions, the SEC would subsequently submit to the Court any necessary request to compel further document production, and for any other appropriate relief.

Alternatively, the SEC requests that the Court order Ribotsky and KRL to produce the documents requested above and that a hearing be held as to the productions and responses so that the SEC can, if needed, request that the Court compel further document production and any other any other appropriate relief.

Respectfully,

s/*Maureen Peyton King*

Maureen Peyton King
Senior Trial Counsel

---

[6] The SEC previously deposed Ribotsky, on April 21, 2023. Since then, the SEC has discovered inconsistencies about basic facts, including where Mr. Ribotsky resides, works, and his spending. Thus, the SEC seeks a second opportunity to address many issues concerning Mr. Ribotsky's financial condition.