

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

September 23, 2025

**By ECF**
Hon. Anne Y. Shields
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

     Re:    *SEC v. The NIR Group, LLC, et al.*, 11-cv-4723

Dear Judge Shields:

     Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this reply to Defendant Ribotsky's response ("Response") to the SEC's September 15, 2025 motion and status update ("Motion").[1] DE 172, 173. The SEC's Motion asks the Court to order Ribotsky and KRL to (1) produce documents in response to the SEC's document requests through the date they complete their productions; (2) provide privilege logs; and (3) either appear for depositions or, alternatively, appear for a hearing so that the SEC can, if needed, ask the Court to compel further document production and any other any other appropriate relief.

     Ribotsky's and KRL's Response only underscores the need for the Court's intervention so that the SEC can assess Ribotsky's true financial condition. Up-to-date documents are both required by the SEC's discovery requests and necessary to assess Ribotsky's financial condition. Ignoring reality and the Court's prior discovery Orders, Ribotsky continues to deny even that there is a Final Judgment against him and that he owes the SEC over $14.5 million dollars. DE 173. Moreover, as detailed below, Ribotsky's claims of impecuniousness and that the SEC has taken all needed discovery in this regard are undermined by the record evidence.

**I.    The SEC Is Entitled to Complete, Current, Documents Regarding Ribotsky's Financial Condition.**

     Contrary to Ribotsky's claims, as the record evidence demonstrates, the SEC is entitled to additional, complete, current documents regarding his financial condition.

---

[1] All short forms are the same as those in the SEC's September 15 letter motion.

Ribotsky claims that he "has no ownership, officer role, directorship, or financial authority over [KRL]." DE 171-3. However, American Community Bank documents show that, at least for a time, Ribotsky and his wife each held a 50% beneficial ownership interest in KRL and were signatories on KRL's checking account, account number ending x7578.[2] DE 162-1, 162-2. Indeed, KRL admits that Ribotsky provides services to KRL. DE 171, ¶18. Further, despite KRL's claim that it does not have any employees, Ribotsky's nephew testified that he is a KRL employee.[3]

Furthermore, as discussed in more detail at DE 158, Ribotsky claims that KRL does not pay his personal expenses. In fact, KRL at least partly pays for the Upper East Side apartment where Ribotsky resides, and Ribotsky also spends KRL funds on a smoking club, tuition, European travel, pet care, and restaurants. *See* DE 158 (summarizing charges). Because KRL has not produced more current documents, including its current bank account records, the SEC has been unable to assess the full extent of Ribotsky's KRL spending. In any event, Ribotsky's access to KRL funds warrants further probing.

Likewise, according to American Community Bank, Ribotsky is associated with business accounts held in the name of The Krupnick Firm (a law firm that represents Ribotsky). DE 162-6. The SEC has not yet received responses from that firm to its April 2025 subpoena for documents concerning firm accounts that Ribotsky controls.[4] Thus, the SEC does not yet know to what extent Ribotsky utilizes The Krupnick Firm accounts or for what purpose. Ribotsky's access to funds through The Krupnick Firm, and his association with the law firm's accounts, warrants further probing.

Finally, Ribotsky now admits that he traveled extensively in 2022 and 2023—to Spain, Italy, St. Barts, Las Vegas, Dubai, Atlanta, and Las Vegas. Although Ribotsky contends that his wife paid for at least most of those trips, DE 170 p.35, her deposition testimony does not support Ribotsky's claim. Like Ribotsky, his wife presented herself as lacking the means to finance such extensive travel in 2022 and 2023.[5] Thus, Ribotsky's access to funds for world travel warrants further probing.

## II. Additional Discovery Disputes.

**Privilege Log.** Neither Ribotsky nor KRL has produced a privilege log (despite Ribotsky's acknowledging his obligation to do so). *See* DE 158-2 ("To the extent any documents responsive to the Requests are withheld on the basis of privilege, Defendant will provide a privilege log to the extent required by Local Rule 26.2…"). What's more, KRL's recent production amounts to a 38-page spreadsheet that does not constitute a complete KRL production.

---

[2] This document raises significant questions about KRL's claims that Krupnick leads KRL. *See* KRL Response at DE 171.
[3] Upon request, the SEC will provide the Court the relevant excerpts from Ribotsky's nephew's deposition transcript.
[4] If necessary, the SEC will move to compel a response to this subpoena.
[5] Upon request, the SEC will provide the Court an excerpt of Tammi Ribotsky's deposition transcript.

**Deposition.** Ribotsky contends that the SEC should not be allowed to depose his daughter, Skylar Ribotsky. Ribotsky conveniently omits, however, that a KRL account in his and his wife's name transferred funds for "Skylar Ribotsky." Indeed, KRL has made several transfers designated for Skylar Ribotsky, some of which occurred while Ribotsky's name appeared on KRL account x8725, including $9,500 in December 2022.[6]

## III.     Relief Sought.

Ribotsky and KRL have flouted the Court's several Orders to produce all documents responsive to the SEC's Requests, which are aimed at establishing Ribotsky's true financial condition. Given their prior and continued refusals to abide by the Court's Orders, it does not appear that Ribotsky or KRL will produce documents voluntarily. Thus, the SEC respectfully requests that the Court order Ribotsky to: (i) produce forthwith all documents responsive to the Ribotsky Request for the entire period from January 1, 2022 through the date Ribotsky completes the production; (ii) provide the SEC a privilege log for any withheld documents; and (iii) pursuant to FRCP 30(a)(2)(A)(ii), appear at the Courthouse for a deposition regarding his financial condition so that the Court immediately can address any failure by Ribotsky to appear or answer questions.

The SEC requests that the Court order KRL to: (i) produce forthwith all documents responsive to the SEC's document request for the entire period from January 1, 2022 through the date KRL completes the production; (ii) provide a privilege log for all withheld documents; and (iii) likewise appear for a deposition at the Courthouse concerning KRL's responses to the SEC's document request.

The SEC further proposes that, if the Court permits the requested Ribotsky and KRL depositions, the SEC would subsequently submit to the Court any necessary request to compel further document production, and for any other appropriate relief. Alternatively, the SEC requests that the Court order Ribotsky and KRL to produce the documents requested above and that a hearing be held as to the productions and responses (and as to Ribotsky his financial condition) so that the SEC can, if needed, request that the Court compel further document production and any other any other appropriate relief.

Respectfully,

s/*Maureen Peyton King*

Maureen Peyton King
Senior Trial Counsel

---

[6] The SEC will produce this account statement at the Court's request.