# THE KRUPNICK FIRM
## Attorneys at Law

56 Hammond Road
Glen Cove, NY 11542
516-592-2820 Tel
516-759-0610 Fax
www.krupnickfirm.com

April 30, 2026

Via ECF

Magistrate Judge Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *United States Securities and Exchange Commission v. The NIR Group, LLC, et al.*
         Case No. 11-cv-4723 (JMA) (AYS)

Hon. Shields:

The undersigned represents Corey S. Ribotsky, defendant in the referenced matters. Defendant respectfully submits this correspondence in response to plaintiff 's counsel's letter to the Court dated April 29, 2026, to resume post-judgment enforcement proceedings and hereby cross-moves for related relief as set forth below. Defendant further respectfully requests that the Court set a prompt conference or, in the alternative, an expedited briefing schedule to address the threshold issue presented herein.

The SEC's request is premised on the assertion that Defendant has "not paid a cent" toward the judgment. That assertion is incorrect and materially mischaracterizes the record.

Pursuant to the (Doc# 90) Consent Agreement/Consent Judgment executed by defendant on August 21, 2013 "so ordered" and entered on November 13, 2013, at page "5" section  "VI" same provides that upon execution Defendant conveyed to plaintiff his AJW Funds Capital Accounts, specifically:

> **"IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant agrees to relinquish all rights, claims, interests and title of any kind or nature, to (i) any capital accounts in the AJW Funds; (ii) any assets of the AJW Funds, including, but not limited to bank accounts, investments or loans; (iii) any outstanding or unpaid Management, Incentive, or Performance Fees to which the Defendant or any of his affiliates were entitled to receive; and (iv) any tax refunds Defendant or any of his affiliates could be entitled to receive in connection with any capital accounts he held in the AJW Funds. For purposes hereof, "AJW Funds" means: AJW Master Fund, Ltd.; AJW Master Fund II, Ltd.; AJW Partners, LLC; AJW Partners II, LLC; New Millennium Capital Partners II, LLC; New Millennium Capital Partners, III, LLC; AJW Qualified Partners, LLC; AJW Qualified Partners, II, LLC; AJW Offshore, Funds, Ltd.; AJW Offshore Funds II, Ltd.; AJW Manager, LLC; First Street Manager II, LLC; SMS Group, LLC; and any and all related subsidiaries, affiliates, attorneys, agents, heirs, employees and assigns. Defendant further acknowledges and agrees that he is not a creditor to

any entity referenced in this paragraph, nor claimant to any funds or assets held by any such entity, nor does he claim any legal, equitable, or beneficial ownership interest in any such entity, or in the funds or assets held by any such entity, and that no such claims will be asserted in the future."

On August 21, 2013, the date defendant executed the consent judgment, the value of defendant's capital accounts as indicated by the funds' financial statements was in excess of twenty million dollars ($20,000,000). These funds had been audited by Marcum LLP, and for all intent purposes was the bulk of defendant's savings and earnings during his tenure as fund manager of the AJW Family of Funds. The financial statements pertaining to defendant's capital accounts were the financial records plaintiff utilized to calculate and determine the $1 Million dollar fine, $1 Million Pre Judgment Interest, and $12.5 Million Disgorgement figures in the consent judgment. In December of 2024 PriceWaterhouseCoopers (PWC), the liquidator of the AJW funds made a final distribution to the AJW Shareholders of fund proceeds. Defendant's capital accounts were divided and distributed to the AJW shareholders. Plaintiff still has never credited one cent of the capital accounts towards the subject matter judgment, and this issue must be addressed.

This Court has already held that Defendant is bound by the Consent Judgment and may not relitigate its terms; therefore, the plaintiff must be bound by same as well. Currently, the SEC seeks to enforce the total amount of the judgment; however, the terms of the consent judgment expressly provided for the SEC to obtain title to the defendant's capital accounts and related assets. Never since August 21, 2013, has the SEC provided the defendant with any credit towards the judgment in consideration for the value of same conveyed therein. Even since December 2024 when the AJW Funds were liquidated and final distribution of monies were paid to the shareholders (including defendant's capital accounts) the SEC still has not ever provided any credit to defendant for the value therein. The SEC cannot possibly continue to represent to this Court that defendant has not paid money toward their judgment when the assets that the SEC required defendant to convey all interests to the SEC have now been fully disbursed and same was a substantial amount of money that now remains unaccounted for by the SEC. Does the SEC intend to proceed forward with judgment enforcement as though no value was transferred and represent to this Court that it is truly searching for defendant's assets, when at all times the SEC has known his largest asset at the time the parties negotiated the consent agreement was the money in his capital accounts, all of which the SEC made absolutely no effort at all whatsoever to secure. The party's agreement provides for the dollar figures stated herein above, it does not provide for any additional monies.

The issue here is that the assets were conveyed to the SEC on August 21, 2013, and to date the SEC has never accounted for those assets or credited defendant any amount of money towards plaintiff's judgment for same. Since the SEC appears to be proceeding on the premise that defendant has not made any payment toward the judgment, there must now be an acknowledgment and a reconciliation that the assets defendant conveyed to the SEC and how they affect the remaining outstanding dollar amount due to the SEC, if any at all.

Defendant herein and hereby cross-motions this Court pursuant to FRCP Rule 69(a) and respectfully requests that this Court utilize its authority to enforce, oversee and supervise the subject matter judgment enforcement activities to render a declaratory judgment determining the value of the consideration conveyed by defendant to plaintiff pursuant to Section VI of the parties Consent Judgment, and determine the amount to be credited to defendant and adjusting plaintiff's judgment accordingly.

Defendant does not believe that under the circumstances broad enforcement proceedings should move forward until this critical issue is resolved. The relief requested herein is necessary to ascertain the exact amount that remains due and owed plaintiff.

Accordingly, Defendant respectfully requests that the Court consider this cross-motion application and render a decision and order in favor of defendant:

(1) Denying plaintiff SEC's request to resume unrestricted post-judgment enforcement proceedings for the total amount stated in the Judgment until such time as the actual amount be determined;

(2) Directing the SEC identify what they did with the assets defendant conveyed pursuant to Section VI of the Consent Judgment;

(3) Directing the SEC to provide a clear statement regarding the disposition of those assets immediately following Defendant's conveyance of title to plaintiff of those assets;

(4) Rendering a declaratory judgment providing the amount defendant owes to plaintiff after providing defendant credit for the value of consideration conveyed to plaintiff.

(5) Granting to defendant such other and further relief as the Court deems just and proper under the circumstances.


Respectfully submitted,
**/s./ Kevin Phillip Krupnick, Esq**
*Attorney for Defendant*
COREY S. RIBOTSKY