

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

May 1, 2026

**By ECF**
Hon. Anne Y. Shields
United States District Court Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

   Re: *SEC v. The NIR Group, LLC, et al.*, 11-cv-4723 (JMA) (AYS)

Dear Judge Shields:

   Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this reply in further support of its April 29, 2026 request to lift the Court-ordered stay and grant the SEC's pending discovery motion (DE 172), and in opposition to Defendant Corey Ribotsky's ("Ribotsky") cross-motion (DE 177). Ribotsky's cross-motion rests on a misreading of the Final Judgment that, if accepted, would allow him to continue his now-decade-long campaign of delay at the expense of harmed investors. The SEC respectfully requests that the Court reject Ribotsky's argument, lift the stay, and grant the SEC's discovery motion.

**The Stay Should Be Lifted.**

   The Court stayed this case on November 10, 2025 "in light of Corey S. Ribotsky's bankruptcy filing." (11/10/25 Text Order.) On April 17, 2026, the United States Bankruptcy Court for the Southern District of New York dismissed that bankruptcy case with prejudice, finding that Ribotsky filed his petition in bad faith—his fifth bankruptcy filing since the SEC began its enforcement efforts—"with the sole intention of impeding the SEC's collection efforts." (*In re Corey S. Ribotsky*, 25-bk-12094-dsj (Bnkr. S.D.N.Y.), DE 57 at 11.) The bankruptcy court further barred Ribotsky from refiling for one year, subject to extension. (*Id.* at 15.) The basis for the stay has thus been eliminated entirely.

   As this Court recognized in lifting a prior stay on January 29, 2025, the relevant inquiry is whether continued delay would work "hardship, inequity, or injustice to a party." (1/29/25 Text Order (citing *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015).) Ribotsky cannot demonstrate any hardship from being required to comply with lawful post-judgment discovery. The SEC, by contrast, has been materially prejudiced by years of obstruction, including serial bankruptcy filings, repeated failures to comply with Court-ordered document productions, and now a legally baseless cross-

motion. The public interest in expeditious enforcement of the federal securities laws independently counsels against further delay.

**Ribotsky's "Credit" Argument Is Wholly Without Merit.**

Ribotsky's cross-motion argues that his relinquishment of capital account interests in the AJW Funds pursuant to Section VI of the Final Judgment constituted a "payment" toward the $14.5 million money judgment, and that the SEC must now credit the alleged value of those accounts against the outstanding balance. (DE 177 at 2-3.) This argument is wrong for multiple, independent reasons.

First, the Final Judgment's plain text forecloses Ribotsky's requested offset. Consent judgments are interpreted according to their plain terms. *See King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (noting that the "explicit language of the decree is given great weight") (internal citations omitted). The Final Judgment is unambiguous. Section V of the Final Judgment imposes a money judgment: "The Commission shall have Judgment against Defendant in the amount of $14,500,000." (DE 90, § V.) It contains no offset, credit, or reduction provision of any kind. Section VI, by contrast, is a separate and independent relinquishment obligation requiring Ribotsky to give up any claims to AJW Fund capital accounts and related assets. (*Id.* § VI.) The two provisions serve distinct purposes and are drafted as independent obligations. Ribotsky's argument effectively asks this Court to rewrite the Final Judgment to include an offset provision that was not included, never agreed to, and never ordered. That argument is properly rejected.

Even setting aside the plain text, Ribotsky's attempt to characterize his "relinquishment" under Section VI of the Final Judgment as a "payment" to the SEC is untenable. That section did not require Ribotsky to transfer cash or liquid assets to the SEC to satisfy the money judgment. Rather, it required him to relinquish any *claims* he held to AJW Fund assets. This is not a payment to the SEC and Ribotsky's claim that the SEC has "never accounted for" these assets (DE 177 at 2) is a red herring—the SEC owes no such accounting.

Finally, Ribotsky's argument is also foreclosed by the prior adjudications in his bankruptcy proceedings. In his third bankruptcy case, the Eastern District of New York Bankruptcy Court held—after an evidentiary hearing—that the full $14.5 million judgment was non-dischargeable under section 523(a)(19) of the Bankruptcy Code as a debt arising from violations of the federal securities laws. District Judge Azrack affirmed that decision on March 23, 2026. (*Ribotsky v. S.E.C.*, No. 25-cv-00349 (JMA), ECF No. 16.) Those courts necessarily treated the full $14.5 million as the outstanding balance owed—not a reduced amount reflecting any credit for the AJW Fund relinquishment. Ribotsky is collaterally estopped from now arguing, in this Court, that the outstanding balance is something less. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002).

**Ribotsky's Cross-Motin is Procedurally Improper.**

Ribotsky's filing is also procedurally improper. It seeks, in substance, a declaratory judgment reducing the amount of the Final Judgment based on an alleged credit. A letter brief opposing the SEC's pending discovery motion, is not a proper vehicle for such relief. To the extent Ribotsky seeks modification of or relief from the Final Judgment, the proper procedural mechanism is a motion under Federal Rule of Civil Procedure 60(b), which requires a showing of exceptional circumstances that he cannot make here. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

**The SEC's Discovery Motion Should Be Granted.**

The SEC's September 15, 2025 discovery motion (DE 172) remains pending and fully supported. As detailed in that motion, Ribotsky and Krupnick-Ribotsky Ltd. ("KRL") have for nearly two years ignored this Court's repeated orders to produce documents concerning Ribotsky's financial condition. The bankruptcy court's opinion—including its observation that the SEC had identified what may be an undisclosed bank account and funds flowing through KRL—underscore the importance of the requested discovery.[1] (*In re Corey S. Ribotsky*, 25-bk-12094-dsj, DE 57 at 3-4.) The SEC respectfully requests that the Court grant the discovery motion in full, ordering Ribotsky and KRL to produce all responsive documents and appear for depositions as requested.

For these reasons, the SEC respectfully requests that the Court: (1) lift the stay; (2) deny Ribostky's cross-motion; and (3) grant the SEC's September 15, 2025 discovery motion so that SEC counsel may recommence collection efforts.

Respectfully,

/s/ *Maureen Peyton King*

Maureen Peyton King
Senior Trial Counsel

---

[1] The bankruptcy court did not make any findings as to whether Ribotsky "has hidden assets or income." (*In re Corey S. Ribotsky*, 25-bk-12094-dsj, DE 57 at 4.)