# THE KRUPNICK FIRM

### Attorneys at Law
56 Hammond Road
Glen Cove, NY 11542
516-592-2820 Tel
516-759-0610 Fax
www.krupnickfirm.com

May 4, 2026

Magistrate Judge Anne Y. Shields                                             Via ECF
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *United States Securities and Exchange Commission v. The NIR Group, LLC, et al.*
      Case No. 11-cv-4723 (JMA) (AYS)

Hon. Shields:

**POINT I - ON AUGUST 21, 2013 DEFENDANT EXECUTED THE PARTIES' CONSENT JUDGMENT WHEREIN DEFENDANT'S EXPRESS CONVEYANCE OF TITLE AND INTEREST TO THE SPECIFIC MONEY PLAINTIFF IDENTIFIED AS FUND MANAGEMENT FEES DEFENDANT EARNED AND ACCUMULATED DURING HIS TENURE AS AJW FUNDS' MANAGER AND THE VERY SAME MONEY PLAINTIFF UTILIZED FOR AS TO CALCULATE THE DISGORGEMENT COMPONENT "ILL GOTTEN GAINS" AND THAT MONEY REMAINED AT ALL TIMES IN SAID ACCOUNTS UNTIL DECEMBER 2024 WHEN FUND LIQUIDATOR PWC DIVIDED THAT MONEY AND PAID THAT MONEY TO THE AJW FUND INVESTORS; THEREFORE, IT IS UNDISPUTABLE THAT THE DISGORGEMENT COMPONENT OF PLAINTIFF'S $12.5 MILLION HAS NOW BEEN SATISFIED AND THE CLERK OF THE US DISTRICT COURT EDNY MUST NOW RECORD SATISFACTION OF THE DISGORGEMENT COMPONENT PRIOR TO RENDERING ANY DECISION AND ORDER AUTHORIZING PLAINTIFF TO RESUME JUDGMENT ENFORCEMENT ACTIVITIES.**

During the course of SEC's investigation and Civil Lawsuit identified Defendant's alleged net profits as residing in his capital account interests in the AJW Funds ("the money") and required Defendant to convey all rights, title, and interest in those assets at execution of the Consent Judgment on August 21, 2013. That conveyance transferred the entirety of the identified pool of alleged gains for the benefit of investors.

Those assets were subsequently administered, liquidated, and distributed. At the Chapter 11 hearing on March 26, 2026, the SEC acknowledged on the record that the AJW funds were liquidated and that the liquidator of the funds had distributed the proceeds to investors. (See Exhibit A at p 22, Line 8-15 (Schrage). The SEC had previously identified Defendant's capital account interests as the source of the alleged gains, and those interests were conveyed at execution. The distributions made to investors were drawn from that same pool of value. The liquidation process was completed on December 31, 2024, when

the liquidator of the AJW funds made their final distribution, fully reducing those assets to cash and distributing them to investors.

The assets that the SEC identified as the source of alleged net profits were therefore conveyed, liquidated, and distributed for the precise purpose that disgorgement is intended to serve. At the time of the Consent Judgment, the SEC identified Defendant's capital account interests in the AJW funds as the repository of the alleged ill-gotten gains and required Defendant to convey all rights, title, and interest in those assets on August 21, 2013. The value of those assets exceeded the disgorgement component of the Judgment, and upon conveyance Defendant relinquished all control over those assets and any resulting proceeds. From that point forward, the disposition of those assets—including their liquidation and distribution— was no longer within Defendant's control but was instead determined by the SEC and the liquidator of the AJW funds. Those assets were ultimately liquidated by the liquidator and, as of December 31, 2024, fully distributed to investors.

Disgorgement is limited to the return of ill-gotten gains and is not a forward-looking obligation. *Liu v. SEC*, 591 U.S. 71 (2020). It does not permit collection from unrelated or future income, nor does it extend to assets that are not the defendant's. The SEC cannot use the disgorgement component of the Judgment to pursue Defendant's post-judgment earnings or, in particular, the independent earnings of Defendant's spouse, which are neither Defendant's property nor the identified gains at issue. The only gains identified by the SEC were those contained in the AJW capital accounts, and those gains were conveyed in 2013 and fully distributed to investors by December 31, 2024. Having required that conveyance and having overseen the ultimate distribution of those assets, there are no remaining ill-gotten gains to be returned, and the disgorgement obligation has been satisfied.

Disgorgement is limited to net profits and must be for the benefit of investors. Liu v. SEC, 591 U.S. 71 (2020). It is not a forward-looking obligation requiring a defendant to generate new funds, but a remedy tied to the return of identified gains. Where those gains have been conveyed and distributed, the disgorgement objective has been fulfilled.

The SEC cannot now enforce the disgorgement component of the Judgment as though no value was ever transferred. Enforcement must reflect the reality that the identified assets were conveyed at execution and fully distributed to investors.

**POINT II - THAT ON AUGUST 21, 2013 DEFENDANT EXPRESSLY CONVEYED TITLE OF HIS OWNERSHIP INTERESTS AND ALL CLAIMS ARISING THEREFROM IN HIS AJW FUNDS CAPITAL ACCOUNTS TO PLAINTIFF, RESULTING IN PLAINTIFF OBTAINING EXCLUSIVE CONTROL OF DEFENDANT'S FUTURE INTERESTS AND/OR CLAIMS TO ALL OF THE MONEY DEFENDANT HAD IN SAID ACCOUNTS INCLUDING BUT NOT LIMITED TO MONEY PLAINTIFF HAD IDENTIFIED AS DEFENDANT'S "ILL-GOTTEN GAINS" DEFENDANT ACQUIRED RESULTING FROM FUND MANAGEMENT FEES FUND INVESTORS PAID TO DEFENDANT AND FOR WHICH PLAINTIFF OBTAINED A JUDGMENT AGAINST DEFENDANT FOR DISGORGEMENT OF $12.5 MILLION.**

That at the time defendant conveyed his interests to plaintiff in the subject matter capital accounts, the amount of money in those accounts far exceeded plaintiff's $12.5 Million disgorgement judgment entered in favor of plaintiff. The conveyance was in and of itself bargained for consideration paid by defendant to

plaintiff towards plaintiff's judgment which the record indicates plaintiff's then staff counsel only sought entry of Money Judgment against defendant for the remaining $1 Million (See Exhibit B plaintiff's Judgment Entered by Nassau County Clerk submitted by John Graubart, Esq., attorney for plaintiff, dated May 2, 2014). This clearly evidences the fact that plaintiff was well aware that defendant had at the time of execution of the consent judgment had provided plaintiff a pool of money with value greater than the $12.5 million disgorgement figure itself. Now plaintiff's counsel has since 2019 dismissed defendant's payment as having never occurred and appears to believe that defendant is required to pay those monies again to plaintiff as if same were never paid to plaintiff. This simply cannot be so.

Under governing law, disgorgement may not exceed net profits. Liu, 591 U.S. at 71. Where the identified assets exceed the alleged gains and are conveyed and applied for the benefit of investors, enforcement beyond that value is impermissible.

The SEC cannot both identify a specific pool of assets as the source of alleged gains and then disregard the value of those assets since they were conveyed and now have been distributed to the investors by the liquidator. To do so would result in a recovery untethered from net profits and inconsistent with the limitations imposed by Liu.

**POINT III - THE BARGAINED FOR CONSIDERATION AND TERMS FOR THE PARTIES PERFORMANCE OF THEIR RESPECTIVE OBLIGATIONS MUST NOT BE SELECTIVELY ENFORCED BASED UPON THE CURRENT NARRATIVE AND SPECULATION OF PLAINTIFF'S CURRENT STAFF COUNSEL, BUT RATHER ONLY THE TERMS EXPRESSLY DEFINED THEREIN MAY BE ENFORCED, UNLESS THE COURT RENDERS A MODIFICATION TO THE FINAL JUDGMENT.**

The Consent Judgment is not a unilateral contract, but rather same sets forth mutual obligations for the parties to perform and provided for entry of a money judgment in favor of plaintiff and the mechanism for defendant to pay money towards that judgment via conveyance of all present and future interests to plaintiff that defendant held in his capital accounts. Once again, this money, herein throughout sometimes referred to as "the capital account interests" was the specific money that plaintiff identified as defendant's "ill-gotten gain." Since 2019, current SEC staff counsel seeks to enforce the money judgment obtained, and for whatever reason unknown to defendant, since 2019 current SEC staff counsel refuses to properly credit defendant for those monies paid via conveyance on August 21, 2013.

At the time the Judgment was entered, the SEC knew that Defendant's capital account interests constituted the entirety of his net worth and the only available source of value. That is precisely why the conveyance was required. The Judgment reflects that reality.

The SEC's current position—treating the conveyance as having no bearing on the disgorgement obligation while enforcing the full monetary amount—cannot be reconciled with the structure of the Judgment or the record. The Court must enforce the Judgment as a whole, not selectively.

**POINT IV -PLAINTIFF'S ENFORCEMENT FAILS TO REFLECT THE REALITY THAT THE DEFENDANT SATISFIED A SIGNIFICANT AMOUNT, IF NOT THE BULK OF PLAINTIFF'S JUDGMENT UPON EXECUTION OF THE CONSENT AGREEMENT AND THE TERMS THEREIN PROVIDING FOR CONVEYANCE OF DEFENDANT'S MONEY TO PLAINTIFF.**

This case does not involve undiscovered assets, hidden funds, or a failure to comply with discovery. The SEC identified the relevant value, required its conveyance, and that value has now been fully liquidated and the funds' liquidator has distributed all proceeds to investors as of December 31, 2024. If defendant had not conveyed all rights, title, and interest in that money defendant like other investors in the AJW Funds would have received that money from the liquidator of the AJW Funds on December 31, 2024. Defendant did not receive any of that money as that money was distributed by the liquidator in accordance with the consent signed by defendant who conveyed  Since defendant conveyed the money to plaintiff on August 21, 2013, defendant has provided to current staff counsel of plaintiff all documents and statements defendant has received from the liquidator of the AJW Funds in discovery. Said statements and tax forms are pertaining to the money in the funds that defendant conveyed to plaintiff pursuant to the express terms of conveyance on August 21, 2013, which was returning the ill-gotten gains to investors.

The Court should not authorize the SEC to proceed one step further with judgment enforcement activities without resolving these critical issues concerning the money. The court should not give any credence to plaintiff's arguments raised in opposition of defendant's instant cross motion application seeking enforcement of the terms of the parties consent judgment agreement, because (i) Plaintiff's current staff counsel was not a party to the negotiation of the 2013 agreement and has no personal knowledge of and concerning the negotiation and drafting of the terms set forth in that agreement. Further plaintiff's counsel has now refused to acknowledge value plaintiff has received, misrepresented and/or completely omitted these highly relevant facts concerning the amount of money defendant actually owes towards plaintiff's judgment in all Court proceedings held since 2019 heretofore. This has resulted in a defendant enduring grave injustice and requires that the court exercise equity to repair and restore balance for the injustice defendant continues to sustain where the United States as a judgment creditor received monumental consideration from defendant and continues to utilize judgment enforcement for money that has already been paid. Moreover, plaintiff's counsel's current argument is based upon a premise that conflicts with relevant US Supreme Court precedent in Liu, in that plaintiff is not disgorging defendant of any ill gotten gain, but rather plaintiff now seems to argue that defendant's current earnings and/or his current wife's earnings should be used to pay the disgorgement component of plaintiff's judgment—and that is a complete deviation and departure from the precedent set forth in Liu, which is binding on this and every other Court in this Country. Plaintiff continues to misrepresent to this and every other court that defendant has paid nothing toward this judgment and continues to insist that defendant has hidden assets or that additional assets exist based upon a narrative of speculation, all the while pretending that defendant's fully identified actual assets were never conveyed to plaintiff and the $12.5 Million disgorgement was not ever and still remains unsatisfied, even now after the identified funds have been fully distributed to the investors by PWC, the AJW Funds liquidator. I repeat with emphasis added the defendant's money has now been distributed and paid to the investors by the funds' liquidator on or before December 31, 2024. Disgorgement is by definition the payment of money to the funds investors that plaintiff SEC identified were this defendant's ill-gotten gains. The SEC's efforts to enforce the entire Judgment without providing defendant credit for the value of consideration conveyed is at all times heretofore inconsistent with the legal meaning of disgorgement or the relevant applicable law pertaining to same. Plaintiff's current staff counsel is arguing the premise that the money conveyed on August 21, 2013, was never conveyed and said liquidated money did not exist nor was it distributed by the liquidator of the funds on December 31, 2024.

Wherefore, Defendant respectfully requests that the Court grant defendant's instant cross-motion application and render a decision and order in favor of defendant:

i. Denying plaintiff SEC's motion to resume unrestricted post-judgment enforcement proceedings for $14.5 Million until such time as the Court determines the actual amount of money that remains due and owed to by defendant as and for plaintiff's money judgment;

ii. Granting to defendant an order Directing plaintiff SEC account for money plaintiff obtained from defendant pursuant the express conveyance of title to plaintiff of defendant's AJW Fund capital accounts provided under Section VI of the parties' Consent Judgment executed by defendant on August 21, 2013;

iii. Rendering to defendant a declaratory judgment providing stating the true amount of money that defendant owes toward plaintiff's money judgment after crediting defendant for the value of money plaintiff received as consideration conveyed pursuant to Section VI of the parties agreement;

iv. Granting to defendant an order directing the SEC to provide the clerk of the EDNY Court a Satisfaction of Judgment to enter in the Court's judgment docket relieving the defendant from the burden of the dollar amounts satisfied;

v. Granting to defendant an order directing the SEC to provide the Clerk of the EDNY Court an updated FORM AO450 "separate document" delineating the current actual dollar figures of the subject matter $14.5 Million Money Judgment deducting the entire $12.5 Million of the disgorgement component and applying any further credit for the money plaintiff conveyed pursuant to Section VI of the parties' consent agreement and Final Order;

vi. Granting to defendant such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,
**/s./ Kevin Phillip Krupnick, Esq**
*Attorney for Defendant*
COREY S. RIBOTSKY
