SECURITIES AND EXCHANGE
COMMISSION,

                      **Plaintiff,**

              **-against-**

THE NIR GROUP, LLC;
COREY RIBOTSKY; and
DARYL DWORKIN

                    **Defendants.**

**11-cv-4723 (JMA) (AYS)**

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 72(a) OBJECTION TO THE COURT'S JUNE 1, 2026 ORDER

Plaintiff Securities and Exchange Commission ("SEC") respectfully opposes Defendant's Objection to Magistrate Judge Shields' June 1, 2026 Order ("June 1 Order"). (Dkt. 182.) For the reasons discussed below, the SEC respectfully requests that the objection be denied.

## PRELIMINARY STATEMENT

Corey Ribotsky consented to a $14,500,000 Final Judgment in 2013. Ribotsky has not paid the amounts ordered in the Final Judgment. For the past five years, he has pursued a theory in bankruptcy court and district court—that his relinquishment of AJW Fund capital accounts under Section VI of the Consent Judgment satisfies or reduces the monetary obligation under Section V. Every time a court considered that argument the court rejected it: Judge Azrack rejected it on the merits in March 2022; the bankruptcy court rejected it after an evidentiary hearing in January 2025; and Judge Azrack affirmed that ruling in March 2026.

1

On June 1, 2026, Magistrate Judge Shields denied Ribotsky's latest iteration of the same argument—a cross-motion styled as a discovery filing—for the reasons stated in the March 2022 Order. Ribotsky now asks this Court to vacate that ruling.

The Court should decline. The law of the case forecloses relitigation of an argument this Court has already decided twice. Collateral estoppel provides an independent bar. And even on the merits, the Consent Judgment's plain text controls: Section V and Section VI impose independent obligations, and nothing in the Final Judgment links performance of one to satisfaction of the other. Ribotsky agreed to that structure in 2013. He cannot rewrite it now.

## BACKGROUND

### A.    Consent Judgment

On November 13, 2013, the Court entered a Final Judgment against Ribotsky on consent. (Dkt. 90.) Part V of the Final Judgment ordered Ribotsky to pay $14,500,000—$12,500,000 in disgorgement, $1,000,000 in prejudgment interest, and a $1,000,000 civil penalty. (*Id.* at V.) Part VI required Ribotsky to relinquish all rights, claims, interests and title to: (i) any capital accounts in the AJW Funds; (ii) any AJW Fund assets, including bank accounts, investments or loans; (iii) any outstanding or unpaid management, incentive, or performance fees owed to Ribotsky; and (iv) any tax refunds Ribotsky or any his affiliates could receive in connection with AJW Fund capital accounts. (*Id.* at VI.) The Final Judgment contains no offset, credit, or reduction provision. (*Id.*) Ribotsky has not paid the SEC what he owes.

### B.    Ribotsky's 2021 Rule 60(b) Motion and Its Denial

On June 7, 2021, Ribotsky filed a pre-motion conference letter seeking to vacate the Consent Judgment, declare it satisfied, and enjoin the SEC's collection efforts. (Dkt. 114.) Among the relief he sought was "[a] declaratory judgment ruling the Consent Judgment has been

satisfied pursuant to Fed. R. Civ. P. 60(b)(5)." (*Id.* at 1.) In support, Ribotsky argued that he had forfeited his AJW capital accounts, that those accounts represented his ill-gotten gains, and that "[t]he Consent Judgment's amount was never to be calculated as the amount of the value of Ribotsky's capital accounts in AJW plus an additional $14,500,000 from Ribotsky." (*Id.* at 3.) In other words, Ribotsky argued that the relinquishment of the AJW Funds should offset—or satisfy—the $14,500,000 monetary judgment.

The Court construed the letter as a Rule 60(b) motion and the SEC's response as its opposition. (Dkt. 120 at 1-2.) On March 28, 2022, Judge Azrack denied the motion. (*Id.* at 10 ("March 28, 2022 Order").) The Court found the motion untimely—filed more than eight years after the Consent Judgment—and rejected each of Ribotsky's four substantive arguments on the merits, including his argument that the AJW Fund relinquishment satisfied the monetary judgment. (*Id.* at 4-10.)

**C.     The Bankruptcy Proceedings**

Following the denial of his Rule 60(b) motion, Ribotsky sought relief in bankruptcy court. On December 21, 2023, the bankruptcy court granted summary judgment for the SEC holding that the $1,000,000 penalty Ribotsky owed was non-dischargeable under section 523(a)(7) of the Bankruptcy Code. *See* Decision and Order, *In re Corey S. Ribotsky*, No. 25-bk-12094 (DSJ), Dkt. 57 (Bankr. E.D.N.Y. April 17, 2026) ("Bankruptcy Order"), at *5. On January 10, 2025, after an evidentiary hearing, the bankruptcy court held that the remaining $13,500,000 of the money judgment (representing the disgorgement of profits and pre-judgment interest) was also non-dischargeable. *Id.* On March 23, 2026, Judge Azrack affirmed the bankruptcy court's decision. *See Ribotsky v. SEC*, No. 25-cv-00349 (JMA) (E.D.N.Y. Mar 23, 2026), Dkt. 16 ("March 23, 2026 Order").

3

**D.    Ribotsky's April 2026 Cross-Motion**

On April 30, 2026, in response to the SEC's pending motion to compel discovery in this action, Ribotsky filed a discovery cross-motion seeking a "declaratory judgment providing the amount defendant owes to plaintiff after providing defendant credit for the value of consideration conveyed to plaintiff." (Dkt. 177.)   The motion did not acknowledge that the Court had already denied the same relief in March 2022. (*Id.*) Ribotsky filed a reply in further support. (Dkt. 179.)

**E.    The June 1, 2026 Order**

On June 1, 2026, the Court held a conference on pending motions, including the SEC's motion to compel long-overdue discovery and Ribotsky's cross-motion for a declaratory judgment. The Court ordered the discovery the SEC sought and denied Ribotsky's cross-motion "for the reasons found in Docket Entry No. 120."   (6/1/26 Dkt. Order.)   Ribotsky now objects to that ruling under Rule 72(a).

**ARGUMENT**

The Court should deny Ribotsky's Rule 72(a) objection for three independent reasons. First, the June 1 Order correctly applied this Court's own March 28, 2022 ruling, which denied the identical offset argument on both timeliness and merits grounds. The law of the case forecloses relitigation. Second, collateral estoppel independently bars the argument. The bankruptcy court and Judge Azrack on appeal both treated the full $14,500,000 as the outstanding balance, necessarily rejecting any credit for the AJW Fund relinquishment. Third, even setting aside those threshold bars, Ribotsky cannot satisfy Rule 72(a)'s deferential standard. The June 1 Order is neither clearly erroneous nor contrary to law: the Final Judgment's plain text imposes a $14,500,000 money judgment with no offset provision, and the relinquishment required by Section VI was never a payment toward that judgment. Ribotsky's due process claim

4

fails as well. He had a full opportunity to be heard on a completely briefed record, and due process requires nothing more.

**I.      The Court Has Already Denied This Relief.**

The June 1 Order denied Ribotsky's cross-motion "for the reasons found in Docket Entry No. 120." (6/1/26 Dkt. Order.) "Docket Entry No. 120"— the March 28, 2022 Order—is a ten-page Memorandum and Order in which Judge Azrack considered and rejected, on both timeliness and merits grounds, the precise argument Ribotsky now advances for the third time: that his relinquishment of AJW Fund capital accounts under Section VI of the Final Judgment should offset or satisfy the $14,500,000 monetary obligation under Section V.

In June 2021, Ribotsky sought, among other relief, "[a] declaratory judgment ruling the Consent Judgment has been satisfied pursuant to Fed. R. Civ. P. 60(b)(5)." (Dkt. 114 at 1.) He argued that "the Consent Judgment's amount was never to be calculated as the amount of the value of Ribotsky's capital accounts in AJW plus an additional $14,500,000 from Ribotsky," and that the relinquishment of those accounts therefore satisfied the monetary judgment. (*Id*. at 3.) Judge Azrack denied that motion as untimely—filed more than eight years after the Consent Judgment—and rejected each of substantive arguments on the merits, including the offset and satisfaction theory. (Dkt. No. at 4-10.)

Ribotsky's April 30, 2026 cross-motion sought the same relief under a different label: "a declaratory judgment providing the amount defendant owes to plaintiff after providing defendant credit for the value of consideration conveyed to plaintiff." (Dkt. 177.) Recasting the request as a discovery cross-motion rather than a Rule 60(b) motion does not change what Ribotsky is asking for. The substance is the same—a judicial determination that the AJW Fund

relinquishment reduces the amount he owes. The magistrate judge recognized this and denied the motion for the reasons already stated in March 28, 2022 Order. That was correct.

Ribotsky's framing—that March 28, 2022 Order addressed only whether the judgment should be vacated, not the legal effect of the Section VI conveyance—is contradicted by the Order itself. Judge Azrack expressly addressed the relinquishment of the AJW capital accounts, quoted the Consent Judgment's Section VI language requiring Ribotsky to give up "all rights, claims, interests and title" to those accounts, and held that Ribotsky "explicitly agreed to the tax consequences he now complains of"—including the relinquishment—when he entered the Consent Judgment. (March 28, 2022 Order at 9.) The Court's conclusion that the relinquishment did not satisfy or reduce the monetary judgment was not incidental to March 28, 2022 Order; it was one of the four substantive arguments the Court considered and rejected on the merits. (*Id.* at 4-10.)

Under the law-of-the-case doctrine, a court should not reopen issues it has already decided absent "cogent" and "compelling" reasons—such as an intervening change in controlling law, new evidence, or a clear error that would work a manifest injustice. *See DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992). Ribotsky offers none of these. His Rule 72(a) objection does not cite the March 28, 2022 Order, does not acknowledge that Judge Azrack already considered and rejected the offset argument, and does not identify any change in law or fact since March 2022. (Dkt. 182.) An objection that ignores the prior ruling it must overcome cannot satisfy that standard.

Judge Azrack has now addressed Ribotsky's offset argument twice: in the March 28, 2022 Order and in her separate March 23, 2026 affirmance of the bankruptcy court's non-dischargeability ruling, which treated the full $14,500,000 as the outstanding balance. *See* March

23, 2026 Order (in matter No. 25-cv-00349). Asking this Court to vacate the June 1 Order and direct a third round of consideration is precisely what the law-of-the-case doctrine forecloses.

**II.     Collateral Estoppel Independently Bars Ribotsky's Offset Argument.**

Collateral estoppel provides an independent ground to deny Ribotsky's objection. The bankruptcy court and Judge Azrack on appeal both determined that Ribotsky owes the full $14,500,000. He cannot relitigate that determination here.

In the Second Circuit, collateral estoppel bars relitigation of an issue when: (1) the identical issue was raised in a prior proceeding; (2) the issue was actually litigated and decided; (3) the party against whom estoppel is asserted had a full and fair opportunity to litigate it; and (4) resolution of the issue was necessary to support a valid and final judgment on the merits. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002).

Each element is satisfied. The issue Ribotsky seeks to litigate here—whether his relinquishment of AJW Fund capital accounts under Section VI of the Final Judgment reduces the $14,500,000 he owes under Section V—was necessarily decided in the non-dischargeability proceeding. *See In re Corey S. Ribotsky*, No. 23-bk-70583-ast, Dkt. 52 (Bankr. E.D.N.Y. Dec. 21, 2023) & Dkt. 109 (Bankr. E.D.N.Y. Jan. 10, 2025). To hold that the full $14,500,000 was non-dischargeable under 11 U.S.C. § 523(a)(19), the bankruptcy court had to find that the full amount remained outstanding. A ruling that left open whether some unquantified credit could reduce the balance would not have resolved what Ribotsky actually owes. The bankruptcy court resolved it and then Judge Azrack affirmed.

Ribotsky had every opportunity to press his offset argument in those proceedings. He has litigated this case aggressively and at length, and nothing in the record suggests he was denied a full and fair opportunity to raise the credit theory before the bankruptcy court. The remaining

elements of collateral estoppel—identity of issue and a final judgment on the merits—are satisfied on the face of the record.

Two courts have now treated the full $14,500,000 as the amount Ribotsky owes. Ribotsky cannot obtain in this proceeding the reduction he failed to obtain in either of those.

**III.      The June 1 Order in Neither Clearly Erroneous Nor Contrary to Law.**

Rule 72(a) permits a district court to modify or set aside a magistrate judge's nondispositive order only if it is "clearly erroneous or contrary to law." That standard is "highly deferential." *New Falls Corp. v. Soni*, No. 18-cv-2768, 2021 WL 878742, at *2 (E.D.N.Y. Mar. 8, 2021). An order that correctly applies this Court's own four-year-old ruling is neither.

The June 1 Order cited Docket Entry 120 and denied Ribotsky's cross-motion for the reasons stated there.   That was the right result, and it was the only result consistent with the Final Judgment's plain text.

Consent judgments are interpreted according to their plain terms. *See King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (noting that the "explicit language of the decree is given great weight") (internal citations omitted). The Final Judgment is unambiguous. Section V imposes a money judgment: "The Commission shall have Judgment against Defendant in the amount of $14,500,000." (DE 90, § V.) It contains no offset, credit, or reduction provision. Section VI, by contrast, is a separate and independent relinquishment obligation requiring Ribotsky to give up any claims to AJW Fund capital accounts and related assets. (*Id.* § VI.) The two provisions serve distinct purposes and are drafted as independent obligations.

Ribotsky's argument asks this Court to read into the Final Judgment an offset provision that was not included, never agreed to, and never ordered. That argument is properly rejected.

8

Even setting aside the plain text, Ribotsky's attempt to characterize his "relinquishment" under Section VI of the Final Judgment as a "payment" to the SEC is untenable. That section did not require Ribotsky to transfer cash or liquid assets to the SEC to satisfy the money judgment. It required him to relinquish any *claims* he held to AJW Fund assets. Giving up a claim is not payment to the SEC.

Ribotsky's claim that the SEC has "never accounted for" these assets (Dkt. 177 at 2) does not advance his position. The SEC owes no such accounting. The relinquishment obligation and the money obligation are separate. Satisfying one does not reduce the other.

## IV. Ribotsky's Due Process Argument Fails.

Ribotsky's due process argument rests on two premises. Neither has merit. First, Ribotsky argues that Magistrate Judge Shields allowed SEC counsel to argue against the cross-motion at the June 1 conference, then ruled without giving defense counsel a word. This does not establish a constitutional violation. Ribotsky filed a cross-motion (Dkt. 177) and a reply brief (Dkt. 179) before the conference. The magistrate judge had a fully briefed record. Due process requires notice and an opportunity to be heard—it does not guarantee oral argument. *Palladino v. JPMorgan Chase & Co.*, 807 F. Supp. 3d 163, 177 (E.D.N.Y. 2025). Ribotsky had both.

Second, Ribotsky appears to suggest that he has some interest in a credit or offset against the $14,500,000 judgment as to which he was denied process. This is incorrect. The Final Judgment contains no such provision, and a party holds no protected property interest in relief a judgment does not provide. His claimed interest also lacks any substantiated value: he cited $35,000,000 in 2021 (Dkt. 114 at 2) and $20,000,000 in 2026 (Dkt. 177 at 2), with no supporting evidence either time. An interest of unsubstantiated and shifting value is not cognizable for due process purposes.

**CONCLUSION**

For the foregoing reasons, the SEC respectfully requests that the Court deny Ribotsky's appeal of the Court's June 1, 2026 Order.

Dated:  New York, New York
     June 28, 2026

        s/*Maureen Peyton King*
        Maureen Peyton King
        Senior Trial Counsel
        Securities and Exchange Commission
        New York Regional Office
        200 Vesey Street, Suite 400
        New York, New York 10281-1022
        Tel.: 212-336-0111
        E-mail:kingmp@sec.gov